**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS LLC, | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO: _____ |
| MC BRANDS, LLC; and GREEN THUMB INDUSTRIES, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## <u>COMPLAINT</u>

Plaintiffs Edible IP, LLC and Edible Arrangements LLC (collectively, "Edible") file this Complaint for damages, a permanent injunction, and other relief against MC Brands, LLC and Green Thumb Industries, Inc. ("Defendants") and state as follows:

### NATURE OF THE ACTION

1.       This is a civil action against Defendants for federal and state trademark and service mark infringement; federal unfair competition; Illinois common law unfair competition; and Illinois statutory deceptive trade practices arising out of Defendants' infringement and other wrongdoing with respect to Edible's federally registered EDIBLE mark and EDIBLE-formative trademarks and service marks, which Edible has extensively and continuously used nationwide and before Defendants to identify Edible's fruit, confection, and other food and gift-related goods and services throughout the United States prior to Defendants' conduct complained of herein.

2. Thereafter, and junior to Edible's first trademark and service mark use in commerce, Defendants began and continue to use the virtually identical mark "INCREDIBLES" (the "INCREDIBLES Name" or the "Infringing Mark") to promote and offer confection and fruit-related products and services.

3. This Complaint is brought pursuant to the trademark laws of the United States, Title 15, United States Code, as well as pursuant to the unfair competition and deceptive trade practices laws of the state of Illinois, and asserts claims for:

- federal trademark and service mark infringement in violation of Section 32 of the Lanham Act of 1946, 15 U.S.C. § 1114;

- federal unfair competition, false designation of origin, and palming off in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a);

- Illinois common law trademark and service mark infringement;

- Illinois common law unfair competition; and

- violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 (Count Six).

4. In bringing this lawsuit, Edible seeks a judgment of damages measured by an accounting of Defendants' profits (*i.e.*, the sales that Defendants have made) from its trademark infringement, unfair competition, and deceptive trade practices, plus any additional sum as the Court shall find to be just, which shall constitute compensation; three times any actual damages that Edible has sustained as a result of Defendants' unlawful actions; permanent injunctive relief to stop Defendants' illegal use and infringement of Edible's EDIBLE and EDIBLE-formative marks; punitive damages; reasonable attorney's fees; and costs.

**THE PARTIES**

5.     Plaintiff Edible IP, LLC is a Connecticut limited liability company whose member is Edible Brands, LLC, a Delaware Company.  Edible IP's principal place of business is in Fulton County, Georgia at 980 Hammond Drive, Atlanta, GA 30328.  Edible IP owns all of the trademarks, service marks, trade names, common law intellectual property, and other goodwill associated with the brand "EDIBLE."  As discussed in more detail below, Edible IP licenses this property to Edible Arrangements LLC and other entities that conduct business using the name EDIBLE.

6.     Plaintiff Edible Arrangements LLC is a Delaware limited liability company with a principal place of business at 980 Hammond Drive, Atlanta, Georgia 30328.

7.     On information and belief, Defendant MC Brands, LLC is a Colorado limited liability company with its principal place of business in the state of Colorado and offices located at 1150 W. Custer Place, Denver, CO 80223.

8.     On information and belief, Defendant Green Thumb Industries, Inc. is a British Columbia corporation with a principal place of business in the state of Illinois and offices located at 325 W Huron St #412, Chicago, IL 60654.

**JURISDICTION AND VENUE**

9.     This Court has original subject matter over Edible's claims as federal questions pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b).

10.     This Court has supplemental jurisdiction over the claims for trademark infringement, unfair competition, and deceptive trade practices that arise under the State of Illinois statutory and common law pursuant to 28 U.S.C. § 1367(a), because they are so related to

3

the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts under Article III of the United States Constitution.

11.     This Court has personal jurisdiction over Edible, LLC and Edible Arrangements LLC because, by virtue of their filing of this Complaint, they consent to this Court's jurisdiction.

12.     Defendants are subject to personal jurisdiction in this district under the Due Process Clause of the United States Constitution and the laws of the state of Illinois because Defendants have minimum contacts within the state of Illinois and the Northern District of Illinois pursuant to due process.  Defendant Green Thumb Industries, Inc. has a principal place of business in this District, and together with Defendant MC Brands, LLC, Defendants make the INCREDIBLES branded products at issue in this lawsuit available for sale in the state of Illinois and in the Northern District of Illinois.  Further, Edible's causes of action arise directly from Defendants' business contacts and other activities in the state of Illinois and in the Northern District of Illinois.  More specifically, Defendants directly offer, transact businesses, and advertise (including through the provision of web pages) their products and services in the state of Illinois and the Northern District of Illinois where residents can and, upon information and belief, do purchase Defendants' goods offered and distributed under the infringing mark "INCREDIBLES."  Thus, Defendants have committed trademark infringement, unfair competition, and deceptive trade practices in the state of Illinois and in the Northern District of Illinois.

13.     A representative screenshot of Defendants' websites, which reference their business in Illinois, are as follows:

4





14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Edible's claims occurred in this District, and/or 28 U.S.C. § 1391(b)(3) because Defendants are subject to this Court's personal jurisdiction with respect to such action.

## FACTUAL BACKGROUND

### Edible and Its Businesses

15.     Edible Arrangements LLC is the successful franchisor of stores offering, among a wide variety of other products, fresh cut fruit products.  It is well known for its artistically designed confectionary fresh fruit products evocative of floral designs, dipped fruit products like chocolate dipped strawberries, and other chocolate, snack, and baked goods.  These highly regarded products are available through an extensive network of franchises located throughout the United States and abroad, and through its website, its call center, the Internet, and a handful of affiliate-owned stores.

16.     Edible IP, LLC is the owner and licensor of, among other things, the various trademarks, service marks, trade dress, domain names, copyrights, and other intellectual property used and associated with the highly-successful, widely-recognized and distinctive "Edible" brand and business, as set forth in greater detail below.  Edible IP, LLC licenses these intellectual property assets to Edible Arrangements LLC for use and sublicensing through Edible Arrangements LLC's franchise system and websites.

17.     Tariq Farid founded Edible in what has become a famous American success story. Mr. Farid emigrated from Pakistan when he was twelve years old.  Beginning when he was only sixteen, Mr. Farid purchased his first flower shop.  Within several years he grew his business to four locations.

18.    Then came his entrepreneurial breakthrough: Mr. Farid developed a unique marketing program of providing floral arrangements made from fresh cut fruit instead of flowers. The fresh fruit is cut and sculpted to look like beautiful floral designs.

19.    In 1999, Mr. Farid opened the first "Edible Arrangements" store, through which he introduced his unique cut fruit products.

20.    The Edible brand and business grew enormously.  Two years after opening his first store, Mr. Farid introduced Edible franchises.  And only three years after launching the first franchise, *Entrepreneur Magazine* recognized Edible in the top 500 franchises in the United States.

21.    By 2006, there were 500 Edible franchises, and by 2011 there were 1,000.  By 2019, there were almost 1,200 Edible stores worldwide, with more than 1,100 stores located throughout the United States, including in the state of Illinois.

22.    As a part of its growth, Edible has expanded its product offerings beyond beautifully designed fruit and chocolate arrangements to include products such as dipped and coated fruit, chocolates, baked goods, smoothies, popcorn, and assorted gifts (stuffed animals, mugs, balloons, candles, etc.).

23.    Edible's success has been continuously recognized by the business media.  For example, Edible ranked 9th on the 2011 Forbes list of top "franchises to start"; was named one of the "Top 100 Internet Retailers" by Internet Retailer magazine; was 38th on Entrepreneur Magazine's 2017 Entrepreneur Franchise 500; and was ranked 3rd on Inc. Magazine's list of top food and beverage companies.  Most recently, the Franchise Times ranked Edible number 128 in the list of the "Top 200 Franchises."

24.     After over 20 years of substantial and uninterrupted use, combined with extensive advertising and promotion, the EDIBLE brand is distinctive and well known to the public.

25.     Edible's system-wide revenue is in the hundreds of millions of annually.  Edible's success is a direct result of its commitment to providing a consistently high-quality and beautifully designed product and services that consumers recognize as originating from Edible, as well as Edible's marketing and promotion of the EDIBLE marks and brand.

26.     Edible's franchisees share in the commitment to consistently deliver high-quality confectionary and other products that are instantly recognizable as an Edible product offered under the EDIBLE Marks and brand, and which are offered in brick and mortar stores and online through Edible's various domains including www.ediblearrangements.com and www.edible.com.

27.     Any consumer misperception or confusion as to the affiliation of Edible or its EDIBLE branded products and services with competitors or their products and services will irreparably damage Edible's valuable brand and goodwill, as well as that of the franchisees, who devote significant personal resources to running their shops.

### Edible's Intellectual Property Rights

28.     Edible's business is predicated on the high quality of its fruit, confection, and other food and gift-related goods and services and the trademarks and service marks that designate those goods and services.

29.     By marketing and promoting the "EDIBLE" brand identifiers aggressively in connection with its hugely popular products and services, Edible has created a stable of extremely well-known marks that the public uses to identify and distinguish Edible's goods and services in the marketplace.

30.     Edible first obtained a United States Trademark and Service Mark Registration for EDIBLE ARRANGEMENTS® (Reg. No. 2,356,362) in Class 29 on the Principal Register on June 6, 2000 with a first use and first use in commerce date of October 1998.  Edible has used that mark continuously and exclusively for over 20 years, long ago achieving incontestability pursuant to 15 U.S.C. § 1065.

31.     Edible also owns United States Trademark Registration No. 4,319,940 for EDIBLE® in Classes 29, 30, 32, and 35, having a date of first use of 1999.  The United States Patent and Trademark Office ("USPTO") registered the EDIBLE® mark on the Principal Register in 2012 pursuant to 15 U.S.C. § 1052(f).  The registration is now incontestable pursuant to 15 U.S.C. § 1065.

32.     Edible is also the owner of numerous other federal registrations on the Principal Register for EDIBLE (stand-alone) and EDIBLE-formative marks in which the USPTO has found that Edible acquired distinctiveness in the "EDIBLE" portion of the marks, including, but not limited to, Registration No. 5,614,310 for EDIBLE; Registration No. 5,513,739 for EDIBLE and Design; Registration Nos. 4,328,107, 3,844,160, and 2,934,715 for EDIBLE ARRANGEMENTS; and Registration No. 5,286,720 for EDIBLE ARRANGEMENTS and Design.

33.     The aforementioned Edible registrations (collectively, the "EDIBLE Marks") are summarized along with their dates of application, registration, first use, and incontestability status on the table immediately below:

| Mark/Type (an asterisk next to a mark indicates incontestability) | Application Date (F)/ Registration Date (R) | App. No./ Reg. No. | International Trademark Class/Date of First Use (1st U)/Date of First Use in Commerce (1st UC) |
|---|---|---|---|
| EDIBLE* [Trademark/Service Mark] | F: 04/10/2012 R: 04/16/2013 | RN: 4319940 SN: 85593869 | (Int'l Class: 29) 1st U: 01/01/1999 1st UIC: 01/01/1999 (Int'l Class: 30) 1st U: 01/01/1999 1st UIC: 01/01/1999 (Int'l Class: 32) 1st U: 04/01/2006 1st UIC: 04/01/2006 (Int'l Class: 35) 1st U: 01/01/1999 1st UIC: 01/01/1999 |
| EDIBLE [Trademark] | F: 11/17/2016 R: 11/27/2018 | RN: 5614310 SN: 87240682 | (Int'l Class: 29) 1st U: 00/00/2000 1st UIC: 00/00/2000 (Int'l Class: 30) 1st U: 00/00/2000 1st UIC: 00/00/2000 |
| EDIBLE and Design  [Trademark/Service Mark] | F: 12/19/2017 R: 07/10/2018 | RN: 5513739 SN: 87726591 | (Int'l Class: 29) 1st U: 11/00/2017 1st UIC: 11/00/2017 (Int'l Class: 30) 1st U: 11/00/2017 1st UIC: 11/00/2017 (Int'l Class: 35) 1st U: 11/00/2017 1st UIC: 11/00/2017 |

| Mark/Type (an asterisk next to a mark indicates incontestability) | Application Date (F)/ Registration Date (R) | App. No./ Reg. No. | International Trademark Class/Date of First Use (1st U)/Date of First Use in Commerce (1st UC) |
|---|---|---|---|
| EDIBLE ARRANGEMENTS*<br><br>[Trademark] | F: 09/07/2012<br>R: 04/30/2013 | RN: 4328107<br>SN: 85723499 | (Int'l Class: 21)<br>1st U: 01/01/2007<br>1st UIC: 01/01/2007<br><br>(Int'l Class: 28)<br>1st U: 01/01/2007<br>1st UIC: 01/01/2007 |
| EDIBLE ARRANGEMENTS*<br><br>[Trademark/Service Mark] | F: 10/29/2009<br>R: 09/07/2010 | RN: 3844160<br>SN: 77860061 | (Int'l Class: 29)<br>1st U: 10/00/1998<br>1st UIC: 10/00/1998<br><br>(Int'l Class: 30)<br>1st U: 10/30/1998<br>1st UIC: 10/30/1998<br><br>(Int'l Class: 32)<br>1st U: 05/12/2005<br>1st UIC: 05/12/2005<br><br>(Int'l Class: 35)<br>1st U: 10/31/1998<br>1st UIC: 10/31/1998 |
| EDIBLE ARRANGEMENTS*<br><br>[Trademark] | F: 05/13/2003<br>R: 03/22/2005 | RN: 2934715<br>SN: 78249281 | (Int'l Class: 31)<br>1st U: 10/31/1998<br>1st UIC: 10/31/1998 |
| EDIBLE ARRANGEMENTS and Design<br><br><br><br>[Trademark/Service Mark] | F: 04/21/2015<br>R: 09/12/2017 | RN: 5286720<br>SN: 86605003 | (Int'l Class: 29)<br>1st U: 01/00/2016<br>1st UIC: 01/00/2016<br><br>(Int'l Class: 30)<br>1st U: 01/00/2016<br>1st UIC: 01/00/2016<br><br>(Int'l Class: 32)<br>1st U: 01/00/2016 |

| Mark/Type (an asterisk next to a mark indicates incontestability) | Application Date (F)/ Registration Date (R) | App. No./ Reg. No. | International Trademark Class/Date of First Use (1st U)/Date of First Use in Commerce (1st UC) |
|---|---|---|---|
| | | | 1st UIC: 01/00/2016 (Int'l Class: 35) 1st U: 01/00/2016 1st UIC: 01/00/2016 |

34.     Each of the registrations for the EDIBLE Marks are enforceable, valid, unrevoked, and subsisting.

35.     In addition, of the registrations pleaded in the table in paragraph 33 above, those that are highlighted with an asterisk have been in consistent use for five or more consecutive years since registration are "incontestable" under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and therefore constitute conclusive evidence of (i) the registration of the marks; (ii) the validity of the marks; (iii) Edible's ownership of the marks; and (iv) Edible's exclusive right to use the marks in commerce in connection with the identified services, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

36.     Furthermore, an incontestable mark may not be challenged as merely descriptive. 15 U.S.C. §§ 1065, 1115(b).

37.     Edible also owns nationwide common law rights to the EDIBLE Marks based on the continuous and extensive bona fide use of the marks by Edible in interstate commerce throughout the United States to promote Edible's goods and services over the past twenty years.

38.     Edible has continuously used, advertised, and promoted the EDIBLE Marks throughout the United States and world for many years in connection with genuine Edible goods and services.

39.     Over the last twenty years, Edible has spent millions of dollars and has expended significant effort in promoting genuine Edible goods and services under the EDIBLE Marks.

40.     Edible actively enforces its rights in the EDIBLE Marks against third parties.

41.     The EDIBLE Marks serve as the banner of quality that identify and distinguish Edible's goods and services from those of others in the marketplace and indicate the source of Edible's products and services.

42.     The EDIBLE Marks are widely recognized by the general consuming public as identifying Edible and its products and services.

43.     The USPTO has found that Edible has proven that EDIBLE has acquired secondary meaning pursuant to Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f).

44.     Edible's branding is widely suffused with references to and displays of these well-known marks.

45.     The EDIBLE Marks are used to reinforce consumer perception that all the goods and services through Edible and its franchisees' stores emanate from Edible.

46.     The cumulative effect of this comprehensive promotion of the EDIBLE Marks is that consumers—whether purchasers, shoppers, recipients, or even viewers of advertising or refrigerated delivery vehicles—are constantly informed that the EDIBLE Marks designate the source of the Edible products and services that circulate regularly throughout United States commerce.

47.     By virtue of this extensive usage in connection with so many highly-regarded products and services, the EDIBLE Marks have become widely known to the general consuming public of the United States, has acquired significant secondary meaning, and represent goodwill of enormous value to Edible.

48.     In addition to the previously mentioned registrations, Edible is the owner of numerous pending U.S. trademark and service mark applications for EDIBLE and EDIBLE-formative marks, including, but not limited to

  a.    Application Serial No. 87113430 for EDIBLE SIGNATURE CHOCOLATE (filed July 22, 2016);

  b.    Application Serial No. 87188299 for EDIBLE GOURMET (filed September 29, 2016) relating to fruit-based products, confections and gifts;

  c.    Application Serial No. 87726646 (filed December 19, 2017) for the EDIBLE and Logo Mark relating to, *inter alia*, cookies, bakery goods, brownies, desserts, stationery, fruit-based snack foods, and on-line and retail store services in the field of food gift products;

  d.    Application Serial No. 87833917 for EDIBLE TREATS (filed March 14, 2018) relating to products including chocolates, confections, candy, fruit, and baked goods; and

  e.    Application Serial No. 88550549 for EDIBLE (filed July 30, 2019) relating to products including gummy candies, mints, candy, confections, and chocolate.

49.     Edible also owns United States Trademark Registration No. 5,950,393 for INCREDIBLE EDIBLE in Class 29, with a filing date of October 9, 2015 (the "INCREDIBLE EDIBLE Mark").

50.     In addition to the INCREDIBLE EDIBLE Mark registration, Edible is the owner of numerous pending U.S. trademark and service mark applications for INCREDIBLE EDIBLE(S) and INCREDIBLE-formative marks, including, but not limited to:

      a.      Application Serial No. 86782900 for INCREDIBLE (filed October 9, 2015) in Class 29; and

      b.      Application Serial No. 86503512 for INCREDIBLE EDIBLES (filed January 14, 2015) in Class 29.

51.     Edible believes and alleges that Defendants have infringed on Edible's trademarks, engaged in unfair competition, and committed deceptive trade practices for each of the marks asserted in this litigation against Defendants, namely, the EDIBLE Marks and INCREDIBLE EDIBLE Mark.

### Defendants and the INCREDIBLES Brand

52.     On information and belief, Defendant MC Brands, LLC is an intellectual property holding company that purports to own the brand name INCREDIBLES, under which Defendants, in conjunction with various licensees and manufacturers, distribute cannabis products.

53.     On information and belief, Defendant Green Thumb Industries, Inc., a Chicago-based national cannabis consumer packaged goods company and retailer, is Defendant MC Brands LLC's parent company.

54.     According to the INCREDIBLES brand website <www.iloveincredibles.com>, Defendants offer chocolates, gummies, and other candy products that contain cannabis; namely, the psychoactive constituent tetrahydrocannabinol, commonly referred to as "THC."

55.     The Controlled Substances Act ("CSA") makes it unlawful under federal law to manufacture, distribute, dispense, or possess a controlled substance, of which cannabis is one.

56.     Regardless of state law, federal law provides no exception to the above-referenced provisions for cannabis intended for "medical use."

57.     In order to establish trademark priority rights, a mark must be used in lawful commerce.

58.    At least because Defendants purport to use the INCREDIBLES name to identify cannabis products, Defendants have not made actual use in commerce of the INCREDIBLES name to establish trademark ownership priority over Edible under the Lanham Act and has no trademark rights.  Defendants' use of INCREDIBLES also began well after Edible's use of the EDIBLE and EDIBLE ARRANGEMENTS Marks.

59.    Defendants do not currently own and have never owned a federal trademark registration for INCREDIBLES.

60.    Defendants' use of the INCREDIBLES name is strikingly similar to Edible's EDIBLE Marks.  Representative side-by-side images of the parties' stylized logo treatments are as follows:



61.    As shown above, Defendants' INCREDIBLES logo, in lower case with uniform spacing between the letters and a bold primary color to emphasize the "edible" component of the name, is confusingly similar to Edible's EDIBLE logo.

62.     Even with respect to the EDIBLE ARRANGEMENTS Mark, the primary emphasis and strongest visual impression is the EDIBLE component, which Edible has, for over 20 years, styled in a significantly larger font than the ARRANGEMENTS component, contributing to a likelihood of confusion between the EDIBLE ARRANGEMENTS Mark and Defendants' INCREDIBLES name.

63.     Defendants' INCREDIBLES name is also wholly inclusive of Edible's EDIBLE Mark and the primary component of the EDIBLE ARRANGEMENTS Mark, furthering the likelihood of confusion between them.

64.     Defendants' INCREDIBLES name is also an immaterially rearranged/combined, nearly identical mark to Edible's INCREDIBLE EDIBLE Mark, including the INCREDIBLE EDIBLE Mark in its entirety, further creating a likelihood of confusion between the two.

65.     To the extent Defendants' INCREDIBLES name can be said to include the "plural" of the EDIBLE and INCREDIBLE EDIBLE Marks, legally, the plural of a trademark is materially indistinguishable from the singular such that it does not reduce the likelihood of confusion between the parties' marks.

66.     Defendants' goods sold in connection with the INCREDIBLES name are also strongly related to and overlapping Edible's goods sold in connection with the EDIBLE and INCREDIBLE EDIBLE Marks.

67.     For example, Edible has used the EDIBLE and INCREDIBLE EDIBLE Marks to sell chocolate and fruit products, including its signature chocolate-dipped strawberries. Defendants use the INCREDIBLES name to sell chocolate and fruit products, including a "chocolatey strawberries" product, among other fruit-related products that reference green

apples, peaches, and watermelons, cherries, etc., some of which are also regularly included in Edible's products.

68.     To the extent Defendants' products sold in connection with the INCREDIBLES name are cannabis-related, that fact does not negate the likelihood of confusion, including at least because cannabis-related products are within the zone of Edible's natural expansion, as evidenced by Edible's expansion in-fact to sell Cannabidiol ("CBD") products in EDIBLE retail locations.

69.     CBD is a non-psychoactive concentrated liquid extract of "hemp", which is any part or derivative of the Cannabis sativa L. plant containing less than 0.3 percent THC by weight. The 2018 Farm Bill federal legislation legalized hemp and removed its Drug Enforcement Administration ("DEA") Schedule I controlled substance designation.

### COUNT ONE
### Infringement of the Federally Registered
### Asserted EDIBLE Trademarks and Service Marks
### (Pursuant to 15 U.S.C. § 1114(1)(a))

70.     Edible re-alleges and incorporates the preceding paragraphs 1 to 69.

71.     Edible owns each of the EDIBLE and INCREDIBLE EDIBLE Marks identified above in paragraphs 32 and 49 that are covered by registrations on the Principal Register of the U.S. Patent and Trademark Office and are entitled to protection.

72.     Edible is the senior user of the EDIBLE and INCREDIBLE EDIBLE Marks as compared to Defendants' unapproved, federally illegal use of the INCREDIBLES name.

73.     By virtue of Edible's federally registered EDIBLE and INCREDIBLE EDIBLE Marks, Edible enjoys constructive nationwide priority in those marks and is presumed to have started using the marks as of their respective filing dates, which are set forth in paragraphs 32 and 49 above.

74. Because Edible owns a federal registration in each of the EDIBLE and INCREDIBLE EDIBLE Marks, Defendants are deemed to have knowledge of the registration and of the rights claimed in the registration, and because of this constructive notice, Defendants cannot claim that they adopted and/or have used the infringing INCREDIBLES name without knowledge of the EDIBLE and INCREDIBLE EDIBLE Marks.

75. Despite Edible's well-known prior rights in the EDIBLE Marks and use and registration of the INCREDIBLE EDIBLE Mark, Defendants have, without Edible's authorization or consent, used and continues to use in the United States and this judicial district, Edible's federally-registered EDIBLE and INCREDIBLE EDIBLE Marks, or reproductions, copies, and colorable imitations thereof, in connection with the sale, offering for sale, distribution, and/or advertising of Defendants' goods and services, including Defendants' use of the name INCREDIBLES in connection with the promotion and offer of confectionary fruit and chocolate goods or services that are closely-related to Edible's goods and within Edible's natural zone of related-goods expansion, in a manner that infringes upon the EDIBLE and INCREDIBLE EDIBLE Marks and is likely to cause confusion, mistake, and deception as to the source, affiliation, approval or sponsorship of the goods and services, leading the consuming public to believe that Defendants' goods and services, and the goods and services advertised and promoted by Defendants, are the goods and services of Edible, or are sourced or originate from, or are affiliated, approved, or sponsored by, or are in some way connected with Edible.

76. Defendants' actions constitute willful infringement of Edible's exclusive rights in the EDIBLE and INCREDIBLE EDIBLE Marks in violation of 15 U.S.C. § 1114.

77. Defendants' use of the EDIBLE and INCREDIBLE EDIBLE Marks, copies, reproductions, or colorable imitations thereof, has been and continues to be done with the intent

to cause confusion, mistake, and to deceive consumers concerning the source and/or sponsorship of Defendants' goods and services.

78.     Edible has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

79.     As a direct and proximate result of Defendants' previously alleged conduct, Edible and the public have suffered irreparable harm that is not remedied by money damages. Unless Defendants are permanently enjoined from further infringement of the EDIBLE and INCREDIBLE EDIBLE Marks, Edible will continue to be irreparably harmed.

80.     As a result of Defendants' acts, Edible has sustained actual damages to its business, marks, goodwill, and reputation proximately resulting from Defendants' wrongful acts and is entitled to recover three times the amount of its actual damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1117.

81.     In addition to Edible's actual damages, pursuant to 15 U.S.C. § 1117, Edible is also entitled to an award based on an accounting of Defendants' profits measured by Defendants' sales because Defendants' conduct was willful and deliberate, Defendants were unjustly enriched, and an award of Defendants' profits is necessary to deter Defendants' future conduct.

82.     As this is an exceptional case, Defendants' acts have been knowing, intentional, wanton, and willful, and Edible is further entitled to enhanced damages and reasonable attorney's fees incurred in this action pursuant to 15 U.S.C. § 1117.

83.     Pursuant to 15 U.S.C. § 1117, Edible is also entitled to its costs incurred in this action.

WHEREFORE, Edible demands judgment against Defendants as set forth in the Prayer for Relief.

## COUNT TWO
### Federal Unfair Competition and
### False Designation of Origin or Sponsorship
### (Pursuant to 15 U.S.C. § 1125(a))

84.     Edible re-alleges and incorporates the preceding paragraphs 1 to 69.

85.     Edible is the owner of all rights and title to, and has valid and protectable prior rights to the EDIBLE Marks.

86.     Edible is the senior user of the EDIBLE and INCREDIBLE EDIBLE Marks as compared to Defendants' unapproved, federally illegal use of the INCREDIBLES name.

87.     By virtue of Edible's federally registered EDIBLE and INCREDIBLE EDIBLE Marks, Edible enjoys constructive nationwide priority in those marks and is presumed to have started using the marks as of their respective filing dates, which are set forth in paragraphs 32 and 49 above.

88.     Because Edible owns a federal registration in each of the EDIBLE and INCREDIBLE EDIBLE Marks, Defendants are deemed to have knowledge of the registration and of the rights claimed in the registration, and because of this constructive notice, Defendants cannot claim that they adopted and/or have used the infringing INCREDIBLES name without knowledge of the EDIBLE and INCREDIBLE EDIBLE Marks.

89.     By its acts alleged previously, Defendants have engaged, and are engaged, in federal unfair competition, false designation of origin, and palming off to willfully misappropriate and trade off the goodwill associated with the EDIBLE and INCREDIBLE EDIBLE Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), causing irreparable injury to Edible and the public.

90.     Defendants have knowingly used, and continues to use, in U.S. commerce the asserted EDIBLE and INCREDIBLE EDIBLE Marks, or counterfeits, reproductions, copies, or

colorable imitations thereof, in connection with the confectionary goods that Defendants advertise, promote, and offer.

91.     Defendants' unauthorized use of the EDIBLE and INCREDIBLE EDIBLE Marks as alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants and Edible and/or Defendants' goods and services and Edible's goods and services.

92.     Further, Defendants' unauthorized use of the EDIBLE and INCREDIBLE EDIBLE Marks as alleged above is likely to cause such people to believe in error that Defendants' goods and services have been authorized, sponsored, approved, endorsed, or licenses by Edible or that Defendants are in some way affiliated with Edible.

93.     Edible has no adequate remedy at law that will compensate it for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

94.     As a direct and proximate result of Defendants' conduct, Edible has suffered irreparable harm to the valuable EDIBLE and INCREDIBLE EDIBLE Marks.  Unless Defendants are permanently restrained from further infringement of the EDIBLE and INCREDIBLE EDIBLE Marks, Edible will continue to be irreparably harmed.

95.     As a result of Defendants' acts, Edible has sustained actual damages to its business, marks, goodwill, and reputation proximately resulting from Defendants' wrongful acts and is entitled to recover three times the amount of its actual damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1117.

96.     In addition to Edible's actual damages, pursuant to 15 U.S.C. § 1117, Edible is also entitled to an award based on an accounting of Defendants' profits measured by Defendants'

sales because Defendants' conduct was willful and deliberate, Defendants were unjustly enriched, and an award of Defendants' profits is necessary to deter Defendants' future conduct.

97.     As this is an exceptional case, Defendants' acts have been knowing, intentional, wanton, and willful, and Edible is further entitled to enhanced damages and reasonable attorney's fees incurred in this action pursuant to 15 U.S.C. § 1117.

98.     Pursuant to 15 U.S.C. § 1117, Edible is also entitled to its costs incurred in this action.

WHEREFORE, Edible demands judgment against Defendants as set forth in the Prayer for Relief.

## COUNT THREE
## Illinois Common Law Trademark and Service Mark Infringement

99.     Edible realleges and incorporates the preceding paragraphs 1 to 69.

100.    This Court has original jurisdiction over this pendent claim pursuant to 28 U.S.C. § 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

101.    By its acts mentioned previously, Defendants have engaged, and are engaged, in common law trademark and service mark infringement of the EDIBLE and INCREDIBLE EDIBLE Marks under Illinois law through Defendants' promotion, advertising, and marketing, and offer of overlapping confectionary goods.

102.    Edible has suffered injury-in-fact and/or actual damages caused by Defendants' common law trademark infringement and service mark infringement.

103.    Edible seeks Defendants' ill-gotten gains measured by the profits of Defendants' wrongdoing.

104.    Edible also seeks reasonable attorney's fees and costs.

WHEREFORE, Edible demands judgment against Defendants as set forth in the Prayer for Relief.

### COUNT FOUR
### Illinois Common Law Unfair Competition

105.    Edible re-alleges and incorporates the preceding paragraphs 1 to 69.

106.    This Court has original jurisdiction over this pendent claim pursuant to 28 U.S.C. § 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

107.    By its acts aforesaid, Defendants have engaged, and are engaged, in common law unfair competition under Illinois law.

WHEREFORE, Edible demands judgment against Defendants as set forth in the Prayer for Relief.

### COUNT FIVE
### Violation of the Illinois Uniform Deceptive Trade Practices Act
### (815 ILCS § 510, *et seq.*)

108.    Edible re-alleges and incorporates the preceding paragraphs 1 to 69.

109.    This Court has original jurisdiction over this pendent claim pursuant to 28 U.S.C. § 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

110.    The Illinois Uniform Deceptive Trade Practices Act 815 ILCS § 510, *et seq.* prohibits deceptive trade practices, which include passing off goods or services as those of another, causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with another; and engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding among the public.

111.    Defendants, by their acts alleged previously, have engaged, and are engaging in deceptive trade practice in the course of their business by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; causing a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Edible; and engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding in violation of the Illinois Uniform Deceptive Trade Practices Act.

112.    The foregoing acts of Defendants constitute willful violations of the Illinois Uniform Deceptive Trade Practices Act.

113.    Edible has been damaged and is likely to be damaged further by Defendants' deceptive trade practices, has no adequate remedy at law, will continue to suffer irreparable harm due to Defendants' activities, and Edible is therefore entitled to the grant of a permanent injunction against Defendants under the principles of equity and on terms that the Court considers reasonable.

114.    Edible is entitled to its costs and a discretionary award of attorney's fees due to Defendants' willful engagement in trade practices knowing them to be deceptive.

WHEREFORE, Edible demands judgment against Defendants as set forth in the Prayer for Relief.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Edible demands a trial by jury on all claims and issues triable.

**PRAYER FOR RELIEF**

WHEREFORE, Edible prays:

A.      That the Court award Judgment in Edible's favor against Defendants on all counts of the Complaint, and that Edible receive all such relief, including, permanent injunctive, monetary, and other relief sought hereunder;

B.      That Edible be granted injunctive relief on Counts One through Five of the Complaint, under 15 U.S.C. § 1116(a) and 815 ILCS § 510, and Illinois common law, and that Defendants and those additional parties specified in Federal Rule of Civil Procedure 65(d) be permanently enjoined from continued infringement, unfair competition, and deceptive trade practices with respect to Edible's intellectual property rights, including the EDIBLE and INCREDIBLE EDIBLE Marks, by way of:

(a)      registering, marketing, offering, distributing any goods or services under or using as a trade name, trademark, service mark, Internet domain name, or portion thereof, any name or term that incorporates, imitates, or is confusingly similar to Edible's EDIBLE and INCREDIBLE EDIBLE Marks;

(b)      otherwise infringing upon Edible's EDIBLE and INCREDIBLE EDIBLE Marks or using any other trademarks or service marks that are confusingly similar to the EDIBLE Marks or making any unlawful use of the Edible Marks; and

(c)      otherwise unfairly competing with Edible or engaging in any false designation of origin, or palming off, false advertising, or in any deceptive trade practice, or otherwise trading off of Edible's reputation or goodwill, or injuring Edible's reputation or performing any act which is likely to lead members of the consuming public to believe

26

that any goods or services made, provided by, distributed, promoted, advertised, marketed, offered, offered for sale, or sold by Defendants is in any matter associated or connected with Edible or its franchisees, or is licensed, sponsored, approved, or authorized by Edible;

C.      For an order directing Defendants to file with this Court and serve upon Edible within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with, and will continue to comply with, the injunction and further orders of this Court, pursuant to 15 U.S.C. § 1116;

D.      For an award of three times Edible's actual damages in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), in an amount to be proved at trial;

E.      For an accounting of all profits realized by Defendants in the measure of its sales, to be enhanced for such additional sum as the Court shall find to be just, which shall constitute compensation, in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) in an amount to be proved at trial;

F.      For an award of punitive damages in an amount sufficient to punish Defendants and deter such willful misconduct in the future;

G.      For an award of reasonable attorney's fees and costs, on all counts of the Complaint, as this is an exceptional case and Defendants' purposeful wrongdoing and willful conduct warrant the recovery by Edible of such pursuant to 15 U.S.C. § 1117(a), 815 ILCS § 510, and Illinois common law;

H.      An award of prejudgment and post-judgment interest; and

I.      Such other and further relief as the Court deems proper.

This 30th day of September 2020.

Respectfully submitted,

By:  /s/ *Robert E. Browne, Jr.*
Robert E. Browne, Jr.
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
robert.browne@troutman.com
Tel: 312.759.1920

John M. Bowler
Lindsay M. Henner (*pro hac vice* to be filed)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
john.bowler@troutman.com
lindsay.henner@troutman.com
Tel: 404.885.3000

*Attorneys for Plaintiffs Edible IP, LLC and*
*Edible Arrangements LLC*