IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO: 1:20-cv-05840<br><br>JURY TRIAL DEMANDED |

## JOINT INITIAL STATUS REPORT

Plaintiffs Edible IP, LLC and Edible Arrangements LLC ("Plaintiffs") and Defendants MC Brands, LLC and Green Thumb Industries Inc. ("Defendants"), by and through their attorneys, respectfully submit this Joint Initial Status Report.

**1.**     **The Nature of the Case:**

    **A.**     **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

| For Plaintiffs: | For Defendants: |
|---|---|
| TROUTMAN PEPPER HAMILTON SANDERS, LLP | GREENBERG TRAURIG, LLP |
| John M. Bowler (Lead Trial Attorney)<br>Lindsay M. Henner (*pro hac vice* to be filed)<br>600 Peachtree Street NE, Suite 3000<br>Atlanta, GA 30308<br>Tel: 404.885.3000<br>john.bowler@troutman.com<br>lindsay.henner@troutman.com | Cameron Nelson (Lead Trial Attorney)<br>Eric J. Maiers<br>Michael R. Friedman<br>77 West Wacker Drive, Suite 3100<br>Chicago, Illinois 60601<br>(312) 456-6590<br>nelsonc@gtlaw.com<br>maierse@gtlaw.com<br>friedmanm@gtlaw.com |

Robert E. Browne, Jr.
227 W. Monroe Street, Suite 3900
Chicago, IL 60606
Tel: 312.759.1920
robert.browne@troutman.com

  **B.** **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

  This is an action for federal and state trademark infringement; federal unfair competition; Illinois common law unfair competition; and Illinois statutory deceptive trade practices pertaining to Plaintiffs' registered and common law EDIBLE and EDIBLE-formative trademarks and Defendants' use of the brand INCREDIBLES. Defendants deny liability under the foregoing claims and assert counterclaims seeking declaratory judgment that Plaintiffs' marks are invalid and not infringed and seeking cancellation of certain of Plaintiffs' asserted trademark registrations and applications.

  **C.** **Briefly identify the major legal and factual issues in the case.**

  The major legal and factual issues are:

1. Whether Defendants' conduct constitutes trademark infringement under federal and Illinois state law;

2. Whether Defendants' conduct constitutes unfair competition under federal and Illinois state law;

3. Whether Defendants' conduct constitutes deceptive trade practices under Illinois state law; and

4. If so, any damages and injunctive relief to which Plaintiffs are entitled.

5. Whether Plaintiffs own valid and protectable rights in the purported "Edible Marks";

6. Whether the U.S. Trademark Registration Nos. 4,319,940; 5,614,310; and 5,513,739 should be cancelled for genericness; and

7. Whether U.S. Trademark Application Nos. 88/550,549, 88/550,564, 88/550,501, 88/550,565, 88/550,569, 88/550,579 and 88/550,573 should be refused for genericness.

**D. State the relief sought by any of the parties.**

Plaintiffs seek judgment in their favor against Defendants on all counts of the Complaint; that Defendants be enjoined from continued infringement, unfair competition, and deceptive trade practices with respect to Edible's intellectual property rights; an award of three times Edible's actual damages in accordance with 15 U.S.C. § 1117(a), in an amount to be proved at trial; an accounting of all profits realized by Defendants in the measure of its sales, to be enhanced for such additional sum as the Court shall find to be just, which shall constitute compensation, in accordance with 15 U.S.C. § 1117(a) in an amount to be proved at trial; an award of punitive damages; an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a), 815 ILCS § 510, and Illinois common law; an award of prejudgment and post-judgment interest; and such other and further relief as the Court deems proper.

Defendants seek entry of an order adjudging and declaring that its use of the terms "edibles" and "incredibles" does not infringe any Edible Arrangements marks or violate any of Edible Arrangements purported rights; entry of an order adjudging and declaring that Edible Arrangements' Edible Marks are not valid or protectable trademarks; entry of an order directing the Director of the USPTO to cancel U.S. Trademark Reg. Nos. 4,319,940, 5,614,310, and 5,513,739; entry of an order directing the Director of the USPTO to refuse U.S. Trademark App. Nos. 88/550,549, 88/550,564, 88/550,501, 88/550,565, 88/550,569, 88/550,579 and 88/550,573;

an award of reasonable attorney fees, taxable costs and such other and further relief to Defendants as deemed just and lawful.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

Subject matter jurisdiction is proper in this case pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367.

    A. **Identify all federal statutes on which federal question jurisdiction is based.**

Federal question jurisdiction in this case is based on the Lanham Act, 15 U.S.C. §§ 1114, 1121, and 1125 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

    B. **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

        (1) **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

Pursuant to Title 15 of the United States Code, the Court has original jurisdiction of this action arising under federal law, namely the Lanham Act. The Court has supplemental jurisdiction over Plaintiffs' state law claims, which are so related to Plaintiffs' federal claim that they form part of the same case or controversy. 28 U.S.C. § 1367. The amount in controversy exceeds the jurisdictional threshold because Plaintiffs seek their actual damages and Defendants' profits, which Plaintiffs estimate to exceed $75,000 respectively, as well as interest, attorneys' fees, and costs.

        (2) **Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

            Plaintiff Edible IP, LLC – Connecticut
            Plaintiff Edible Arrangements LLC – Delaware

>     Defendant MC Brands, LLC – Colorado and Illinois
>     Defendant Green Thumb Industries, Inc. – British Columbia and Illinois

3. **Status of Service:**

All Defendants have been served.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do <u>NOT</u> report whether individual parties have so consented.**

The Parties do not consent to proceeding before a Magistrate Judge.

5. **Motions:**

    A. **Briefly describe any pending motions.**

    None.

    B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

    Defendants answered the Complaint on December 31, 2020.

6. **Case Plan:**

    A. **For Cases in the Mandatory Initial Discovery Pilot ("MIDP"): Provide a description of the parties' discussion of the mandatory discovery responses required by the MIDP. The report should describe the resolution of any limitations invoked by any party in its response, as well as any unresolved limitations or other discovery issues. The parties shall attach the initial and supplemental responses involved in any unresolved limitations or discovery issues. During the Rule 26(f) conference, the parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.**

    N/A

    B. **Submit a proposal for a discovery plan, including the following information:**

    **(1) The general type of discovery needed:**

Plaintiffs anticipate serving requests for production of documents, things, and electronically-stored information, requests for admission, and interrogatories and taking the depositions of each Defendant and other fact witnesses.

Defendants anticipate serving requests for production of documents, things, and electronically-stored information, requests for admission, and interrogatories and taking the depositions of each Plaintiff and other fact witnesses.

**(2) For Cases Exempt from the MIDP: A date for Rule 26(a)(1) disclosures;**

The parties will comply with Rule 26 initial disclosure requirements by February 9, 2021.

**(3) First date by which to issue written discovery;**

The parties may begin issuing written discovery on or after February 9, 2021.

**(4) A fact discovery completion date;**

The parties will complete fact discovery by September 17, 2021.

**(5) An expert discovery completion date, including dates for the delivery of expert reports;**

The parties will exchange expert reports on October 20, 2021.

The parties will exchange rebuttal expert reports on November 19, 2021.

The parties will complete expert discovery by January 14, 2022.

**(6) For Cases in the MIDP: A date for final supplementation of the mandatory initial discovery responses; and**

N/A

**(7) A date for the filing of dispositive motions.**

The parties will file dispositive motions by February 16, 2022.

**C. With respect to trial, indicate the following:**

**(1) Whether a jury trial is requested;**

Plaintiffs and Defendants request a jury trial.

### (2) The probable length of trial

The Parties estimate trial will last five days.

7. **Status of Settlement Discussions:**

    A. **Indicate whether any settlement discussions have occurred;**

The parties have had some settlement discussions.

    B. **Describe the status of any settlement discussions; and**

The parties have exchanged settlement proposals.

    C. **Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time but are considering alternative dispute resolution procedures.

Dated: January 12, 2021

Respectfully submitted,

| | |
|---|---|
| TROUTMAN PEPPER HAMILTON SANDERS, LLP | GREENBERG TRAURIG, LLP |
| | |
| /s/ *Robert E. Browne, Jr.* | /s/ *Cameron Nelson* |
| Robert E. Browne, Jr., | Cameron Nelson |
| 227 W. Monroe Street, Suite 3900 | Eric J. Maiers |
| Chicago, Illinois 60606 | Michael R. Friedman |
| Tel: 312.759.1920 | 77 West Wacker Drive, Suite 3100 |
| robert.browne@troutman.com | Chicago, Illinois 60601 |
| | (312) 456-6590 |
| John M. Bowler, | nelsonc@gtlaw.com |
| Lindsay M. Henner (*pro hac vice* to be filed) | maierse@gtlaw.com |
| 600 Peachtree Street NE, Suite 3000 | friedmanm@gtlaw.com |
| Atlanta, Georgia 30308 | |
| Tel: 404.885.3000 | *Attorneys for Green Thumb Industries Inc.* |
| john.bowler@troutman.com | *and MC Brands, LLC* |
| lindsay.henner@troutman.com | |

*Attorneys For Edible IP, LLC and Edible Arrangements LLC*

8

## **CERTIFICATE OF SERVICE**

      I hereby certify on January 12, 2021, I electronically filed the foregoing Joint Initial Status Report with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Cameron Nelson, Esq.
Eric J. Maiers
Michael R. Friedman
nelsonc@gtlaw.com
maierse@gtlaw.com
friedmanm@gtlaw.com

John M. Bowler, Esq.
Lindsay Henner, Esq.
john.bolwer@troutman.com
lindsay.henner@troutman.com

      /s/ *Robert E. Browne, Jr.*
      Robert E. Browne, Jr.

5921v1