**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC.,<br><br>  Defendants.<br><br>MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC,<br><br>  Counterclaim-Plaintiffs,<br><br>v.<br><br>EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br>  Counterclaim-Defendants. | Civil Action No. 4:20-cv-05840 |

**JOINT SUBMISSION REGARDING PLAINTIFFS'
MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER
PROHIBITING DEFENDANTS' THIRD PARTY SUBPOENAS TO
<u>EDIBLE'S OUTSIDE COUNSEL AND FOR A STAY OF RETURN REQUIREMENTS</u>**

**I.	Plaintiffs' Position:** Plaintiffs Edible IP, LLC and Edible Arrangements LLC ("Edible"), seek to quash and/or a protective order barring MC Brands, LLC and Green Thumb Industries, Inc.'s ("GTI") four subpoenas to Edible's outside attorneys that represented Edible in litigation unrelated to this action and to <u>stay "return dates" for production</u>. *See* **Exs. A-D** (requesting 03/18/22 return). The parties conferred by phone on March 10, 2022 and confirmed an impasse.

GTI demands from Edible's counsel broad swaths of non-public, confidential, and likely privileged files for <u>29 third-party lawsuits</u> that span ten years and implicate privacy interests (and Protective Orders) of individuals and entities with no stake in this case. Response would require substantial party and Court resources to determine Edible's and numerous third parties' privacy and privilege rights. GTI attempts to compel this irrelevant, costly production via facially and jurisdictionally invalid subpoenas just weeks before discovery closes – a clear attempt to skirt proper procedure, ignore Edible's direct objections to GTI's overlapping <u>party</u> requests, and harass. Thus, Edible has standing to quash and seek protection[1] against GTI's indiscriminate subpoena demands for "all discovery…," settlement agreements and communications, and expert reports in 29 cases, "from the <u>unlimited past</u> through the present." *See* Exs. A-D (emphasis added).

On a motion to quash, the Court "weighs the benefits of producing the information sought, the burdens of compliance, whether the information is available from another source, the relevance and scope of the requests, and the interests of the non-parties as well as the parties."[2] The Court may also for good cause issue an order limiting discovery to "protect a party or person from

---

[1] *See United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) (citing movant's interest in not lengthening the case and preventing harassment); *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 306 (S.D. Ind. 2016) (legitimate interests in quashing where moving party "would be required to devote employee time and effort, as well as attorney time, effort, and expense, to review the documents requested," and in "control[ling] expansive discovery and corralling the spiraling costs of litigation"); *Buonavolanto v. LG Chem, Ltd.*, No. 18 C 2802, 2019 U.S. Dist. LEXIS 229629, at *4-5 (N.D. Ill. Mar. 8, 2019) (parties have standing to seek protective orders limiting discovery from a third party).

[2] *Dirickson v. Intuitive Surgical,* 19C7249, 2020 U.S. Dist. LEXIS 258590, *5, (N.D. Ill. Dec. 29, 2020).

annoyance, embarrassment, oppression, or undue burden or expense," if it "calls for irrelevant information, outside of the scope of Rule26(b)(1)," or if it is disproportionate to the needs of the case.³ Edible's motion meets both standards, at least for the reasons that follow:

**1.** GTI's subpoenas duplicate party discovery that Edible responded to a year ago agreeing to a limited production on third-party litigation (**Ex. E**, RFP Nos. 27, 35 and 36, and responses), which GTI waited seven months to vaguely dispute (**Ex. F**, p. 2) and not moved to compel.⁴ Seeking the same from Edible's attorneys as discovery closes is an end run around GTI's own lack of diligence in party discovery and its likely waiver of any basis to compel after a year of inaction.⁵

**2.** At best, GTI is throwing "darts in the dark."⁶ At worst, the subpoenas are thinly-veiled harassment. A subpoena campaign against Edible's outside counsel threatens Edible's relationships with, and ability to engage, attorneys of its choosing, its litigation strategy, and its ability to enter future confidential settlements. The subpoenas also require Edible's own extensive review and input asserting its rights over a decade of files that <u>belong to Edible</u> as the client. The subpoenas further request confidential information of Edible and <u>the third parties</u>, including settlement agreements for which policy favors protection.⁷ Obligating Edible and its counsel to seek consent or provide notice to each one under various protective orders or agreements in the week between objection deadlines and return dates of March 18, or in the few weeks before discovery closes, is onerous and senseless, as the timing is of GTI's own making. GTI served <u>eight</u>

---

³ Fed. R. Civ. P. 26(c)(1); *Buonavolanto*, 2019 U.S. Dist. LEXIS 229629 at *5-7.
⁴ *See Ironhawk Techs., Inc. v. Dropbox, Inc.*, No. 19-mc-80017-TSH, 2019 U.S. Dist. LEXIS 24579, at *3 (N.D. Cal. Feb. 11, 2019) (quashing subpoena in similar circumstances).
⁵ *See Coleman v. Ill.*, No. 19 C 3789, 2021 U.S. Dist. LEXIS 180396, at *7-10 (N.D. Ill. Apr. 30, 2021).
⁶ *Ezell v. City of Chi.*, 1:18-cv-01049, 2020 U.S. Dist. LEXIS 257124, at *3 (N.D. Ill. Sept. 2, 2020); *Pursley v. City of Rockford*, 18 CV 50040, 2020 U.S. Dist. LEXIS 50513, at *11 (N.D. Ill. Mar. 24, 2020) (chance material "'may contain relevant information' is insufficient to allow an unlimited subpoena.").
⁷ *Dirickson*, 2020 U.S. Dist. LEXIS 258590 at *5 (quashing subpoena of settlement documents, possible similarities "does not entitle defendant to scorch the earth in search of them").

imprudent subpoenas in recent weeks despite a year of discovery dwindling down, and only began seeking its first party deposition dates on March 10. The result will be needless delay.[8]

3.      GTI has never asserted relevance or necessity for Edible's non-public third party litigation files, despite Edible identifying that GTI's party requests of Edible, which encompass the entire subpoena requests, are an irrelevant, burdensome, and harassing fishing expedition. *See* **Ex. G**, p. 5. GTI again refused to identify a relevance basis for these documents during the parties' March 10 conferral, stating Edible's counsel could "read it" for the first time in GTI's own potential motion to compel <u>the same documents</u> from Edible. Regardless, demanding a decade of comprehensive third party litigation files is disproportionate to any "need" for them in this case.[9]

**II.     Defendants' Position**

Plaintiff alleges it use of the word "Edible" in connection with fruit baskets gives it rights in the unrelated cannabis industry. Plaintiff relies on trademark registrations with first use dates going back to 1999, as well as an allegation that it "actively enforces its rights in the EDIBLE marks against third parties." (Compl., Dkt. 1, ¶¶ 28-33, 40.) To date, Plaintiff has merely produced cease and desist letters in association with this alleged enforcement; Plaintiff argues that even making a *list* of its enforcement efforts going back to 1999 would be burdensome. (2/23/22 Letter, **Ex. 1**.) GTI compiled its own list from public records and issued subpoenas to the law firms who represented Plaintiff in those litigations, knowing that law firms keep organized files and can easily produce relevant documents.

Plaintiff's spin claiming GTI is seeking "broad swaths of non-public, confidential, and likely privileged files for 29 third-party lawsuits" is simply untrue. GTI told Plaintiff, before

---

[8] *Ridge Chrysler Jeep, L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*, 03 C 760, 2004 U.S. Dist. LEXIS 26861, at *18-21 (doing bulk of discovery in last six weeks is a tactical choice with consequences).
[9] *Buonavolanto*, 2019 U.S. Dist. LEXIS 229629 at *6-7 (protecting against broad subpoenas on "past incidents"); *Noble Roman's*, 314 F.R.D. at 311-12 (relevance "not good enough" without proportionality).

3

Plaintiff wrote this motion, that it is only seeking (1) as-served written discovery requests/responses, (2) deposition transcripts, (3) settlement agreements and (4) expert reports, and only from litigations involving the same marks at issue here. (3/11/22 Email Summarizing March 10 Meet and Confer, **Ex. 2**.) GTI also invited Plaintiff to discuss whether there are specific cases that should not be included in the list GTI compiled, but Plaintiff declined.

Neither Plaintiff nor the respondent law firms have explained how GTI's requests are burdensome. GTI's requests are narrow in scope and are not voluminous; law firms maintain case files in designated folders in electronic document management systems. Not one of the respondent law firms met and conferred with GTI prior to Plaintiff's filing of this motion. Plaintiff's vague objections on the basis of undue burden are not sufficient.[10]

**1.** GTI does not seek duplicate discovery. GTI raised this issue with Plaintiff for several months, but Plaintiff ultimately produced just cease and desist letters, and claimed that even listing the relevant cases would be too difficult. As Plaintiff stalled, GTI compiled its own list, and concluded that GTI should ask the relevant law firms directly via subpoena to avoid further delay. The fact that GTI is *still* seeking this information is solely a reflection of *Plaintiff's* lack of diligence, not GTI's. GTI has made continuous efforts to obtain the requested documents and has not waived any rights. (*See, e.g.*, 2/14/22 & 3/4/22 Letters, **Exs. 3-4**). GTI *did* provide its corresponding draft motion to compel on March 16, and currently awaits Plaintiff's response.

**2.** Plaintiff's delay in producing these documents is Plaintiff's, not GTI's. When Plaintiff provided written discovery responses in April, 2021, Plaintiff stated it would produce responsive documents in response to many of GTI's document requests. (Plf. Resp. to RFPs, at RFP Nos. 27 and 34, **Ex. 5**.) Plaintiff did not produce *any* documents until August, and GTI immediately

---

[10] *See* FED. R. CIV. P. 34(b)(2)(B); *Young v. City of Chicago*, No. 13 C 5651, 2017 U.S. Dist. LEXIS 394, at *27 (N.D. Ill. Jan. 3, 2017) ("The objecting party must meet its burden 'with specificity.'").

followed up to ask whether Plaintiff planned to supplement its production; Plaintiff said it would. (8/19/21 Email, **Ex. 6**.) Plaintiff finally made a second production five months later – in January. GTI then promptly followed up on this category of documents, along with several others, that Plaintiff declined to produce. Further, Plaintiff's claim that the requested documents are subject to other protective orders and/or confidentiality agreements is a red herring. Plaintiff has never asserted that the Agreed Confidentiality Order (Dkt. 34) in this case is inadequate to protect the requested documents, and has apparently taken no steps to notify any third parties since last April.[11]

**3.** Plaintiff's argument that GTI has not identified the relevance of these documents is disingenuous. Plaintiff *itself* identified the relevance of these documents when it relied on its purported enforcement efforts in its Complaint. (Compl., Dkt. No. 1, ¶¶ 28-33, 40.) Courts also frequently order the production of related litigation documents addressing similar claims and defenses.[12] Throughout the meet and confer process, Plaintiff feigned ignorance as to why these documents were relevant. GTI *did* explain that the requested documents address *the same marks at issue here* and therefore directly relate to the scope of Plaintiff's trademark rights. (**Ex. 2**.) When Plaintiff argued that some of the identified cases involved unrelated marks, GTI offered to narrow the specific list of cases provided Plaintiff would consider GTI's narrowed scope of discrete document categories. Plaintiff refused. (*See id.*)

---

[11] *See Fireblok IP Holdings v. Hilti, Inc.*, No. 19 CV 50122, 2021 U.S. Dist. LEXIS 221225, at *10-11, *14-15 (N.D. Ill. Aug. 10, 2021) (denying motions to quash third-party subpoena and ordering production of confidential third-party documents under Agreed Protective Order).

[12] *See, e.g.*, *Sauer v. Exelon Generation Co.*, No. 10 C 3258, 2011 U.S. Dist. LEXIS 90511, at *10, *15 (N.D. Ill. Aug. 15, 2011) ("Plaintiffs are entitled to the documents from the other lawsuits to the extent they are relevant to their claims in this case.").

Dated: March 17, 2022

| | |
|---|---|
| TROUTMAN PEPPER HAMILTON SANDERS, LLP | GREENBERG TRAURIG LLP |
| /s/ Robert E. Browne, Jr.<br>Robert E. Browne, Jr.,<br>227 W. Monroe Street, Suite 3900<br>Chicago, Illinois 60606<br>Tel: 312.759.1920<br>robert.browne@troutman.com<br><br>John M. Bowler<br>Lindsay M. Henner (pro hac vice)<br>600 Peachtree Street NE, Suite 3000<br>Atlanta, Georgia 30308<br>Tel: 404.885.3000<br>john.bowler@troutman.com<br>lindsay.henner@troutman.com<br><br>*Attorneys for Edible IP, LLC and Edible Arrangements, LLC* | /s/ Cameron Nelson<br>Cameron Nelson<br>Eric J. Maiers<br>Maja E. Sherman<br>Katie Cronin<br>77 West Wacker Drive, Suite 3100<br>Chicago, Illinois 60601<br>(312) 456-6590<br>nelsonc@gtlaw.com<br>maierse@gtlaw.com<br>shermanm@gtlaw.com<br>cronink@gtlaw.com<br><br>*Attorneys for MC Brands, LLC and Green Thumb Industries Inc.* |

## CERTIFICATE OF SERVICE

      I hereby certify that on March 17, 2022 I filed the foregoing Motion to Quash and/or for a Protective Order which will automatically give notice to the parties' counsel of record.

                                         /s/ *Robert E. Browne, Jr.*
                                         Robert E. Browne, Jr.