# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS LLC,<br><br>     Plaintiffs,<br><br>v.<br><br>MC BRANDS, LLC; and GREEN THUMB INDUSTRIES, INC.,<br><br>     Defendants. | Civil Action No. 1:20-cv-05840 |
| MC BRANDS, LLC; and GREEN THUMB INDUSTRIES, INC.,<br><br>     Counterclaim-Plaintiffs,<br><br>v.<br><br>EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS LLC,<br><br>     Counterclaim-Defendants. | |

## <u>NOTICE OF SUBPOENA TO BROOKS PIERCE MCLENDON HUMPHREY, LLP</u>

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants MC Brands, LLC and Green Thumb Industries, Inc. (collectively, "Defendants"), by their attorneys, will cause the attached subpoena to be served on Brooks Pierce McLendon Humphrey, LLP. Defendants will require Brooks Pierce McLendon Humphrey, LLP to produce documents set out in Attachment A.

Dated: February 25, 2022     Respectfully submitted,

                                    /s/ *Eric J. Maiers*
                                    Cameron M. Nelson
                                    Eric J. Maiers
                                    Maja E. Sherman
                                    Katie Cronin
                                    GREENBERG TRAURIG, LLP
                                    77 West Wacker Drive, Suite 3100

Chicago, Illinois 60601
(312) 456-8400 (telephone)
(312) 456-8435 (fax)

*Attorneys for Defendants MC Brands, LLC and*
*Green Thumb Industries, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE OF

SUBPOENA was served on February 25, 2022, by e-mail to:

Robert E. Browne, Jr.
John M. Bowler
Lindsay M. Henner
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Tel: 404.885.3000
robert.browne@troutmansanders.com
john.bowler@troutmansanders.com
lindsay.henner@troutmansanders.com


/s/ *Eric J. Maiers*
Eric J. Maiers

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | | |
|---|---|---|
| Edible IP, LLC and Edible Arrangements, LLC | ) | |
| *Plaintiff* | ) | Civil Action No. 1:20-cv-05840 |
| v. | ) | |
| Green Thumb Industries Inc. and MC Brands, LLC | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Brooks Pierce McLendon Humphrey & Leonard, LLP, 230 North Elm Street, Suite 2000, Greensboro, NC 27401

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Greenberg Traurig, LLP<br>77 W Wacker Drive, Suite 3100<br>Chicago, IL 60611 | Date and Time:<br><br>3/18/2021 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/25/2022

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Eric J. Maiers |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Green Thumb Industries Inc. and MC Brands, LLC, who issues or requests this subpoena, are: Eric Maiers, Greenberg Traurig, LLP, 77 W. Wacker Dr., Suite 3100, Chicago, IL 60601, 312-456-1036, maierse@gtlaw.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-05840

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A TO SUBPOENA TO BROOKS PIERCE MCLENDON HUMPHREY & LEONARD, LLP**

**<u>INSTRUCTIONS</u>**

1.      For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the request itself. This includes, without limitation, the following:

      a.      Construing the words "and" and "or" used in any request in the disjunctive or conjunctive as necessary, to make the request more inclusive;

      b.      Construing the words "any" and "all" used in any request to mean "any and all" as necessary to make the request more inclusive;

      c.      Construing the singular form of any word to include the plural and the plural form to include the singular; and

      d.      Construing the masculine form to include the feminine and/or the gender neutral form.

2.      These requests shall be deemed to seek answers as of the date hereof and to the full extent of the Federal Rules of Civil Procedure. Furthermore, these requests are of a continuing nature.

3.      If any information called for is withheld on the basis of a claim or privilege or attorney work-product, the claimed basis for withholding the information and the nature of the information withheld shall be set forth in a privilege log satisfying the requirements of Federal Rule of Civil Procedure 26(c) that includes a statement of all the circumstances which will be relied upon to support such a claim.

4.      If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request.

5.      If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any manner, set forth the details of such qualification.

6.      If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

7.      In responding to the requests in this subpoena, please furnish all documents available to you, not merely such documents as the persons preparing the responses know of their own personal knowledge. For purposes of this subpoena, documents belonging to persons other than you but to which you have routine access in the ordinary course of business are considered available to you. In responding to the requests in this subpoena, GTI requests that you make a diligent search of its records or other papers and materials in its possession or the possession of its employees, attorneys, consultants, or other representatives, alive or deceased, to the extent necessary to provide responsive documents.

8.      Unless otherwise indicated, these requests seek documents from the unlimited past through the present.

9.      You are to produce all documents that are responsive in whole or in part to any of the requests herein in full, without abridgement, abbreviation, or expurgation of any sort, and regardless of whether you deem such documents to be irrelevant to the issues for which such

documents are being sought. If any document cannot be produced in its entirety, produce as much of the document as possible and indicate in your written response what portion of the document is not produced and why it could not be produced.

## **DEFINITIONS**

1.      "Defendants" means MC Brands, LLC and Green Thumb Industries Inc., their direct and indirect parents, subsidiaries, affiliates, predecessors, successors and assigns, and all of their present and former officers, directors, principal owners or shareholders, employees, agents, attorneys and representatives, or anyone acting on behalf of any of the foregoing individually, collectively or in any combination.

2.      "Communication(s)" means any transmission of information between two or more persons by any means including but not limited to telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, computer linkups, written memoranda and face-to-face conversations.

3.       "Relating to" or "related to" when referring to any given subject matter shall mean, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

## **DOCUMENTS AND THINGS REQUESTED**

1.  All discovery served and received, including but not limited to deposition transcripts, in the lawsuits identified in Schedule A.

2.  All settlement agreements relating to each of the lawsuits identified in Schedule A.

3.  All non-privileged communications with any third party relating to settlement of each of the lawsuits identified in Schedule A.

4.  All confusion surveys relating to each of the lawsuits identified in Schedule A.

5.   All expert surveys relating to each of the lawsuits identified in Schedule A.

6.   All expert reports relating to each of the lawsuits identified in Schedule A.

## Schedule A

1.  1-800-Flowers.com, Inc. v. Edible Arrangements, LLC, 12-cv-01483 (E.D.N.Y. Mar. 27, 2012).

2.  Edible Arrangements LLC, et al. v. Provide Commerce, Inc., 14-cv-00250 (D. Conn. Feb, 28, 2014).

3.  Edible Arrangements LLC, et al. v. Drummond et al., 14-cv-00315 (N.D. Ind. Oct. 9, 2014).

4.  Edible Arrangements International, LLC, et al. v. 1-800-Flowers.com, Inc. et al., 14-cv-01744 (D. Conn. Nov. 20, 2014).

5.  Edible Arrangements International, LLC, et al. v. Edible Commerce Consulting, LLC, 17-cv-00083 (D. Conn. Jan. 20, 2017).

6.  BBCC, LLC v. Edible Arrangements, LLC, 17-cv-00892 (D.S.C. Apr. 5, 2017).

7.  Edible International, LLC, et al. v. Google, LLC, 18-cv-00216 (D. Con. Feb 4, 2018).

8.  Edible International, LLC, et al. v. Incredible Foods, Inc., 18-cv-00569 (D. Conn., Apr. 4, 2018).

9.  Edible IP International, LLP, et al. v. Smith, 18-cv-00545 (E.D.N.C. Nov. 12, 2018).

10. Edible IP International, LLP, et al. v. Smith, 18-cv-00545 (E.D.N.C. Nov. 12, 2018).

11. Edible Arrangements, LLC, et al. v. Nancy's Floral, Inc., 18-cv-02198 (D. Oregon. Dec. 10, 2018).

12. Edible IP, LLC, et al. v. 1-800-Flowers.com, Inc. et al., 20-cv-02405 (N.D. Ga. June 4, 2020).

13. Edible IP, LLC, et al. v. World Media Group, LLC, 20-cv-03259 (N.D. Ga. Aug. 5, 2020).

14. Edible IP, LLC v. ILA Nutrition, LLC, No. 91256454 (T.T.A.B. 2021).

15. Edible Arrangements, LLC v. First Foods Group, Inc., No. 91263425 (T.T.A.B. 2020).

16. Edible IP, LLC v. Edible Introductions, LLC, No. 91255924 (T.T.A.B. 2020).

17. Edible IP, LLC v. First Foods Group, Inc., No. 91250203 (T.T.A.B.).

18. Edible IP, LLC v. Dominque Iman Edwards, No. 91249978 (T.T.A.B. 2019).

19. Edible Arrangements, LLC v. Provide Commerce, Inc., No. 91239580 (T.T.A.B. 2022).

20. Edible Arrangements, LLC v. Provide Commerce, Inc., No. 91239466 (T.T.A.B. 2021).

21. Edible IP, LLC v. HHF, Inc., No. 91238677 (T.T.A.B. 2018).

22. Edible Arrangements, LLC v. CannaCraft, Inc., No. 91231239 (T.T.A.B. 2017).

23. Edible Arrangements, LLC v. WikiFoods, Inc., No. 91228138 (T.T.A.B. 2018).

24. Edible Arrangements, LLC v. WikiFoods, Inc., No. 91228708 (T.T.A.B. 2018).

25. Edible Arrangements, LLC v. BBC, LLC, No. 92063932 (T.T.A.B. 2018).

26. Edible Arrangements, LLC v. CannaCraft, Inc., No. 91226731 (T.T.A.B. 2018).

27. Edible Arrangements, LLC v. Edible Commerce Consulting, LLC, No. 91226220 (T.T.A.B. 2017).

28. Edible Arrangements, LLC v. Wayne W. Schwind, No. 91226181 (T.T.A.B. 2017).

29. Edible Arrangements, LLC v. Gene Response, Inc., No. 91225890 (T.T.A.B. 2016).

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC, <br><br>      Plaintiffs, <br><br> v. <br><br> MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC., <br><br>      Defendants. | CIVIL ACTION <br><br> NO: 1:20-cv-05840 |

<u>**Agreed Confidentiality Order**</u>

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal

identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3.     Highly Confidential Information.  As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL" by the producing party which is produced in this action and that the party believes in good faith both (a) constitutes, contains, embodies, or reflects CONFIDENTIAL information, as described above, and (b) is especially sensitive information such that additional protections are warranted to protect against competitive, commercial, or other harm—i.e., when the disclosing party has a real expectation and entitlement to confidentiality under the law that has been preserved and not waived, and the producing party has no other effective alternative to designating the information as HIGHLY CONFIDENTIAL.  This designation shall be used only for particularly sensitive competitive business information that requires protection beyond that afforded by a "Confidential" designation including, *inter alia*, financial reports, marketing plans, costing and pricing, competitive strategies, market projections, marketing materials that have not yet been used, customer-identifying information, or customer prospects for goods or services that are subject to competition. Documents designated as HIGHLY CONFIDENTIAL shall be identified in production separately from those designated as CONFIDENTIAL.  Copies or excerpts of information contained within, or summaries, notes, or charts containing any information from, a document or thing designated as HIGHLY CONFIDENTIAL may also be designated as HIGHLY CONFIDENTIAL.  Information or documents that are available to the public may not be designated as Highly Confidential Information.

4.      Designation.

a)      A party may designate a document as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL or "HIGHLY CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked.

b)      The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information or Highly Confidential Information as defined in this order.

5.      Depositions.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information until the expiration of the following: No later than the thirtieth day after the transcript is delivered to

any party or the witness, within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

    6.      Protection of Confidential and Highly Confidential Material.

    a)      General Protections. Confidential Information and Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

    b)      Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        1)      Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

        2)      Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

        3)      The Court and its personnel;

4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information or Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information or Highly Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8)      Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

9)      Others by Consent. Other persons only by written consent, or consent on the record at a deposition, of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c)      Highly Confidential Information.  Documents designated as HIGHLY CONFIDENTIAL may be provided, shown, made available, or communicated only to the persons identified in Paragraphs 6(b)(1), (3)-(6) and (8)-(9)**.**

d)      Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Highly Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7.      Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order

for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

8. Filing of Confidential Information or Highly Confidential Information. Any party wishing to file a document designated as Confidential Information or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9. Challenges by a Party to Designation as Confidential Information or Highly Confidential Information. The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

a) Meet and Confer. A party challenging the designation of Confidential Information or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of

this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Information under the terms of this Order

10.     Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     Use of Confidential or Highly Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     Confidential Information or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

a)      If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after

receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

      b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or Highly Confidential Information by the other party to this case.

13.    Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.    Obligations on Conclusion of Litigation.

      a)    Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b)       Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 4(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;5 or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

c)       Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

d)       Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

10

16.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED.

Dated: November 5, 2021

_____
The Honorable Sara L. Ellis
United States District Judge

11

Dated: September 30, 2021

WE SO MOVE and agree to abide by the
terms of this Order

TROUTMAN PEPPER HAMILTON
SANDERS, LLP

/s/ *Robert E. Browne, Jr.*
Robert E. Browne, Jr.,
227 W. Monroe Street, Suite 3900
Chicago, Illinois 60606
Tel: 312.759.1920
robert.browne@troutman.com

John M. Bowler
Lindsay M. Henner (pro hac vice)
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
Tel: 404.885.3000
john.bowler@troutman.com
lindsay.henner@troutman.com

*Attorneys for Edible IP, LLC and Edible
Arrangements, LLC*

WE SO MOVE and agree to abide by the
terms of this Order

GREENBURG TRAURIG LLP

/s/ *Eric J. Maiers*
Cameron Nelson
Eric J. Maiers
Michael R. Friedman
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-6590
nelsonc@gtlaw.com
maierse@gtlaw.com
friedmanm@gtlaw.com

*Attorneys for MC Brands, LLC and Green
Thumb Industries, Inc.*

12