# Exhibit F



Eric J. Maiers
Tel 312.456.1036
maierse@gtlaw.com

November 8, 2021

**VIA EMAIL**

John M. Bowler
Troutman Pepper Hamilton Sanders, LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
john.bowler@troutman.com

Re:  *Edible IP, LLC et al. v. MC Brands, LLC et al.*, 1:20-cv-05840

Dear John:

We are writing to address Edible IP, LLC's and Edible Arrangements, LLC's (collectively, "Edible Arrangements") deficient production and responses to MC Brands, LLC's and Green Thumb Industries, Inc.'s (collectively, "GTI") discovery requests, and to schedule a time to meet and confer this week regarding these deficiencies.

### 1. Edible Arrangements' Document Production

On August 19, 2021, nearly three months ago, Edible Arrangements made a production consisting of a single PDF totaling just 2,259 pages, without any demarcation between documents or metadata. Edible Arrangements has not since made any further supplementations to that production. The minimal size of Edible Arrangements' production indicates that Edible Arrangements has not yet conducted a meaningful search for documents responsive to GTI's Requests for Production ("RFPs"). In particular, Edible Arrangements' initial production consists of file histories, webpage printouts, a couple of trademark searches, a branding style guide, a list of Edible Arrangements retail locations, news articles, a litigation profile, TTAB printouts, business entity printouts, and a single cease and desist letter, among other things. Notably, there is not a single email in Edible Arrangements' production. Accordingly, it appears that Edible Arrangements' production to date only contains documents that were already in Edible Arrangements' counsel's possession. Please confirm that Edible Arrangements has conducted internal searches for documents responsive to GTI's RFPs and what those searches entailed.

Specifically, Edible Arrangements' production lacks documents responsive to the majority of GTI's RFPs including at least RFP Nos. 5, 6, 7, 9-12, 14, 15, 17-22, 24-35, 37, 39-43 and 47-53. Edible Arrangements' threadbare production is prejudicing various aspects of GTI's case, including identifying follow-up discovery to be taken, witnesses to depose, third parties from whom to seek discovery, etc. Please confirm that Edible

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN¬
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL~
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO¤
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY
WEST PALM BEACH

¬ OPERATES AS
  GREENBERG TRAURIG GERMANY, LLP
* OPERATES AS A
  SEPARATE UK REGISTERED LEGAL ENTITY
+ OPERATES AS
  GREENBERG TRAURIG, S.C.
** STRATEGIC ALLIANCE
~ OPERATES AS
  GREENBERG TRAURIG LLP
  FOREIGN LEGAL CONSULTANT OFFICE
^ A BRANCH OF
  GREENBERG TRAURIG, P.A.,
  FLORIDA, USA
¤ OPERATES AS
  GT TOKYO HORITSU JIMUSHO
~ OPERATES AS
  GREENBERG TRAURIG GRZESIAK SP.K.

John Bowler
November 8, 2021
Page 2

Arrangements will promptly supplement its production by November 22, 2021, in compliance with its discovery obligations under Federal Rule of Civil Procedure 26(e).

Edible Arrangements expressly refused to produce any documents responsive RFP Nos. 6, 7, 9 ,10, 15, 19, 21, 24, 25, 31, 32, 37, 43, 47 and 48. Please be prepared to meet and confer on Edible Arrangements' refusal to respond to these requests.

Edible Arrangements improperly, unilaterally, and arbitrarily limited its responses to RFP Nos. 13, 16, 20, 23, 27, 34, 35, 36, 42 and 49 to the "last three years." Please confirm that Edible Arrangements will supplement its document production responsive to these requests or otherwise be prepared to meet and confer on these requests.

RFP No. 18 seeks documents sufficient to identify the date(s) on which Edible Arrangements used each of the EDIBLE Marks in connection with the sale or offer for sale of Edible Arrangements' goods and services. However, Edible Arrangements improperly and arbitrarily limited its response to an offer to produce only documents sufficient to identify dates of *first* use. Please confirm that you will produce exemplars of Edible Arrangements' use of the EDIBLE Marks over time or be prepared to meet and confer.

RFP Nos. 27, 35 and 36 seek document relating to Edible Arrangements' enforcement efforts in relation to the EDIBLE Marks. However, Edible Arrangements improperly and arbitrarily limited its responses to an offer to produce only documents *sufficient to identify* lawsuits and oppositions. While the non-confidential pleadings of those cases should be publicly accessible (to the extent Edible Arrangements identifies them at all, which to date it has not), many other relevant and responsive documents are not, such as discovery responses, deposition transcripts, settlement agreements, confusion surveys, genericness surveys, acquired distinctiveness surveys, expert reports, etc. Please confirm that you will fully respond to these requests or be prepared to meet and confer.

2. **Edible Arrangements' Interrogatory Answers**

Interrogatory No. 1 asks Edible Arrangements to identify "each and every person involved in creating, conceiving of, and/or selecting each of the EDIBLE Marks." In its answer, Edible Arrangements lists only Tariq Farid, the CEO and Founder of Edible Arrangements. GTI requests that Edible Arrangements provide at least two (2) additional individuals with knowledge in response to Interrogatory No. 1.

Interrogatory No. 2 asks Edible Arrangements to identify "the **complete factual circumstances** under which Edible Arrangements first became aware of Defendants' use of the term 'incredibles.'" In its answer, Edible Arrangements simply responds that "Tariq Farid first discovered the Defendants' website located at https://iloveincredibles.com at least as early as September 2019." This answer does not address the complete factual circumstances surrounding Tariq Farid's discovery and is therefore insufficient. *See* FED. R. CIV. P. 33(b)(3). GTI requests that Edible Arrangements promptly provide a supplemental, fulsome response to Interrogatory No. 2.

John Bowler
November 8, 2021
Page 3

Interrogatory No. 4 asks Edible Arrangements to describe the "target or typical customer(s) of each of Edible Arrangements' Goods and Services . . . including any applicable demographic characteristics (e.g., age, gender, race, income) and psychographic characteristics (e.g., buying preferences." In its answer, Edible Arrangements simply provides a generic statement that it targets customers "across a wide spectrum of ages, genders, race, income, and buying preferences." This answer is insufficient. *See* FED. R. CIV. P. 33(b)(3). GTI requests that Edible Arrangements promptly provide a supplemental, fulsome response to Interrogatory No. 4.

In its answers to Interrogatory Nos. 6, 7, 9, and 11, Edible Arrangements relies on Federal Rule of Civil Procedure 33(d), but Edible Arrangements' document production is plainly deficient, as noted above. Please confirm that Edible Arrangements will supplement its document production and identify the Bates ranges of responsive documents for each of these Interrogatories.

As to Interrogatory Nos. 6, 7, and 11, Edible Arrangements improperly and unilaterally limits its answer to the "last three years." Please confirm that Edible Arrangements will supplement its answers to these Interrogatories to provide complete, fulsome answers or be prepared to meet and confer regarding these interrogatories.

Interrogatory No. 7 seeks an identification of third-party trademark use to which Edible Arrangement has objected. Edible Arrangements' answer seems to suggest that it is not obligated to respond if the information could potentially be found in public records. First, the mere fact that something may be found in public records does not absolve Edible Arrangements from its discovery obligations. Second, certainly not every objection Edible Arrangements has ever made to third-party trademark usage has resulted in a lawsuit or trademark opposition, and even if it did, Edible Arrangements would still be in the best position to identify its trademark enforcement targets with minimal burden.

Finally, Edible Arrangement did not provide any substantive responses to Interrogatory Nos. 3 and 8 and instead offered to meet and confer on their scope. Please be prepared to discuss Edible Arrangements' answers to Interrogatory Nos. 3 and 8 on the parties' upcoming meet and confer.

### 3. **Edible Arrangements' Responses to Requests for Admission**

In its response to Request for Admission ("RFA") Nos. 17-21 and 23, Edible Arrangements objects on the basis that "there are many months left within which the parties may discover facts and evidence relevant to this Request." As Edible Arrangements is aware, there are mere weeks remaining in fact discovery. Please confirm whether Edible Arrangements has discovered additional information impacting its responses to RFA Nos. 17-21 and 23. If so, please confirm that Edible Arrangements will promptly provide supplemental responses to these RFAs in compliance with Federal Rule of Civil Procedure 26(e).

John Bowler
November 8, 2021
Page 4

      In response to RFA Nos. 4-8 and 14, Edible Arrangements objects on the basis that the term "consumers" is vague and ambiguous and proceeds to list a variety of categories of consumers including Edible Arrangements' consumers, Defendant's consumers, all actual customers, and every potential consumer. It appears that Edible Arrangements fully comprehends the meaning of consumer in the context of these RFAs. Moreover, the requests themselves provide the necessary context to discern which consumers are the subject of each request. Thus, Edible Arrangements' objection is improper. Please confirm that Edible Arrangements will promptly supplement its responses to these RFA Nos. 4-8 and 14.

      Please provide your availability this week to meet and confer regarding the above-listed deficiencies.

Sincerely,

Eric J. Maiers