# Exhibit 3



Cameron M. Nelson
Tel 312.456.6590
Fax 312.456.8400
nelsonc@gtlaw.com

February 14, 2022

***Via Email***
Lindsay Mitchell Henner
Troutman Pepper
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
lindsay.henner@troutman.com

Re: *Edible IP, LLC et al v. MC Brands, LLC et al.*, Case No. 1:20-cv-05840

Counsel:

    We are writing to address Plaintiffs' deficient responses to Defendants' Requests for Production ("RFPs"). Plaintiffs' production is deficient with respect to at least the following categories of documents that Plaintiffs agreed to produce:

- Selection and adoption of the Asserted EDIBLE marks (RFPs 1-2). We have seen no documents in your production on these categories – not even for the "incredible edibles" marks.

- Budget and dollars spent on advertising (RFP 14). We have seen "Marketing Budget" spreadsheets from the years 2016-2018. Please confirm those cover the complete landscape of both budget and spend for those years. Please also supplement for the years 2019 and 2020, which you agreed to produce. We have not seen the marketing fund documents that Plaintiffs agreed to produce during the November 16 meet-and-confer.

- Licensing agreements for the EDIBLE marks (RFP 43). During our November 16 Meet and Confer, you told us that Edible Arrangements would only permit us to see the franchise agreements in an in-person inspection at your Chicago offices. We think your insistence on an in-person inspection is needlessly burdensome in view of the protective order in this case, and that you have publicly disclosed previous versions of the agreement in prior litigations. *See Edible Arrangements International, Inc. v. For Dreamers, LLC et al.*, Case No. 10-cv-7505 (N.D. Ill.). More importantly, you still have not made these documents available for inspection, despite a number of requests from us. Additionally, Edible Arrangements' franchise agreements only partially responds to this Request, insofar as Edible Arrangements' settlements with other alleged infringers included a license component. Those agreements should be of limited number and

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN∞
BOSTON
BRUSSELS∞
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN∞
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME∞
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
ZURICH∞

*OPERATES AS GREENBERG
 TRAURIG MAHER LLP

∞STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ∎ ATTORNEYS AT LAW ∎ WWW.GTLAW.COM
77 West Wacker Drive, Suite 3100 ∎ Chicago, Illinois ∎ Tel 312.456.8400 ∎ Fax 312.456.8435

February 14, 2022
Page 2

    relatively easy to locate, insofar as Edible Arrangements has used a finite list of law firms on trademark enforcement and litigation matters over the years.

- Profit data (RFP 49). We have seen no sales data at all, let alone financial statements, costs of goods, and other information we would need to assess Plaintiff's profits.

Further, during the November 16, 2021 meet-and-confer, we discussed certain clarifications of our RFPs, and Plaintiffs agreed to produce documents responsive to these clarified RFPs. After review of Plaintiff's production, it is deficient with respect to at least the following categories that Plaintiffs agreed to produce:

- Surveys, market research, or investigations referencing the EDIBLE marks or alternatives (RFP 6, 37). While there are some documents in Plaintiff's production relating to the Edible Arrangements brand as a whole, we see no such documents pertaining to the Incredible Edibles brand.

- Documents relating to the development, editing, and approval process of ads referencing the EDIBLE marks (RFP 9). We have seen no such documents in Plaintiff's production. Per our November 16th meet and confer, we now reiterate our request that Plaintiff "confirm there are no further responsive documents that it intends to rely upon."

- Documents discussing the use of "edible" in ads (RFP 10). Plaintiff has produced very little responsive to this request. Per our November 16th meet and confer, we now reiterate our request that Plaintiff "confirm there are no further responsive documents that it intends to rely upon."

- Documents discussing money spent on advertising, web design, and press releases as well as compensation paid to trade journals, journalists, and the like (RFP 15, 19). We have seen no documents responsive to these requests to date.

- Customer complaints (RFP 21). After our November 16th meet and confer, we confirmed that we seek all responsive complaints, but to the extent Edible Arrangements thinks this burdensome, we asked you to identify the potential sources of information, and what Edible Arrangements proposes to be a reasonable search of these sources. We have not received any follow-up communications from you on this, and other than a couple comments on social media, do not see any responsive documents in your production.

- Use of "edible(s)" with CBD or cannabis-infused products and the use of "edible(s)" with non-CBD or cannabis infused products (RFP 24, 25). We are still awaiting your position on the search terms and custodians we discussed.

February 14, 2022
Page 3

    These items have been outstanding for quite some time. We note that we have provided you with four witnesses to date, but we have yet to complete a single deposition of Plaintiff, due to Plaintiff's failure to complete its document production. If Plaintiff does not make immediate progress on these issues, we will seek the Court's involvement.

    Please also provide dates for a meet and confer on RFPs 31 and 48, in response to which Plaintiffs refused to produce documents, and RFPs 27, 34, 35 and 36, in response to which Plaintiffs agreed to produce only a subset of documents responsive to the request. Specifically, for the last set of RFPs, Defendants request all settlement and coexistence agreements pertaining to the asserted marks; all discovery served and received, including deposition transcripts in all cases identified in the production; and all cease-and-desist letters pertaining to the asserted marks from the past ten years, and any follow-up correspondence relating thereto—all going back to 2010.

    We look forward to your earliest constructive response.

                                                             Sincerely,

                                                             Cameron Nelson