# Exhibit 4



Cameron M. Nelson
Tel 312.456.6590
Fax 312.456.8400
nelsonc@gtlaw.com

March 4, 2022

***Via Email***
Lindsay Mitchell Henner
Troutman Pepper
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
lindsay.henner@troutman.com

Re: *Edible IP, LLC et al v. MC Brands, LLC et al.*, Case No. 1:20-cv-05840

Dear Counsel:

    This letter is in response to your February 23, 2022, letter responding to our correspondence about discovery deficiencies in Plaintiff's production.

    At the outset, we remind Plaintiffs that they are the ones who filed this case. Yet it is Defendants who find themselves in the unusual position of having to move this case forward.

    As you admit in your letter, you waited *months* from responding to Defendants' requests before serving the first production. This is hardly diligent, particularly given that the burden of proof is on Plaintiffs. Plaintiffs made a meager production on August 19 of mainly public information, to which counsel for Defendants immediately responded asking if Plaintiffs intended to make additional productions, to which Plaintiffs responded in the affirmative. Defendants gave Plaintiffs the benefit of the doubt that it would make a fulsome production that is consistent with what one would expect from Plaintiffs who claim to have extensive trademark rights dating back decades. More than three months later on, November 23, Plaintiffs made their second production, which is when Defendants realized Plaintiffs did not intend to fully respond to Defendants' document requests. Again, on November 29, counsel for Defendants asked for a date on which Plaintiffs' document production would be substantially complete, to which no reply was given.

    Defendants have repeatedly asked for a date by which production would be complete in order to schedule depositions and that request has gone unanswered for over six months. With so little evidence from Plaintiffs and so many discovery requests outstanding, Defendants are unable to prepare for, and take, the depositions afforded to them under the Federal Rules of Civil Procedure. It is not unreasonable to wait for

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN**
BOSTON
BRUSSELS**
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
ZURICH**

*OPERATES AS GREENBERG
 TRAURIG MAHER LLP
**STRATEGIC ALLIANCE

March 4, 2022
Page 2

document production to be complete before deposing witnesses,[1] and Mr. Bowler acknowledged as much during one of our meet and confers.

As to the meet and confer about Plaintiffs' interrogatory responses, the parties met and conferred on January 28, and Defendants circulated a summary to which Plaintiffs never responded. Counsel for Defendants followed up on February 8 and 14 to understand where the parties stood. Finally, on February 18, after not hearing from Plaintiffs for 20 days, Defendants circulated a draft motion to compel, assuming the parties were at an impasse. Defendants requested a response to such motion, per Judge Ellis's individual practices, within *five* business days (not one as Plaintiffs' counsel has contended). As to Interrogatory No. 7, Defendants understand from your February 23 letter that you intend to supplement your production with cease and desist letters for the past five years. Please make this supplementary production by **March 11, 2022**.

As to specific requests for production, Defendants clarify their requests below in order to move this dispute towards resolution and obtain the documents necessary to take depositions and meet the current discovery deadline:

- **RFPs 1-2**: Please confirm there are no further documents in response to this request.

- **RFP 14**: Please supplement the production to include marketing fund documents from the first use of the mark through the present. Plaintiffs brought this lawsuit claiming ownership of the mark and widespread recognition from at least 2000 until present (*see e.g.* Complaint (Dkt. 1) at ¶ 24, 38-39, 43, 47). As such, Defendants are entitled to the evidence that supports such a contention. Defendants request a response by March 11 as to whether Plaintiffs will provide this information.

- **RFP 43**: This letter is the first time that Plaintiffs' offer to permit inspection of their franchise agreement has been limited solely to its intellectual property provisions. However, non-IP portions of the agreement are likely relevant to give context to the IP portions. There is a Protective Order in place; there should be no

---

[1] *See Mendez v. City of Chi.*, No. 18 CV 06313, 2021 U.S. Dist. LEXIS 43600, at *10 (N.D. Ill. Mar. 9, 2021) (citing *Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 263 (E.D. Wis. 2013) (ordering defendant to supplement its production and interrogatory responses before taking plaintiff's deposition). The *Mendez* case further recognizes that documents produced late in the discovery period or after a witness has been deposed create significant delays as courts may be forced to either extend fact discovery or reopen depositions to allow for more questioning. *See id. (citing Travelers Property Casualty Ins. Co. v. Service Experts Heating & Air Conditioning, LLC*, No. 12-2208, 2014 U.S. Dist. LEXIS 137886, 2014 WL 4947466, at *4 (C.D. Ill. Sept. 30, 2014) (concluding that it would be appropriate to extend discovery and reopen a deposition where relevant materials were not produced prior to the deposition); *Doe v. Society of Missionaries of Sacred Heart*, No. 11-cv-2518, 2014 U.S. Dist. LEXIS 695, 2014 WL 51333, at *2-4 (N.D. Ill. Jan. 3, 2014) (extending fact discovery to allow additional depositions where plaintiff produced key documents the day that fact discovery closed)).

March 4, 2022
Page 3

reason Defendants cannot inspect the entire agreement. If we are at an impasse on this point, please let us know. Defendants also reserve the right to request a copy of the agreement (as opposed to undertaking the burden of an in-person inspection) should the agreement be found relevant to Defendants' briefing, for example for a Motion for Summary Judgment. Plaintiffs have provided no legal basis for limiting access to the agreement to inspection only.

- **RFPs 48-49**: Thank you for pointing us to EDIBLE_000914. Although this document provides the raw number of units sold, it does not provide revenue or profit for products sold under the Edible Marks. As this information is directly relevant to Plaintiffs' claims of fame of the mark in the Complaint, as well as to damages, please supplement the production with profit and revenue information by March 11 or confirm that Plaintiffs will not rely on such information to support any of its claims or defenses.

- **RFPs 9-10**: It is not Defendants' intent to be burdensome with these requests. Defendants hereby modify and clarify its requests to those documents and communications sufficient for Defendants to identify (i) the breadth of ads bearing the EDIBLE marks; (ii) how ads bearing the EDIBLE Marks are created and approved; and (iii) the individuals responsible for such creation and approval. Defendants request a response by March 11 as to whether Plaintiffs will provide documents sufficient to identify this information.

- **RFPs 15, 19**: Please confirm that the document production for money spent on advertising and marketing is complete and that Plaintiffs will not rely on additional documents relating to their advertising and marketing spend to support any of their claims or defenses.

- **RFP 21**: Defendants, in an attempt to work with Plaintiffs on a reasonable scope of production in response to this request, asked Plaintiffs to identify the potential *sources* of information, and what Edible Arrangements proposes to be a reasonable search of those sources. Rather than furthering that discussion and identifying the sources through which consumer complaints would be received, Plaintiffs simply assert that any search would be burdensome. We do not understand how our prior request for the *sources* of consumer complaints is burdensome. For example, Defendants have found a webpage on Plaintiffs' website where consumers can provide feedback, which would be one source of consumer complaints (*see* https://www.ediblearrangements.com/customer-service/contact-us.aspx). Consumer complaints are relevant to the strength of the asserted marks. Defendants request a response by March 11 as to whether Plaintiffs will provide this information to further our discussion on this document request. Absent that, we are at an impasse.

March 4, 2022
Page 4

- **RFPs 27, 34-36:** Defendants clarify that their request for "all discovery served and received" is not asking for document productions from prior cases but instead *written* discovery requests and responses, such as Requests for Production, Interrogatories, and Requests for Admission, served and received in litigation related to any of the asserted EDIBLE marks, as well as any deposition transcripts and settlement agreements therefrom. Defendants do not believe this is a burdensome request and request a response by March 11 as to whether Plaintiffs will provide this information.

**Search terms:** We discussed search terms in November. It took Plaintiffs over two months to get back to us with the raw data on search hits to which we promptly provided suggestions for reducing the search hits. Given that the current productions do not include documents responsive to these search terms and given the number of hits to the search terms (to the extent that Defendants have offered ways to lessen the burden and limit the number of documents) Defendants do not agree with Plaintiffs' self-serving statement that its production its "substantially complete." Please run the searches for documents with the limits suggested by Defendants and commit to completing that production by **March 11**.

We look forward to your earliest constructive response agreeing to the requests in this letter or for a date in the next seven business days to meet and confer on these topics.

Sincerely,

Cameron Nelson