IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC.,<br><br>      Defendants. | Civil Action No. 4:20-cv-05840 |
| MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC,<br><br>      Counterclaim-Plaintiffs,<br><br>v.<br><br>EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br>      Counterclaim-Defendants. | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS
TO PRODUCE ADVERTISING DATA**

I. **DEFENDANTS' MOTION**

Defendants MC Brands, LLC, and Green Thumb Industries Inc. (collectively, "GTI"), seek production of sales-related documents and information from Plaintiffs Edible IP, LLC, and Edible Arrangements, LLC (collectively, "Plaintiffs"). The parties have complied with their obligations pursuant to Local Rule 37.2. Specifically, GTI's First Requests for Production ("RFP") include:

> **REQUEST NO. 11**: All documents that relate or refer to the distribution or placement of advertising, marketing, or promotional material for Edible Arrangements' Goods and Services sold or offered for sale under each of the EDIBLE Marks.
> **REQUEST NO. 15**: All documents reflecting any discussion regarding the budgets allocated and dollars spent on advertising promotions, website design, and press releases referencing the EDIBLE Marks.

(Ex. 1, RFP Nos. 11, 15.) GTI has requested advertising information responsive to Requests No. 11 and 15 since February 2021 and raised deficiencies based on deposition testimony in mid-July. (Ex. 2, Email Chain re: Discovery Deficiencies at 7/15/22 Nelson Email.) In recent weeks leading up to the close of fact discovery, GTI continued to request information relating to advertising from Plaintiffs to no avail. (Id. at 10/4/22 Sherman Email.) In response to an email from Defendants raising over a dozen perceived discovery deficiencies, Plaintiffs gave the response, "for each category of documents you are seeking, there are no additional documents within Edible's possession, custody, or control." (Ex. 3, Email Chain re: Motion to Compel at 10/12/22 Altman Email.) But as explained more fully below, that is at odds with the sworn testimony of Plaintiffs' corporate designee, and Plaintiffs' have provided no explanation for that contradiction.

A party may move to compel production if a party fails to produce documents requested. FED. R. CIV. P. 37(a)(3)(B)(iv). Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "'Because the purpose of discovery is to help define and clarify the

1

issues,' courts broadly define the scope of relevant discovery." *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA, Inc.*, No. 18 C 0825, 2020 U.S. Dist. LEXIS 61634, at *8 (N.D. Ill. Apr. 8, 2020) (citation omitted) (J. Ellis). "The party opposing discovery bears the burden of showing why discovery should be disallowed." *In re Peregrine Fin. Grp. Customer Litig.,* No. 12 C 5546, 2015 U.S. Dist. LEXIS 34829, at *6 (N.D. Ill. Mar. 20, 2015) (citation omitted) (J. Ellis).

The advertising data that GTI seeks is relevant and proportional to the needs of this case because it functions as a proxy for measuring the extent to which consumers have been exposed to the "Edible" and "Incredible Edibles" marks, and the specific products with which these marks have been associated. GTI specifically requests documents that reflect the following narrowed advertising information that Plaintiffs' corporate designee, Ms. Silber Farid, stated is in Plaintiffs' possession:

- Ms. Farid-Silber confirmed that Edible Arrangements has spreadsheets that track advertising spending per platform. (*See* Ex. 4, Farid Silber Tr. at 115:1-116:18.) GTI therefore requests that Plaintiffs produce these documents.
- Ms. Farid-Silber confirmed that Edible Arrangements does paid Google AdWord buys. (Id. at 119:3-8.) GTI requests that Plaintiffs produce any documents showing AdWord buys with the term "incredible" or confirm that it has never done an AdWord buy for that term.

This information is directly relevant as courts look to amount and manner of advertising when determining the strength of the mark in the likelihood of confusion analysis, particularly when a mark is not inherently distinctive (*See e.g.*, *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.,* 149 F.3d 722, 728 (7th Cir. 1998)). Further, this information is proportional because Ms. Farid Silber testified that this information is readily available. (Ex. 4, Farid Silber Tr. at 115:1-116:18; 116:24-117:14; 119:3-8.) Therefore, any objections based on undue burden are unfounded.

Given that Plaintiffs' corporate designee testified that the requested data is available, Plaintiffs' inability to produce that data requires further explanation than a simple statement that

"there are no additional documents within Edible's possession, custody, or control." GTI respectfully requests that the Court grant its Motion to Compel and order either the production of the requested documents or a sworn declaration from a representative of Plaintiffs explaining why, counter to their corporate designee's testimony, the requested documents do not exist. For the aforementioned reasons, GTI respectfully requests that the Court grant its Motion to Compel.

## II. PLAINTIFFS' OPPOSITION

Initially, Edible objects that Defendants' multiple motions to compel violate this Court's procedures regarding Discovery Motions. By filing a separate motion for each individual issue, Defendants makes an end-run around this Court's procedures. Edible noted the non-compliance in advance of the filing of the motions, but Defendants refused to comply.

Edible's specific objections to these requests are contained within its July 22, 2022 Response to the Motion to Compel, and Edible re-incorporates those objections here. See Dkt. 77. As with the sales data Defendants request in an additional Motion to Compel, Edible has produced documents in its possession responsive to Defendants' discovery requests. As an example, Edible has produced marketing budgets to Defendants. Production of anything further would require Edible to create new documents that do not currently exist, which is not required under the Federal Rules of Civil Procedure.

This was true when Defendants raised this discovery dispute on July 15, 2022, and it remains true today. Additionally, following a conferral call on September 28, 2022, Edible re-reviewed Defendants' requests for additional discovery and determined that for each category of documents sought, there are no additional documents within Edible's possession, custody, or control. Accordingly, Edible respectfully requests that the Court deny Defendants' Motion to Compel.

Dated: October 14, 2022

| BONDURANT MIXSON & ELMORE, LLP | GREENBERG TRAURIG LLP |
|---|---|
| /s/ *Jason J. Carter* | /s/ *Cameron Nelson* |
| Jason J. Carter (*admitted pro hac vice*) | Cameron Nelson |
| Solesse L. Altman (*admitted pro hac vice*) | Eric J. Maiers |
| E. Allen Page (*admitted pro hac vice*) | Maja E. Sherman |
| 3900 One Atlantic Center | Katherine M. Cronin |
| 1201 W. Peachtree Street, N.W. | Mikhael Tomlinson |
| Atlanta, Georgia 30309 | 77 West Wacker Drive, Suite 3100 |
| (404) 881-4100 | Chicago, Illinois 60601 |
| carter@bmelaw.com | (312) 456-6590 |
| altman@bmelaw.com | nelsonc@gtlaw.com |
| page@bmelaw.com | maierse@gtlaw.com |
| | shermanm@gtlaw.com |
| *Attorneys for Edible IP, LLC and Edible Arrangements, LLC* | cronink@gtlaw.com |
| | tomlinsonm@gtlaw.com |
| | *Attorneys for MC Brands, LLC and Green Thumb Industries Inc.* |

4

*ACTIVE 682674758v1*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, the foregoing Motion to Compel was filed with the court via ECF, which will automatically give notice to the parties' counsel of record.

> s/ *Cameron Nelson*
> Cameron Nelson
> Eric J. Maiers
> Maja E. Sherman
> Katherine M. Cronin
> Mikhael Tomlinson
> 77 West Wacker Drive, Suite 3100
> Chicago, Illinois 60601
> (312) 456-6590
> nelsonc@gtlaw.com
> maierse@gtlaw.com
> shermanm@gtlaw.com
> cronink@gtlaw.com
> tomlinsonm@gtlaw.com
>
> *Attorneys for MC Brands, LLC and Green Thumb Industries Inc.*