# Exhibit 3

| | |
|---|---|
| From: | Solesse L. Altman |
| To: | Nelson, Cameron (Shld-Chi-IP-Tech); Maiers, Eric J. (Shld-Chi-IP-Tech); Jason J. Carter; E. Allen Page |
| Cc: | Robert.Browne@troutman.com; Lindsay.henner@troutman.com; john.bowler@troutman.com; Sherman, Maja (Assoc-CHI-IP-Tech); Cronin, Katie (Assoc-CHI-IP-Tech); Tomlinson, Mikhael F. (Assoc-ATL-Ent) |
| Subject: | RE: Edible Arrangements / GTI / Motion to Compel - Ad Data |
| Date: | Wednesday, October 12, 2022 8:37:46 PM |
| Attachments: | image001.png |

Cam,

Please consider this my confirmation that for each category of documents you are seeking, there are no additional documents within Edible's possession, custody, or control. That is also true for the sales data you seek. As Ms. Farid stated in her deposition, Edible has produced sales data responsive to your requests. This data was produced in the format in which it is normally kept, as is required by the rules of discovery.

As Edible has consistently stated, it has diligently collected and produced all documents responsive to your requests. After our call on September 28, we confirmed that is accurate. We disagree with your interpretation of the Court's rules, but please let me know which motions to compel you still intend to file. Again, I remain available for a phone call if you believe it will be helpful in resolving this dispute.

Thanks,
Sunny

**From:** NelsonC@gtlaw.com <NelsonC@gtlaw.com>
**Sent:** Wednesday, October 12, 2022 8:03 PM
**To:** Solesse L. Altman <Altman@bmelaw.com>; Eric.Maiers@gtlaw.com; Jason J. Carter <carter@bmelaw.com>; E. Allen Page <page@bmelaw.com>
**Cc:** Robert.Browne@troutman.com; Lindsay.henner@troutman.com; john.bowler@troutman.com; shermanm@gtlaw.com; cronink@gtlaw.com; tomlinsonm@gtlaw.com
**Subject:** RE: Edible Arrangements / GTI / Motion to Compel - Ad Data

CAUTION:External Email.

Sunny –

- You keep saying "possession" and then omitting "custody or control." We are entitled to a clear, unequivocal statement that *each* category of documents we are seeking is not in Edible's possession, custody or control.
- We are entitled to that clear, unequivocal statement in response to *each* category we have sought.
- In the case of sales data, which your 30(b)(6) witness confirmed *does* exist, you can't negate your client's sworn 30(b)(6) testimony with an email. Further, Edible Arrangements charges its franchisees tens of thousands of dollars for POS systems whose very purpose is to track sales of individual products. Edible Arrangements' claim that the information we are seeking doesn't exist is not credible.

- Your suggestion that we are required to bring every single category of missing documents in 2.5 pages is incorrect.

We may withdraw certain requests if Edible Arrangements makes a clear, unequivocal statement that the documents sought for that particular request are not in its possession, custody or control *and* that Edible Arrangements describes what reasonable search it made for those documents.

Cam

**From:** Solesse L. Altman <Altman@bmelaw.com>
**Sent:** Wednesday, October 12, 2022 4:17 PM
**To:** Nelson, Cameron (Shld-Chi-IP-Tech) <NelsonC@gtlaw.com>; Maiers, Eric J. (Shld-Chi-IP-Tech) <Eric.Maiers@gtlaw.com>; Jason J. Carter <carter@bmelaw.com>; E. Allen Page <page@bmelaw.com>
**Cc:** Robert.Browne@troutman.com; Lindsay.henner@troutman.com; john.bowler@troutman.com; Sherman, Maja (Assoc-CHI-IP-Tech) <shermanm@gtlaw.com>; Cronin, Katie (Assoc-CHI-IP-Tech) <cronink@gtlaw.com>; Tomlinson, Mikhael F. (Assoc-ATL-Ent) <tomlinsonm@gtlaw.com>
**Subject:** RE: Edible Arrangements / GTI / Motion to Compel - Ad Data

Cam,

As we've consistently told you, Edible has produced all documents relevant to your requests that are in its possession. To answer Eric's questions, Edible has no additional documents or privilege log entries regarding the 2016 extension of time to oppose and related due diligence for INCREDIBLE EDIBLES. We have searched Susan Daly Sterns' file for documents related to this issue. The documents you are requesting regarding sales data and the transition to "Edible" branding do not exist. And Edible does not have an archival copy of Mr. Farid's deposition transcript from the 1-800-Flowers litigation. The same is true for the ad data referred to in your third draft motion to compel; the documents you are requesting do not exist. These documents are therefore not in our custody or control.

I hope we can resolve this without having to bother the Court with additional motions to compel. To that end, let me know if a phone call would be helpful, and I am happy to make time to speak with you. If you intend to proceed with the motions, however, note that we object to your filing four separate motions. The Court's procedures for Discovery Motions—found here—call for a single motion of no more than 5 pages to resolve the issues:

> If the parties do not resolve their disagreements through this procedure, the parties must file **a joint motion of no more than five pages**. The joint motion must set out each issue in a separate section and include in that section each party's position (with appropriate legal authority) and proposed compromise. (This process allows a side-by-side analysis of each disputed issue.) If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties must reproduce the question/request and the response in its entirety in that section. The entire disputed discovery responses should be attached as an exhibit to the motion.

Filing four separate motions is an inappropriate end-run around this requirement that imposes an undue burden on our response. If you intend to proceed with filing, please revise your

motion and provide it to us by noon CT tomorrow so that we have adequate time to prepare our response. Alternatively, we would be open to extending the fact discovery deadline by one week to allow for more time to resolve these issues.

Please let me know how you would like to proceed.

Thank you,
Sunny

---

**From:** NelsonC@gtlaw.com <NelsonC@gtlaw.com>
**Sent:** Tuesday, October 11, 2022 8:35 PM
**To:** Solesse L. Altman <Altman@bmelaw.com>; Eric.Maiers@gtlaw.com; Jason J. Carter <carter@bmelaw.com>; E. Allen Page <page@bmelaw.com>
**Cc:** Robert.Browne@troutman.com; Lindsay.henner@troutman.com; john.bowler@troutman.com; shermanm@gtlaw.com; cronink@gtlaw.com; tomlinsonm@gtlaw.com
**Subject:** RE: Edible Arrangements / GTI / Motion to Compel - Ad Data

CAUTION: External Email.

Sunny,

We are looking for admissible evidence proving the date of the website transition. I had suggested on our call that a document identifying that day would suffice; you need not locate *every* document identifying the date, but surely there is at least one email, invoice, letter, or other document that ties that date down.

Cam

**Cameron M. Nelson**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.6590 | F +1 312.899.0360 | C +1 708.227.7106
NelsonC@gtlaw.com | www.gtlaw.com | View GT Biography



---

**From:** Solesse L. Altman <Altman@bmelaw.com>
**Sent:** Tuesday, October 11, 2022 7:19 PM
**To:** Maiers, Eric J. (Shld-Chi-IP-Tech) <Eric.Maiers@gtlaw.com>; Jason J. Carter <carter@bmelaw.com>; E. Allen Page <page@bmelaw.com>
**Cc:** Robert.Browne@troutman.com; Lindsay.henner@troutman.com; john.bowler@troutman.com;

Sherman, Maja (Assoc-CHI-IP-Tech) <shermanm@gtlaw.com>; Cronin, Katie (Assoc-CHI-IP-Tech) <cronink@gtlaw.com>; Nelson, Cameron (Shld-Chi-IP-Tech) <NelsonC@gtlaw.com>; Tomlinson, Mikhael F. (Assoc-ATL-Ent) <tomlinsonm@gtlaw.com>
**Subject:** RE: Edible Arrangements / GTI / Motion to Compel - Ad Data

Eric,

As previously stated, Edible has confirmed that there are no more documents responsive to your requests in its possession. That includes the specific requests in your email at 5:44 ET. As to your request for a date for the website's transition to "Edible" branding, it was my understanding that your request related to documents showing the transition date. If your request is broader than that, please let me know.

Thanks,
Sunny


**From:** Eric.Maiers@gtlaw.com <Eric.Maiers@gtlaw.com>
**Sent:** Tuesday, October 11, 2022 8:11 PM
**To:** Solesse L. Altman <Altman@bmelaw.com>; Jason J. Carter <carter@bmelaw.com>; E. Allen Page <page@bmelaw.com>
**Cc:** Robert.Browne@troutman.com; Lindsay.henner@troutman.com; john.bowler@troutman.com; shermanm@gtlaw.com; cronink@gtlaw.com; NelsonC@gtlaw.com; tomlinsonm@gtlaw.com
**Subject:** RE: Edible Arrangements / GTI / Motion to Compel - Ad Data

CAUTION:External Email.

Counsel,

Attached is our third motion to compel. Again, we ask that you provide your responsive portion by noon CT this Friday.

Thanks,

**Eric J. Maiers**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1036 | F +1 312.899.0383
Eric.Maiers@gtlaw.com | www.gtlaw.com | View GT Biography



**From:** Maiers, Eric J. (Shld-Chi-IP-Tech) <Eric.Maiers@gtlaw.com>
**Sent:** Tuesday, October 11, 2022 5:44 PM

**To:** Solesse L. Altman <Altman@bmelaw.com>; Jason J. Carter <carter@bmelaw.com>; E. Allen Page <page@bmelaw.com>
**Cc:** Robert.Browne@troutman.com; Lindsay.henner@troutman.com; john.bowler@troutman.com; Sherman, Maja (Assoc-CHI-IP-Tech) <shermanm@gtlaw.com>; Cronin, Katie (Assoc-CHI-IP-Tech) <cronink@gtlaw.com>; Nelson, Cameron (Shld-Chi-IP-Tech) <NelsonC@gtlaw.com>; Tomlinson, Mikhael F. (Assoc-ATL-Ent) <tomlinsonm@gtlaw.com>
**Subject:** RE: Edible Arrangements / GTI / Motion to Compel - Sales

Sunny,

I am not sure your email addresses all outstanding discovery issues, as Mr. Silber's testimony indicated there ought to be additional documents out there responsive to these requests. Just to be clear, you have no documents to produce nor privilege log entries to supplement surrounding the 2016 extension of time to oppose and related due diligence for INCREDIBLE EDIBLES? Your privilege log cuts off at 2017, which is curious considering EA's in-house legal department was clearly engaging in relevant activity in 2016. Did you search Susan Daly Sterns' custodial file for documents and/or communications on this narrow issue?

As for the requested sales data, Ms. Silber testified that data could be obtained. Are you representing that data has already been produced? If so, can you please point us to it? Or, are you asserting, notwithstanding Ms. Silber's testimony, that the requested data cannot be obtained?

Are you representing that EA does not have an archival copy of Tariq Farid's transcript of his deposition from the 1-800-Flowers case?

Is no one at EA able to confirm when its website transitioned to "Edible" branding?

Absent clear answers to these questions, we intend to move forward with the motions. Hopefully you can provide a little more clarity.

We confirm that we already have the transcripts of the two depositions from the WMG case.

Thanks,

**Eric J. Maiers**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1036 | F +1 312.899.0383
Eric.Maiers@gtlaw.com | www.gtlaw.com | View GT Biography



---

**From:** Solesse L. Altman <Altman@bmelaw.com>
**Sent:** Tuesday, October 11, 2022 5:24 PM
**To:** Maiers, Eric J. (Shld-Chi-IP-Tech) <Eric.Maiers@gtlaw.com>; Jason J. Carter

<carter@bmelaw.com>; E. Allen Page <page@bmelaw.com>
**Cc:** Robert.Browne@troutman.com; Lindsay.henner@troutman.com; john.bowler@troutman.com; Sherman, Maja (Assoc-CHI-IP-Tech) <shermanm@gtlaw.com>; Cronin, Katie (Assoc-CHI-IP-Tech) <cronink@gtlaw.com>; Nelson, Cameron (Shld-Chi-IP-Tech) <NelsonC@gtlaw.com>; Tomlinson, Mikhael F. (Assoc-ATL-Ent) <tomlinsonm@gtlaw.com>
**Subject:** RE: Edible Arrangements / GTI / Motion to Compel - Sales

**\*EXTERNAL TO GT\***

Eric,

As we agreed during our call on September 28, we have looked at each of your additional discovery requests made in Cameron's July 15 email to see if any additional responsive documents exist. As to your request for deposition transcripts in other litigation, we have produced everything that is in Edible's possession, with one possible exception. Will you please let me know if you have received the deposition transcripts of Stephen Thomas and Paul Budonis in *Edible IP, LLC, et al. v. World Media Group*? If you have not, we will produce those by the end of discovery. As to the remainder of Cameron's July 15 email, I can confirm that Edible has already produced all documents within its possession that are relevant to those requests.

I believe this addresses all of your outstanding discovery requests. Please let me know if you still intend to file a motion to compel.

Sunny

---

**From:** Eric.Maiers@gtlaw.com <Eric.Maiers@gtlaw.com>
**Sent:** Tuesday, October 11, 2022 6:21 PM
**To:** Jason J. Carter <carter@bmelaw.com>; Solesse L. Altman <Altman@bmelaw.com>; E. Allen Page <page@bmelaw.com>
**Cc:** Robert.Browne@troutman.com; Lindsay.henner@troutman.com; john.bowler@troutman.com; shermanm@gtlaw.com; cronink@gtlaw.com; NelsonC@gtlaw.com; tomlinsonm@gtlaw.com
**Subject:** RE: Edible Arrangements / GTI / Motion to Compel - Sales

CAUTION:External Email.

Counsel:

Attached is our second motion to compel. Again, we ask that you provide your responsive portion by noon CT this Friday.

Thanks,

**Eric J. Maiers**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1036  |  F +1 312.899.0383
Eric.Maiers@gtlaw.com   |   www.gtlaw.com   |   View GT Biography



---

**From:** Maiers, Eric J. (Shld-Chi-IP-Tech) <Eric.Maiers@gtlaw.com>
**Sent:** Tuesday, October 11, 2022 5:13 PM
**To:** carter@bmelaw.com; altman@bmelaw.com; page@bmelaw.com
**Cc:** Browne, Robert E. <Robert.Browne@troutman.com>; Henner, Lindsay Mitchell <Lindsay.henner@troutman.com>; Bowler, John M. <john.bowler@troutman.com>; Sherman, Maja (Assoc-CHI-IP-Tech) <shermanm@gtlaw.com>; Cronin, Katie (Assoc-CHI-IP-Tech) <cronink@gtlaw.com>; Nelson, Cameron (Shld-Chi-IP-Tech) <NelsonC@gtlaw.com>; Tomlinson, Mikhael F. (Assoc-ATL-Ent) <tomlinsonm@gtlaw.com>
**Subject:** RE: Edible Arrangements / GTI / Motion to Compel - Knowledge of Incredibles

Counsel:

It has been nearly 3 months since we initially raised these issues and nearly two weeks since our meet and confer, and we have not made any progress on any of the discovery issues originally raised in Cameron's 7/15/22 email. Given the lack of resolution and the upcoming close of fact discovery, we are preparing motions to compel on all outstanding issues and will be providing them on a rolling basis. Attached is the first such motion. Please insert your responsive portion and return to us by no later than noon CT Friday.

We are hopeful that you continue to look into issues raised in Cameron's email and discussed during our 9/28/22 meet and confer and that you may be able to moot some or all of the motions, but again, given the limited time remaining in fact discovery, we feel it is necessary to proceed with the motion to compel process.

Thanks,

**Eric J. Maiers**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1036  |  F +1 312.899.0383
Eric.Maiers@gtlaw.com   |   www.gtlaw.com   |   View GT Biography

---

**From:** Sherman, Maja (Assoc-CHI-IP-Tech) <shermanm@gtlaw.com>
**Sent:** Tuesday, October 4, 2022 12:38 PM
**To:** Nelson, Cameron (Shld-Chi-IP-Tech) <NelsonC@gtlaw.com>; Maiers, Eric J. (Shld-Chi-IP-Tech) <Eric.Maiers@gtlaw.com>; carter@bmelaw.com; altman@bmelaw.com; page@bmelaw.com;

Cronin, Katie (Assoc-CHI-IP-Tech) <cronink@gtlaw.com>; Tomlinson, Mikhael F. (Assoc-ATL-Ent) <tomlinsonm@gtlaw.com>
**Cc:** Browne, Robert E. <Robert.Browne@troutman.com>; Henner, Lindsay Mitchell <Lindsay.henner@troutman.com>; Bowler, John M. <john.bowler@troutman.com>
**Subject:** RE: Edible Arrangements / GTI / Documents Discussed at Depositions

Counsel,

We are following up on our below email. Please confirm when you will provide the requested information.

Thanks,
Maja

**Maja Sherman**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1034 | C 305 440 6319
shermanm@gtlaw.com | www.gtlaw.com | View GT Biography



**From:** Sherman, Maja (Assoc-CHI-IP-Tech)
**Sent:** Thursday, September 29, 2022 1:49 PM
**To:** Nelson, Cameron (Shld-Chi-IP-Tech) <NelsonC@gtlaw.com>; Maiers, Eric J. (Shld-Chi-IP-Tech) <Eric.Maiers@gtlaw.com>; 'carter@bmelaw.com' <carter@bmelaw.com>; 'altman@bmelaw.com' <altman@bmelaw.com>; 'page@bmelaw.com' <page@bmelaw.com>; Cronin, Katie (Assoc-CHI-IP-Tech) <cronink@gtlaw.com>; Tomlinson, Mikhael F. (Assoc-ATL-Ent) <tomlinsonm@gtlaw.com>
**Cc:** Browne, Robert E. <Robert.Browne@troutman.com>; Henner, Lindsay Mitchell <Lindsay.henner@troutman.com>; 'Bowler, John M.' <john.bowler@troutman.com>
**Subject:** RE: Edible Arrangements / GTI / Documents Discussed at Depositions

Counsel,

During yesterday's meet and confer, you agreed to look for the below listed items in our 7/15 email. You further agreed to confirm your timeline for providing the requested information in the next couple of days.

We confirm that the 2016 watch notices referenced in our 7/15 email bear Bates Nos. EDIBLE_6280 (Ex. 16 to Farid Silber Tr.) and EDIBLE_6277. Lastly, below is the narrowed list of related litigations.

- *Edible Arrangements LLC, et al. v. Provide Commerce, Inc.*, 14-cv-00250 (D. Conn. Feb, 28, 2014)
- *Edible Arrangements International, LLC, et al. v. 1-800-Flowers.com, Inc. et al.*, 14-cv-01744 (D. Conn. Nov. 20, 2014)
- *Edible Arrangements International, LLC, et al. v. Edible Commerce Consulting, LLC,*

17-cv-00083 (D. Conn. Jan. 20, 2017)
- *BBCC, LLC v. Edible Arrangements, LLC*, 17-cv-00892 (D.S.C. Apr. 5, 2017)
- *Edible IP International, LLP, et al. v. Smith*, 18-cv-00545 (E.D.N.C. Nov. 12, 2018)
- *Edible IP, LLC, et al. v.* 1-800-Flowers.com*, Inc. et al.*, 20-cv-02405 (N.D. Ga. June 4, 2020)
- *Edible IP, LLC, et al. v. World Media Group, LLC*, 20-cv-03259 (N.D. Ga. Aug. 5, 2020)

Regards,
Maja

**Maja Sherman**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1034 | C 305 440 6319
shermanm@gtlaw.com | www.gtlaw.com | View GT Biography



**From:** Nelson, Cameron (Shld-Chi-IP-Tech) <NelsonC@gtlaw.com>
**Sent:** Friday, July 15, 2022 8:43 AM
**To:** Bowler, John M. <john.bowler@troutman.com>; Maiers, Eric J. (Shld-Chi-IP-Tech) <maierse@gtlaw.com>
**Cc:** Browne, Robert E. <Robert.Browne@troutman.com>; Henner, Lindsay Mitchell <Lindsay.henner@troutman.com>; Cronin, Katie (Assoc-CHI-IP-Tech) <cronink@gtlaw.com>; Sherman, Maja (Assoc-CHI-IP-Tech) <shermanm@gtlaw.com>; Tomlinson, Mikhael F. (Assoc-ATL-Ent) <tomlinsonm@gtlaw.com>
**Subject:** Edible Arrangements / GTI / Documents Discussed at Depositions

John,

We write to address a number of discovery items resulting from the recent depositions of Somia Farid-Silber and Tarid Farid.
- There appear to be documents missing from Edible Arrangements' document production and/or privilege log relating to Edible Arrangements' awareness of the INCREDIBLES brand. Particularly:
  - We identified, as part of our own investigation, a request for extension of time to oppose that Edible Arrangements filed against one of our client's trademark applications in early 2016. This document demonstrates that Edible Arrangements was aware of the INCREDIBLES brand in early 2016, and the lack of any other opposition filings demonstrates that Edible Arrangements made an explicit decision *not* to oppose GTI's trademark rights. Yet Edible Arrangements has not produced any documents surrounding the decision to file a request for additional time to oppose, or the ultimate decision not to oppose. There are no entries on Edible Arrangements' privilege log relating to this decision, either. We request that Edible Arrangements immediately

         supplement its document production and privilege lot surrounding this early awareness of and decisions relating to the INCREDIBLES brand in January of 2016.
      - Edible Arrangements produced two documents from later in 2016, both trademark watch notice reports, further demonstrating Edible Arrangements knew about the INCREDIBLES brand in 2016. Edible Arrangement has not produced *any* documents, or privilege log entries, regarding Edible Arrangements' early awareness. Please immediately provide the missing documents and privilege log entries.
- Edible Arrangements has not produced adequate sales information.
   - Earlier, Edible Arrangements confirmed in writing that it does not intend to produce any information relating to its profits – either for Edible Arrangements as a whole, or the Incredible Edibles business. We have accepted this, since it means Edible Arrangements cannot seek lost profits in this case, but we have still requested information regarding Edible Arrangements' and Incredible Edibles' sales.
   - This sales data is important because it is a proxy for measuring the extent to which consumers have been exposed to the "Edible" and "Incredible Edbiles" marks, and the specific products these marks have been associated with.
   - Ms. Farid-Silber confirmed that Edible Arrangements franchises maintain sophisticated sales records, which should allow Edible Arrangements to tell us the sales of specific products with relative ease (in earlier meet and confers, Ms. Henner took the position that it would be too difficult to obtain this information).
   - Obtaining this sales information is important to us because it is likely to demonstrate that Edible Arrangements stores have limited sales of the key products at issue in this case, particularly the baked goods and other items Edible Arrangements has termed "confections." We therefore reiterate our prior request for detailed electronic sales data. What we want to be able to discern from this data is:
      - The quantities of cookies, brownies, chocolate bars, cheesecakes, and other "confections" Edible Arrangements stores have sold, on a store-by-store basis. The store-by-store basis is important because Ms. Farid-Silber confirmed that Edible Arrangements' rebranding to "edible" had just barely started in 2020, and it will be important to assess which sales occurred at which stores.
      - The quantities of cookies, brownies, chocolate bars, cheesecakes, and other "confections" Edible Arrangements has sold via the Edible Arrangements website since it was rebranded to "edible."
      - We are telling you want we want to be able to discern from the data, rather than dictating exactly how you provide the data, to enable Edible Arrangements to obtain this data from their systems in whatever manner is most appropriate.
      - We also require data regarding any sales of Edible Arrangements' "Incredible Edible" and any other product designated "edible."
- Incredible Edibles has not produced adequate sales information.
   - While we appear to have sales data for the two brick-and-mortar stores, we do not appear to have data for the purported "online" sales. Please produce a document which clearly describes the total online sales of the Incredible Edibles website in sufficient detail to describe product-level sales of all items.
   - We also do not appear to have a document which clearly summarizes the total sales of Incredible Edibles products via the Edible Arrangements franchises (Savannah, Dallas

and Houston, I believe).
- We have not received a clear and concise statement as to our request for prior deposition transcripts of key witnesses. For example, we know that Tariq Farid was deposed in the 800-Flowers case, but we have not yet received the transcript. To be clear, our request for transcripts is not limited to this example – we have asked for any deposition transcripts of EA witnesses, including expert witnesses, on the asserted trademarks. We are entitled to these in preparation for trial – and we are entitled to a clear, unambiguous statement of what exists, and what has and has not been produced.
- To date, we have only identified four cease and desist letters in Edible Arrangements' production sent to companies in the Cannabis industry. If this is not correct, please identify where in Edible Arrangements' production we can find these.
- Ms. Farid-Silber was not able to confirm the specific number of stores that had transitioned to "Edible" for their exterior signage by the end of 2018, 2019, and at the time this suit was filed. Please produce documents sufficient to identify the specific numbers at these points in time.
- Ms. Farid-Silber testified that anyone Edible Arrangements sent a cease and desist letter to in the cannabis industry either stopped using the term, or signed a settlement agreement. Please produce these settlement agreements.
- Ms. Farid-Silber testified that the Edible Arrangements website transitioned to "Edible"-only branding around 2018, and that there would be documents to confirm the precise date that the new website went live. Please produce documents sufficient to establish the first date the website was live with Edible-only branding.
- Ms. Farid-Silber confirmed that Edible Arrangements has spreadsheets that track advertising spending per platform. Please produce these documents.
- Ms. Farid-Silber confirmed that Edible Arrangements maintains "playbooks" for advertising. Please produce any that reference "incredible," confections, CBD, THC or Cannabis.
- Ms. Farid-Silber confirmed that the decision to move from "Edibles CBD" to "Incredible Edibles" was made by Tariq, and Tariq was not able to provide any information about this decision. Please produce all documents relating to this decision.
- Mr. Farid testified that Edible Arrangements does due diligence and trademark searches before selecting a brand name. Please produce all due diligence and trademark searches pertaining to the decision to adopt "Incredible Edbiles."
- Both Mr. Farid and Ms. Farid-Silber confirmed that Edible Arrangements does paid Google AdWord buys. Please produce documents showing any adword buys with the term "incredible."
- Please produce any due diligence and trademark searches pertaining to the selection of the term "Incredibar."

We would appreciate your timely response to the items above.

Thank you,
Cameron


**Cameron M. Nelson**
Shareholder

Greenberg Traurig, LLP

77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.6590  |  F +1 312.899.0360  |  C +1 708.227.7106
NelsonC@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.