IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br>　　Plaintiffs,<br><br>v.<br><br>MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC.,<br><br>　　Defendants.<br><br>MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC,<br><br>　　Counterclaim-Plaintiffs,<br><br>v.<br><br>EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br>　　Counterclaim-Defendants. | Civil Action No. 4:20-cv-05840 |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS
TO PRODUCE SALES-RELATED DOCUMENTS AND INFORMATION**

*ACTIVE 682674654v1*

I. **DEFENDANTS' MOTION**

Defendants MC Brands, LLC, and Green Thumb Industries Inc. (collectively, "GTI"), seek production of sales-related documents and information from Plaintiffs Edible IP, LLC, and Edible Arrangements, LLC (collectively, "Plaintiffs"). The parties have complied with their obligations pursuant to Local Rule 37.2. Specifically, GTI's First Requests for Production ("RFP") include:

> **REQUEST NO. 48:** Documents sufficient to identify the monthly number quantity and dollar quantity of sales of each of Edible Arrangements' Goods and Services under each of the EDIBLE Marks.

(Ex. 1, RFP No. 48.) GTI has requested sales information responsive to Request No. 48 since the spring of 2021 and raised deficiencies based on deposition testimony in mid-July. (Ex. 2, 7/15/22 Nelson Email.) In recent weeks leading up to the close of fact discovery, GTI continued to request sales information from Plaintiffs to no avail despite Plaintiffs' agreement to search for the same during the parties' September 28th meet and confer. (Id. at 10/4/22 Sherman Email.) In response to an email from Defendants raising over a dozen perceived discovery deficiencies, Plaintiffs gave the response, "for each category of documents you are seeking, there are no additional documents within Edible's possession, custody, or control." (Ex. 3, Email Chain re: Motion to Compel at 10/12/22 Altman Email.) But as explained more fully below, that is at odds with the sworn testimony of Plaintiffs' corporate designee, and Plaintiffs' have provided no explanation for that contradiction.

A party may move to compel production if a party fails to produce documents requested. FED. R. CIV. P. 37(a)(3)(B)(iv). Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "'Because the purpose of discovery is to help define and clarify the issues,' courts broadly define the scope of relevant discovery." *Beijing Choice Elec. Tech. Co. v.*

1

*Contec Med. Sys. USA, Inc.*, No. 18 C 0825, 2020 U.S. Dist. LEXIS 61634, at *8 (N.D. Ill. Apr. 8, 2020) (J. Ellis). "The party opposing discovery bears the burden of showing why discovery should be disallowed." *In re Peregrine Fin. Grp. Customer Litig.,* No. 12 C 5546, 2015 U.S. Dist. LEXIS 34829, at *6 (N.D. Ill. Mar. 20, 2015) (citation omitted) (J. Ellis).

The sales data that GTI seeks is relevant and proportional to the needs of this case because it functions as a proxy for measuring the extent to which consumers have been exposed to the "Edible" and "Incredible Edibles" Marks, and the specific products that these Marks have been associated with. Furthermore, sales data and related information is indicative of how well—or how poorly—key products at issue have sold or are selling, particularly baked goods and other items that Plaintiffs refer to as "confections." (*See, e.g.*, Ex. 4, Farid Silber Tr. at 305:18-23 (referring to confections as treats, food treats, and sugared treats).) GTI specifically requests detailed electronic data that reflects the following narrowed sales information:

- The quantities of "confections" (e.g., brownies, cheesecakes, chocolate bars, cookies, etc.) that Edible Arrangements stores have sold, on a store-by-store basis. Ms. Farid Silber confirmed that the Edible Arrangements rebrand to "Edible" had barely begun in 2020, and it is critical that GTI can assess which sales occurred at which stores. (Ex. 4, Farid Silber Tr. at 39:1-15.)

- The quantities of cookies, brownies, chocolate bars, cheesecakes, and other "confections" that Edible Arrangements has sold via the Edible Arrangements website since the 2019-2020 rebrand to "Edible."

- Data reflecting eCommerce sales of "Incredible Edible" products, including online, and any other product designated as "Edible."

- Data summarizing the total sales of Incredible Edibles products via the Edible Arrangements franchises (e.g., franchises in Savannah, Dallas, and Houston, among potential others.) (Ex. 4, Farid Silber Tr. at 265:19-266:7 (referencing sales of Incredible Edibles "CBD packets").)

Critically, Plaintiffs' corporate designee, Ms. Farid Silber, testified that the internal finance team can readily pull sales performance data, including information from the franchisee point-of-sale (POS) system. (Ex. 4, Farid Silber Tr. at 142:2-9.) Ms. Farid Silber agreed that such sales

information clarifies how well certain products have sold, or are selling, as compared to others. (*See id.*) Thus, Plaintiffs themselves have conceded that the requested information is relevant. Finally, given Ms. Farid Silber's testimony addressing the ease of accessing the requested information, any objections based on undue burden are unfounded.

Given that Plaintiffs' corporate designee testified that the requested data is available, Plaintiffs' inability to produce that data requires further explanation than a simple statement that "there are no additional documents within Edible's possession, custody, or control." GTI respectfully requests that the Court grant its Motion to Compel and order either the production of the requested documents or a sworn declaration from a representative of Plaintiffs explaining why, counter to their corporate designee's testimony, the requested documents do not exist. For the aforementioned reasons, GTI respectfully requests that the Court grant its Motion to Compel.

## II. PLAINTIFFS' OPPOSITION

Initially, Edible objects that Defendants' multiple motions to compel violate this Court's procedures regarding Discovery Motions. By filing a separate motion for each individual issue, Defendants makes an end-run around this Court's procedures. Edible noted the non-compliance in advance of the filing of the motions, but Defendants refused to comply. Edible's specific objections to these requests are contained within its July 22, 2022, Response to the Motion to Compel, and Edible re-incorporates those objections here. *See* Dkt. 77.

Additionally, as Ms. Silber confirmed in her corporate representative deposition, Edible has produced sales data responsive to Defendants' requests. Ex. A, Silber Dep. at 142:16–24. Counsel for Defendants conceded that he had seen the sales data, but complained that "[i]t hasn't been down to the level of detail that I would like to see." *Id.* at 143:1–3; *see also id.* at 143:7 ("I have the aggregate numbers.") That is, essentially, Defendants' complaint today. But Edible has

produced responsive documents, in the format maintained in the ordinary course, in accordance with Edible's obligations under the Federal Rules of Civil Procedure.

This was true when Defendants raised this discovery dispute on July 15, 2022, and it remains true today. Additionally, following a conferral call on September 28, 2022, Edible re-reviewed Defendants' requests for additional discovery and determined that for each category of documents sought, there are no additional documents within Edible's possession, custody, or control. Accordingly, Edible respectfully requests that the Court deny Defendants' Motion to Compel.

Dated: October 14, 2022

| | |
|---|---|
| BONDURANT MIXSON & ELMORE, LLP | GREENBERG TRAURIG LLP |
| /s/ *Jason J. Carter* | /s/ *Cameron Nelson* |
| Jason J. Carter | Cameron Nelson |
| Solesse L. Altman | Eric J. Maiers |
| E. Allen Page | Maja E. Sherman |
| 3900 One Atlantic Center | Katherine M. Cronin |
| 1201 W. Peachtree Street, N.W. | Mikhael Tomlinson |
| Atlanta, Georgia 30309 | 77 West Wacker Drive, Suite 3100 |
| (404) 881-4100 | Chicago, Illinois 60601 |
| carter@bmelaw.com | (312) 456-6590 |
| altman@bmelaw.com | nelsonc@gtlaw.com |
| page@bmelaw.com | maierse@gtlaw.com |
| | shermanm@gtlaw.com |
| *Attorneys for Edible IP, LLC and Edible Arrangements, LLC* | cronink@gtlaw.com |
| | tomlinsonm@gtlaw.com |
| | *Attorneys for MC Brands, LLC and Green Thumb Industries Inc.* |

ACTIVE 682674654v1

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, the foregoing Motion to Compel was filed with the court via ECF, which will automatically give notice to the parties' counsel of record.

/s/ *Cameron Nelson*
Cameron Nelson
Eric J. Maiers
Maja E. Sherman
Katherine M. Cronin
Mikhael Tomlinson
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-6590
nelsonc@gtlaw.com
maierse@gtlaw.com
shermanm@gtlaw.com
cronink@gtlaw.com
tomlinsonm@gtlaw.com

*Attorneys for MC Brands, LLC and Green Thumb Industries Inc.*