# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC., <br><br> Defendants. | Civil Action No. 4:20-cv-05840 |
| MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC/, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC, <br><br> Counterclaim-Defendants. | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Edible IP, LLC and

Edible Arrangements, LLC (collectively, "Plaintiffs" or "Edible") specifically objects and respond

to Defendants MC Brands, LLC and Green Thumb Industries Inc. ("Defendants") First Set of

Document Requests for Production ("First Requests"), served on February 26, 2021, by

Defendants, as follows.  Edible is collecting documents to produce in response to the First

Requests, which it will provide to Defendants within a reasonable time following service of these

responses.  Edible provides the following responses without any concession, agreement, or

admission, and without waiver, of any ultimate determination of relevant or admissibility of

particular documents for any purpose.

## **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

### **REQUEST NO. 1**

**All documents that relate or refer to Edible Arrangements' selection, adoption, or use of each of the EDIBLE Marks.**

### **RESPONSE TO REQUEST NO. 1:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. There is nothing specifically requested here other than, in effect, every single one of Edible's documents in existence to the extent that Edible uses its marks in the context of doing most if not all of its business. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents in its possession, custody, or control if they exist sufficient to show adoption and use of the Asserted EDIBLE Marks.

**REQUEST NO. 2**

     **All documents that relate or refer to Edible Arrangements' adoption of each of the Edibles Marks.**

**RESPONSE TO REQUEST NO. 2:**

     Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible also objects insofar as this Request is redundant to Request No. 1 in its entirety.

     Edible will produce non-privileged documents in its possession, custody, or control if they exist sufficient to show adoption of the Asserted EDIBLE Marks.

**REQUEST NO. 3**

     **All documents that relate or refer to Edible Arrangements' clearance of each of the EDIBLE Marks, including but not limited to documents that refer or relate to any search(es),**

search reports, investigation or research conducted by or on behalf of Edible Arrangements

concerning Third Party uses of similar marks or the availability to use or register each of the

EDIBLE Marks.

**RESPONSE TO REQUEST NO. 3:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all

documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity"

requirements. Edible further objects to this Request as irrelevant, overbroad, unduly burdensome,

and not proportional to the needs of the case, on the grounds that, as defined by Defendants,

"EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which

are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to

mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further

objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in

business since as early as 1999, over twenty years. Edible further objects to this Request to the

extent it seeks information protected from disclosure by the attorney-client privilege, the attorney

work product doctrine, or any other applicable privilege or protection, including without limitation,

for example, communications between Edible and its counsel, documents crafted by its attorneys

containing the thoughts and mental impressions of its lawyers, etc. Edible also objects that the

phrase "similar marks" is undefined and thus vague and ambiguous, and to the extent that Edible

does not understand what it means to conduct "clearance" searches on third party marks.

Edible will produce non-privileged documents in its possession, custody, or control if they

exist constituting nonprivileged trademark search results and reports for the Asserted EDIBLE

Marks.

**REQUEST NO. 4**

All documents that relate or refer to Edible Arrangements' efforts to register each of the EDIBLE Marks with the USPTO, including file wrappers.

**RESPONSE TO REQUEST NO. 4:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Edible further objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents in its possession, custody, or control constituting file wrappers for the Asserted EDIBLE Marks

**REQUEST NO. 5**

All documents that relate and refer to selling or offering for sale goods or services in connection with each of the EDIBLE Marks, including the characteristics and intended use of such goods and services.

**RESPONSE TO REQUEST NO. 5:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. There is nothing specifically requested here other than, in effect, every single one of Edible's documents in existence to the extent that Edible uses its marks in the context of doing most if not all of its business. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents in its possession, custody, or control if they exist sufficient to show the types and goods and services offered in connection with the Asserted EDIBLE Marks.

**REQUEST NO. 6**

**All surveys, market research or other studies or investigations referencing the EDIBLE Marks or alternatives to the EDIBLE Marks.**

**RESPONSE TO REQUEST NO. 6:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements particularly to the extent that it appears to call for the production of any kind of research work performed related to Edible's business even if the only reference to the Edible Marks is due to the fact that the work was performed for Edible and regardless of whether the contents pertain to the claims and defenses in the case. Edible further objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this Request as vague and ambiguous with respect to the phrase "alternatives to the EDIBLE Marks."

Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of

litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will not produce documents responsive to this request as drafted but invites Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 7**

**All business plans or strategic plans referencing the EDIBLE Marks.**

**RESPONSE TO REQUEST NO. 7:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements particularly to the extent that it appears to call for the production of any kind of "plan" related to Edible's business even if the only reference to the Edible Marks is due to the fact that the plan is for a business named Edible and regardless of whether the contents pertain to the claims and defenses in the case. Edible further objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel,

documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will not produce documents responsive to this request as drafted but invites Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 8**

**Representative samples of actual advertising, marketing or promotional materials for each of Edible Arrangements' Goods and Services offered under each of the EDIBLE Marks, including but not limited to, packaging, flyers, direct mail pieces, point-of-sale pieces, signs, posters, newspaper advertisements, radio advertisements, television advertisements, magazine and electronic advertisements, websites, media articles, catalogs, circulars, leaflets, printed and electronic brochures, press releases and any other public distributed materials.**

**RESPONSE TO REQUEST NO. 8:**

Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years.

Edible will produce non-privileged documents in its possession, custody, or control if they exist constituting representative samples of the types of advertising Edible does for the Asserted EDIBLE Marks.

**REQUEST NO. 9**

All documents relating to the storyboarding, development, editing and approval of each advertisement, marketing or promotional material referencing to the EDIBLE Marks, and versions and drafts of same.

**RESPONSE TO REQUEST NO. 9:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. There is nothing specifically requested here other than, in effect, every single one of Edible's documents even marginally *related* to most if not all of Edible's advertisements, regardless of whether the contents of the advertisement or the documents bearing the slighted relationship to such advertisement have any likelihood to contribute to the claims and defenses in this case. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will not produce documents responsive to this request as drafted but invites

Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 10**

All documents discussing the use of "edible" in any advertising, marketing or promotional material.

**RESPONSE TO REQUEST NO. 10:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents about using Edible's brand name in advertising which beyond lack of relevance on such a scale, in any event is impossible to isolate in a reasonable search because Edible uses its brand name in most if not all email signatures and advertising related documents. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will not produce documents responsive to this request as drafted but invites

Defendants' counsel to meet and confer over the scope of this request.

## REQUEST NO. 11

All documents that relate or refer to the distribution or placement of advertising, marketing, or promotional material for Edible Arrangements' Goods and Services sold or offered for sale under each of the EDIBLE Marks.

## RESPONSE TO REQUEST NO. 11:

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents about advertising using Edible's brand name which beyond lack of relevance on such a scale, in any event is impossible to isolate in a reasonable search because Edible uses its brand name in most if not all email signatures and advertising related documents. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible also objects to this Request on the grounds that it seeks only redundant

documents sought through Requests 5-10.

Edible will produce non-privileged documents located in a reasonable search in its possession, custody, or control if they exist sufficient to show the scope of its advertising distribution channels for the Asserted EDIBLE Marks.

**REQUEST NO. 12**

**Documents sufficient to identify all forms or channels of media through which Edible Arrangements has advertised, marketed, or promoted Edible Arrangements' Goods and Services under each of the EDIBLE Marks, including the specific advertisements used in each channel, the scope of use of each advertisement, and any estimated impact of each advertisement.**

**RESPONSE TO REQUEST NO. 12:**

Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years.

Edible will produce non-privileged documents in its possession, custody, or control if they exist sufficient to identify its media channels including representative samples of such media.

**REQUEST NO. 13**

**All documents relating to each published version of each website on which Edible Arrangements has promoted or sold Edible Arrangements' Goods and Services under each**

of the EDIBLE Marks.

**RESPONSE TO REQUEST NO. 13:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents pertaining to Edible's websites in any way whatsoever, including things like extensive routine maintenance and web development/backend information that has no significance in this case. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents from the last three years in its possession, custody, or control if they exist constituting images of the current Edible websites.

**REQUEST NO. 14**

**Documents sufficient to determine the budgets allocated and dollars spent on advertising, promotions, website design, and press releases referencing the EDIBLE Marks.**

**RESPONSE TO REQUEST NO. 14:**

Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years.

Edible will produce non-privileged documents from 2018-2020 in its possession, custody, or control if they exist sufficient to show advertising budgets and spend for the Asserted EDIBLE Marks.

**REQUEST NO. 15**

**All documents reflecting any discussion regarding the budgets allocated and dollars spent on advertising promotions, website design, and press releases referencing the EDIBLE Marks.**

**RESPONSE TO REQUEST NO. 15:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents relating to advertising budgets in any way whatsoever. Edible is not aware of any relevance to this case of "discussions" about budgeting as a general matter. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active

trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years.

Edible will not produce documents responsive to this request as drafted but invites Defendants' counsel to meet and confer over the scope of this request.

## REQUEST NO. 16

**Documents sufficient to identify the channels of trade through which Edible Arrangements has sold or offered for sale Edible Arrangements' Goods and Services under each of the EDIBLE Marks, including the quantities of specific goods and services sold in each channel of trade and the specific EDIBLE Marks associated with each specific good and service.**

## RESPONSE TO REQUEST NO. 16:

Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years.

Edible will produce non-privileged documents from 2018-2020 in its possession, custody, or control if they exist sufficient to identify the channels of trade and quantities of goods sold.

## REQUEST NO. 17

**Documents sufficient to illustrate the manner in which each of the EDIBLE Marks have been used in connection with each of Edible Arrangements' Goods and Services.**

## RESPONSE TO REQUEST NO. 17:

Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years.

Edible will produce documents sufficient to show use of the Asserted Edible Marks with each category of Edible's goods and services.

## REQUEST NO. 18

**Documents sufficient to identify the date(s) on which Edible Arrangements used each of the EDIBLE Marks in connection with the sale or offer for sale of each of Edible Arrangements' Goods and Services.**

## RESPONSE TO REQUEST NO. 18:

Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that as written it seeks a date of sale for each individual transaction for every good that Edible has ever sold, and because as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words

"EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years.

Edible will produce non-privileged documents in its possession, custody, or control if they exist sufficient to identify the date of first use of the Asserted EDIBLE Marks.

## REQUEST NO. 19

**All documents referencing payments or compensation paid to trade journals, magazines, press release and wire services, newspapers, journalists, blogs, bloggers and other publications, writers and publishers which published an item referring to the EDIBLE Marks.**

## RESPONSE TO REQUEST NO. 19:

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents pertaining to paying for media related to Edible's business. There is no articulable relevance to this case of all documents referencing payments for all media. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years.

Edible will not produce documents responsive to this request as drafted but invites

Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 20**

**All documents that relate or refer to methods by which Edible Arrangements monitors and ensures the quality of Edible Arrangements' Goods and Services under each of the EDIBLE Marks.**

**RESPONSE TO REQUEST NO. 20:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents pertaining to quality control in any way whatsoever, which is particularly oppressive in a significant franchise system like Edible's that sells millions of products. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents from the last three years in its possession,

custody, or control if they exist sufficient to show methods used to ensure the quality of the Asserted EDIBLE Marks.

## REQUEST NO. 21

**All documents that relate or refer to the quality of Edible Arrangements' Goods and Services under each of the EDIBLE Marks, including any customer complaints.**

## RESPONSE TO REQUEST NO. 21:

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents pertaining to Edible's product quality in any way whatsoever, which is particularly oppressive in a significant franchise system like Edible's that sells millions of products. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will not produce documents responsive to this request as drafted but invites

Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 22**

      **All documents identifying or attempting to identify the target or typical end consumer of Edible Arrangements' Goods and Services under each of the EDIBLE Marks, including documents that refer or relate to their demographic characteristics (e.g., age, gender, race, income) or psychographic characteristics (e.g., buyer preferences).**

**RESPONSE TO REQUEST NO. 22:**

      Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents pertaining to consumer characteristics. There is no articulable relevance to this case of literally all such documents. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years.

      Edible will produce non-privileged documents in its possession, custody, or control if they exist sufficient to show the characteristics of a typical consumer.

**REQUEST NO. 23**

      **All documents that relate or refer to the manner of use of each of the EDIBLE Marks, including any requirements, guidelines, rules, procedures, or standards governing the use of**

each of the **EDIBLE Marks** by **Edible Arrangements** or any **Third Party, including franchisees.**

**RESPONSE TO REQUEST NO. 23:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents about using Edible's brand name which beyond lack of relevance on such a scale, in any event is impossible to isolate in a reasonable search because Edible uses its brand name in most if not all email signatures and advertising related documents. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents from the last three years in its possession, custody, or control if they exist that constitute nonprivileged brand standards.

**REQUEST NO. 24**

All documents that relate or refer to any party's use of the term "edible" and/or "edibles" in connection with cannabis or CBD-infused food products.

**RESPONSE TO REQUEST NO. 24:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents" which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Beyond lack of relevance on such a scale, in any event the requested documents are impossible to isolate in a reasonable search because Edible uses its brand name in most if not all email signatures and in numerous business related documents. Edible further objects to the extent that this request seeks documents outside of Edible's possession, custody, or control. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to the phrase "any party" as vague and ambiguous. Edible does not know what "any party" means (Parties to the case? Third parties? Both?) and therefore cannot respond to the request as written.

Edible will not produce documents responsive to this request as drafted but invites Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 25**

All documents that relate or refer to any Third Party use of the term "edible" and/or "edibles," or a variation thereof, in connection with goods and services other than cannabis or CBD-infused food products.

**RESPONSE TO REQUEST NO. 25:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents" which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Beyond lack of relevance on such a scale, in any event the requested documents are impossible to isolate in a reasonable search because Edible uses its brand name in most if not all email signatures and in numerous business related documents. Edible further objects to the extent that this request seeks documents outside of Edible's possession, custody, or control. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will not produce documents responsive to this request as drafted but invites Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 26**

**All documents that relate or refer to any research, analysis, or investigation conducted by or on behalf of Edible Arrangements into any Third Party use of the term "edible" and/or "edibles," or a variation thereof, in connection with cannabis or CBD-infused food products.**

**RESPONSE TO REQUEST NO. 26:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Beyond lack of relevance on such a scale, in any event the requested documents are

impossible to isolate in a reasonable search because Edible uses its brand name in most if not all email signatures and in numerous business related documents. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will produce non-privileged documents in its possession, custody, or control constituting research or analysis of Third Party uses of the term "edible" or "edibles" with cannabis or CBD if any exist.

**REQUEST NO. 27**

**All documents that relate or refer to Edible Arrangements' enforcement of any EDIBLE Marks, including but not limited to documents that relate or refer to any search(es), search reports, investigations, research, or communications with a Third Party ` concerning uses of similar marks.**

**RESPONSE TO REQUEST NO. 27:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents pertaining to Edible's enforcement activity in any way whatsoever regardless of whether it has a bearing on the particular claims and defenses in this case. Even if there were an arguable marginal benefit to a production as requested, it is significantly outweighed by the burden of parsing decades of enforcement activity involving a variety of disparate former counsel. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents from the last three years in its possession, custody, or control if they exist sufficient to identify any lawsuits or trademark opposition proceedings filed by Edible relating to the Asserted EDIBLE Marks.

**REQUEST NO. 28**

All documents that relate or refer to any research, analysis, or investigation conducted by or on behalf of Edible Arrangements into any Third Party use of the term "edible" and/or "edibles," or a mark incorporating some version of the term "edible" and/or "edibles," in connection with goods and services other than cannabis or CBD-infused food products.

**RESPONSE TO REQUEST NO. 28:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Beyond lack of relevance on such a scale, in any event the requested documents are impossible to isolate in a reasonable search because Edible uses its brand name in most if not all email signatures and in numerous business related documents. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been

reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will produce non-privileged documents located in a reasonable search in its possession, custody, or control constituting research or analysis of Third Party uses of the term "edible" or "edibles" if any exist.

## REQUEST NO. 29

**All documents that relate or refer to any use of the term "edible" and/or "edibles" in a descriptive or generic manner in connection with cannabis or CBD-infused food products.**

## RESPONSE TO REQUEST NO. 29:

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Beyond lack of relevance on such a scale, in any event the requested documents are impossible to isolate in a reasonable search because Edible uses its brand name in most if not all email signatures and in numerous business related documents. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted,

retained, or specially employed in anticipation of litigation or in preparation for trial, but who is

not a testifying expert and his or her work product, opinions and mental impressions have not been

reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual

knowledge or information about the case.

Edible will produce non-privileged documents located in a reasonable search in its

possession, custody, or control if they exist sufficient to show awareness of any descriptive or

generic manner in connection with cannabis or CBD-infused food products.

## REQUEST NO. 30

**All documents that relate or refer to any use of the term "edible" and/or "edibles" in a descriptive or generic manner in connection with goods and services other than cannabis or CBD-infused food products.**

## RESPONSE TO REQUEST NO. 30:

Edible specifically objects to this Request as overbroad to the extent it seeks "all

documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity"

requirements. Beyond lack of relevance on such a scale, in any event the requested documents are

impossible to isolate in a reasonable search because Edible uses its brand name in most if not all

email signatures and in numerous business related documents. Edible further objects to the extent

that this Request is unlimited in time, despite the fact that Edible has been in business since as

early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks

information protected from disclosure by the attorney-client privilege, the attorney work product

doctrine, or any other applicable privilege or protection, including without limitation, for example,

communications between Edible and its counsel, documents crafted by its attorneys containing the

thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the

extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will produce non-privileged documents located in a reasonable search in its possession, custody, or control if they exist sufficient to show awareness of any descriptive or generic manner in connection with goods and services other than cannabis or CBD-infused food products.

**REQUEST NO. 31**

**All documents that relate or refer to the manner in which Edible Arrangement polices, prohibits, prevents, or attempts to correct generic or descriptive uses of the term "edible" and/or "edible," including each of the EDIBLE Marks.**

**RESPONSE TO REQUEST NO. 31:**

Edible objects to this Request as drafted for several reasons, including because it (i) assumes that Edible polices non-trademark uses of EDIBLE, and (ii) appears to require Edible to concede that the EDIBLE Marks fall into the category of generic or descriptive which they do not. Edible specifically objects to this Request as overbroad to the extent it seeks "all documents" that refer or relate in any way to the listed activity, which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements, and disregards the relevance of any such documents to the particular claims and defenses in this case. Edible objects to this Request as

irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible is not aware of any way in which to respond to this request with nonprivileged documents to the extent that it directly invokes a legal enforcement "manner", methodology and strategy. For that reason, Edible will not produce documents.

**REQUEST NO. 32**

**Documents sufficient to identify any person(s), including Third Parties, acting on Edible Arrangements' behalf in policing, correcting, preventing or attempting to rectify descriptive or generic uses of "edible" and/or "edibles" by Third Parties.**

**RESPONSE TO REQUEST NO. 32:**

Edible objects to this Request as drafted because it assumes that Edible polices non-trademark uses of EDIBLE. Edible objects to this request as vague and ambiguous as to the phrase "any person(s) including Third Parties." Edible does not know what the difference is between "any person(s)" and "Third Parties" except that Defendants meet both definitions, so potentially

Defendants seek to know who is engaged in enforcement activities against them but the Request is unclear in that regard. Edible furth objects to this Request to the extent it appears to be seeking the production of documents identifying Edible's trademark enforcement counsel or other individuals participating therein; as such, Edible objects to this Request as better suited for another form of discovery such as interrogatories. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years.

Given all of the foregoing, Edible invites Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 33**

**All documents that relate or refer to Edible Arrangements' use of the term "edible" and/or "edibles" to describe any good or services offered by Edible Arrangements, including Edible Arrangements use of the term "edible" and/or "edibles," apart from any of the EDIBLE Marks, to describe any good or services offered by Edible Arrangements.**

**RESPONSE TO REQUEST NO. 33:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. In any event the requested documents are impossible to isolate in a reasonable search because Edible uses its brand name in most if not all email signatures and in numerous business related documents and advertising. Edible cannot simply use "edible" as a search term and return the specific documents that Defendants request. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information

protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents in its possession, custody, or control if they exist and are located in a reasonable search that constitute instances in which Edible used "edible" or "edibles" apart from the EDIBLE Marks to describe a good or service provided by Edible.

**REQUEST NO. 34**

**All documents that relate or refer to objections of any kind Edible Arrangements has made to Third party use of the term "edible" and/or "edibles."**

**RESPONSE TO REQUEST NO. 34:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents pertaining to Edible's enforcement activity in any way whatsoever regardless of whether it has a bearing on the particular claims and defenses in this case. Even if there were an arguable marginal benefit to a production as requested, it is significantly outweighed by the burden of parsing decades of enforcement activity involving a variety of disparate former counsel. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the

thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents from the last three years in its possession, custody, or control if they exist sufficient to identify any lawsuits or trademark opposition proceedings filed by Edible relating to the Asserted EDIBLE Marks.

## REQUEST NO. 35

**All documents relating to any Third Party trademarks, applications to register trademarks, and trademark registrations to which Edible Arrangements has objected based upon any of the EDIBLE Marks by way of initiating formal proceedings, sending demand letter(s), or otherwise.**

## RESPONSE TO REQUEST NO. 35:

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. This request appears to seek every single one of Edible's documents pertaining to Edible's enforcement activity in any way whatsoever regardless of whether it has a bearing on the particular claims and defenses in this case. Even if there were an arguable marginal benefit to a production as requested, it is significantly outweighed by the burden of parsing decades of enforcement activity involving a variety of disparate former counsel. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over

twenty years.  Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents from the last three years in its possession, custody, or control if they exist sufficient to identify any lawsuits or trademark opposition proceedings filed by Edible relating to the Asserted EDIBLE Marks..

## REQUEST NO. 36

**All communications, including demand letters, sent by Edible Arrangements to any Third Party regarding any of the EDIBLE Marks and alleged trademark or unfair competition issues, as well as any communications received in response.**

## RESPONSE TO REQUEST NO. 36:

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements.  This request appears to seek every single one of Edible's documents pertaining to Edible's enforcement activity in any way whatsoever regardless of whether it has a bearing on the particular claims and defenses in this case.  Even if there were an arguable marginal benefit to a production as requested, it is significantly outweighed by the burden of parsing decades of enforcement activity involving a variety of disparate former counsel.  Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in

this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents from the last three years in its possession, custody, or control if they exist sufficient to identify any lawsuits or trademark opposition proceedings filed by Edible relating to the Asserted EDIBLE Marks.

**REQUEST NO. 37**

**All documents that relate or refer to any research (including consumer surveys, focus groups, polls, interviews, tracking studies, et., regardless of whether qualitative or quantitative) conducted by or on behalf of Edible Arrangements concerning any of the EDIBLE Marks, or Edible Arrangements' Goods and Services under any of the EDIBLE Marks.**

**RESPONSE TO REQUEST NO. 37:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements particularly to the extent that it appears to call for the production of any kind of research work performed related to Edible's business even if the only reference to the Edible Marks is due to the fact that the work was performed for Edible and regardless of whether the contents

pertain to the claims and defenses in the case. Edible further objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will not produce documents responsive to this request as drafted but invites Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 38**

**All documents that relate or refer to any research (including consumer surveys, focus groups, polls, interviews, tracking studies, et., regardless of whether qualitative or**

quantitative) conducted by or on behalf of Edible Arrangements concerning typical or target consumers of Edible Arrangements' Goods and Services under any of the EDIBLE Marks.

**RESPONSE TO REQUEST NO. 38:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents" relating in any way to research about Edible's consumers, which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. There is no articulable relevance to this case of literally all such documents. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will produce non-privileged documents from in its possession, custody, or control if they exist the results of research into typical consumer demographics for Edible's goods and services.

**REQUEST NO. 39**

All documents that relate or refer to any research (including consumer surveys, focus groups, polls, interviews, tracking studies, et., regardless of whether qualitative or quantitative) conducted by or on behalf of Edible Arrangements concerning Defendants, Defendants' use of the INCREDIBLES Mark, or any Third Party's use of the term "edible" and/or "edibles."

**RESPONSE TO REQUEST NO. 39:**

To the extent this Request relates to Third Parties, it is redundant of earlier requests to which Edible has already responded. Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Beyond lack of relevance on such a scale, in any event the requested documents are impossible to isolate in a reasonable search because Edible uses its brand name in most if not all email signatures and in numerous business related documents. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in

preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will produce non-privileged documents in its possession, custody, or control constituting research concerning Defendants' use of the INCREDIBLES Mark if any exists.

## REQUEST NO. 40

**All documents relating to Defendants' use of the term "incredibles," including documents demonstrating Edible Arrangements' awareness of same.**

## RESPONSE TO REQUEST NO. 40:

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will produce non-privileged documents in its possession, custody, or control if they exist referring to Defendants' use of "incredibles" and demonstrating Edible's awareness of the same.

## REQUEST NO. 41

**All documents that relate or refer to communications between Edible Arrangements and any Third Party concerning Defendants' use of the term "incredibles."**

## RESPONSE TO REQUEST NO. 41:

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will produce non-privileged documents in its possession, custody, or control if they exist constituting communications between Edible and Third-Parties concerning Defendants' use

of the term "incredibles."

## REQUEST NO. 42

**Documents that refer or relate to any instance of which Edible Arrangements has actual or hearsay knowledge, directly or indirectly, of any inquiry regarding or suggestion of any connection of any type between Edible Arrangements and Defendants or any of their respective goods or services. For illustrative purposes only and without limiting the foregoing, such instances would include misdirected inquiries, orders, cancellations or returns; misassumptions as to source or origin; and comments, complaints, or expressions by any person indicating an assumption or belief as to association or connection between Edible Arrangements and Defendants.**

## RESPONSE TO REQUEST NO. 42:

Edible objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents from the last three years in its possession, custody, or control if they exist sufficient to identify inquiries regarding a connection between Edible and Defendants.

## REQUEST NO. 43

**All documents that constitute, relate or refer to any agreement concerning any of the EDIBLE Marks or their use, including without limitation any license agreement, assignment, joint venture, promotional agreement, consent agreement, concurrent use agreement."**

**RESPONSE TO REQUEST NO. 43:**

To the extent this Request relates to Third Parties, it is redundant of earlier requests to which Edible has already responded. Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. There is no relevance to or need for literally all documents related in any way to agreements. Beyond lack of relevance on such a scale, this potentially invokes, for example, every single Edible franchise agreement in company history and therefore every single document relating to every single franchise agreement. Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will not produce documents responsive to this request as drafted but invites Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 44**

**All documents that relate or refer to Edible Arrangements' responses to**

interrogatories in this case, including all documents that support or refute Edible Arrangements' responses or that were reviewed in connection with the preparation of Edible Arrangements' responses.

**RESPONSE TO REQUEST NO. 44:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents" related to all of Edible's interrogatory responses, which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. There is nothing specifically identified for production by this Request, other than something akin to "all documents related to the case," which is improper. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects that the term "refute" is vague and ambiguous on the grounds that Edible cannot independently determine what Defendants understand as evidence that "refutes" Edible's responses.

Edible will produce non-privileged documents that it specifically relied upon or referenced in drafting Edible's Responses and Objections to Defendants' Interrogatories.

**REQUEST NO. 45**

**All documents that form the basis for or support, or refute, Edible Arrangements' Complaint and Answer to Defendants' Counterclaims, including all documents that you reviewed in connection with the preparation of Edible Arrangements' Complaint and Answer to Defendants' Counterclaims.**

**RESPONSE TO REQUEST NO. 45:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents", which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. There is nothing specifically identified for production by this Request, other than something akin to "all documents related to the case," which is improper. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects that the term "refute" is vague and ambiguous on the grounds that Edible cannot independently determine what Defendants understand as evidence that "refutes" Edible's claims in its Complaint and Answer to Defendants' Counterclaims.

Edible will produce non-privileged documents that it specifically relied upon or referenced in drafting Edible's claims in its Complaint and Answer to Defendants' Counterclaims.

**REQUEST NO. 46**

**All documents that relate or refer to Edible Arrangements' responses to Defendants' Requests for Admissions in this case, including all documents that support or refute Edible Arrangements' responses or that were reviewed in connection with the preparation of Edible Arrangements' responses.**

**RESPONSE TO REQUEST NO. 46:**

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents" relating in any way to all requests for admission responses, which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. There is nothing

specifically identified for production by this Request, other than something akin to "all documents related to the case," which is improper. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce non-privileged documents in its possession, custody, or control if they exist that are specifically referenced to in Edible's Responses and Objections to Defendants' Requests for Admissions.

## REQUEST NO. 47

**All documents that support or refuse any allegation by Edible Arrangements that the term "edible" is recognized by consumers as associating with Edible Arrangements apart from other brand indicia used by Edible Arrangements.**

## RESPONSE TO REQUEST NO. 47:

Edible objects to this Request as vague and ambiguous as to the meaning of the phrase "apart from other brand indicia used," and to what allegation of Edible's this is referring. As best as Edible can attempt to understand this phrase, it is inconsistent with trademark law to the extent that the text of a word mark in complete isolation from any and all context and/or marketplace conditions is not the proper basis to analyze a likelihood of confusion or trademark ownership. In any event, Defendants *are* using "brand indicia" similar to Edible's including for example, their stylized logo treatment and product mix related to fruit and confections, that contribute to a likelihood of confusion. Edible invites Defendants' counsel to confer over whether there is a reasonable interpretation of this Request but is otherwise unable to respond with an agreement to

produce at this time.

**REQUEST NO. 48**

**Documents sufficient to identify the monthly number quantity and dollar quantity of sales of each of Edible Arrangements' Goods and Services under each of the EDIBLE Marks.**

**RESPONSE TO REQUEST NO. 48:**

Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the extent that it purports to call for the creation of documents that convey information in a manner that differs from how that information is stored in the ordinary course. To the extent that this Request purports to call for an itemized list of goods sold, on a monthly basis, including through Edible's extensive franchise system, it is unduly burdensome, irrelevant, and disproportionate to the needs of the case.

Edible will not produce documents responsive to this request as drafted but invites Defendants' counsel to meet and confer over the scope of this request.

**REQUEST NO. 49**

Documents sufficient to identify the profit Edible Arrangements has received from the sale of Edible Arrangements' Goods and Services under each of the EDIBLE Marks.

**RESPONSE TO REQUEST NO. 49:**

Edible objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, on the grounds that, as defined by Defendants, "EDIBLE Marks" refers to a portfolio consisting of at least 324 active trademarks, not all of which are relevant to claims or defenses in this case. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint. Edible further objects to the extent that this Request is unlimited in time, despite the fact that Edible has been in business since as early as 1999, over twenty years. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will produce non-privileged documents from the last three years in its possession,

custody, or control if they exist sufficient to identify the profit Edible has received from the sale of goods under the Asserted EDIBLE Marks.

## REQUEST NO. 50

All documents that relate or refer to any irreparable harm Edible Arrangements has suffered or any irreparable harm Edible Arrangements will suffer as a result of Defendants' alleged actions set forth in the Complaint.

## RESPONSE TO REQUEST NO. 50:

Edible specifically objects to this Request as overbroad to the extent it seeks "all documents," which does not comply with Fed. R. Civ. P. 34(b)(1)'s "reasonable particularity" requirements. Edible further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc. Edible further objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will produce non-privileged documents in its possession, custody, or control if they exist sufficient to show irreparable harm as a result of Defendants' actions.

**REQUEST NO. 51**

Documents that relate or refer to any lost sales Edible Arrangements has suffered as a result of Defendants' alleged actions as set forth in the Complaint.

**RESPONSE TO REQUEST NO. 51:**

If this Request is purporting to call for "all documents", which is unclear, Edible objects to the Request as overbroad, unduly burdensome, and lacking in particularity to the extent that any and all documents are not necessary to the claims and defenses in this case. Edible will produce any non-privileged documents in its possession, custody, or control if they exist sufficient to show any lost sales of Edible as a result of Defendants' actions.

**REQUEST NO. 52**

Documents that relate or refer to any actual damages Edible Arrangements has suffered as a result of Defendants' alleged actions as set forth in the Complaint, including documents that refer or relate to calculations or methods of calculating Edible Arrangements' claimed damages.

**RESPONSE TO REQUEST NO. 52:**

Edible objects to this request to the extent that it is premature and exceeds the obligations of Rule 26, which limit discovery that may be obtained from a party's testifying expert. Edible further objects to this request to the extent it seeks documents relating to any protected non-discoverable consulting expert who is consulted, retained, or specially employed in anticipation of litigation or in preparation for trial, but who is not a testifying expert and his or her work product, opinions and mental impressions have not been reviewed by a testifying expert, and he or she otherwise has no discoverable, personal factual knowledge or information about the case.

Edible will produce any non-privileged documents in its possession, custody, or control if

they exist sufficient to show Edible's any actual damages Edible has suffered.

**REQUEST NO. 53**

Documents that support or refute Edible Arrangements' allegation that Defendants willfully infringed each of the EDIBLE Marks.

**RESPONSE TO REQUEST NO. 53:**

Edible objects that the term "refute" is vague and ambiguous on the grounds that Edible cannot independently determine what Defendants understand as evidence that "refutes" Edible's allegation that Defendants' willfully infringe each of the Asserted EDIBLE Marks. Edible interprets the words "EDIBLE Marks" to mean the Asserted EDIBLE Marks as described in ¶¶ 33 and 49 of the Complaint.

Edible will produce non-privileged documents sufficient to support or that otherwise refute its claim of willful infringement against Defendants.

**REQUEST NO. 54**

Documents identified or referenced by Edible Arrangements in any initial disclosures it serves in this proceeding and in all supplements and amendments thereof.

**RESPONSE TO REQUEST NO. 54:**

Edible will produce any non-privileged documents identified or referenced by Edible in Section (ii) of its Initial Disclosures served on February 9, 2021 in this proceeding and as may later be supplemented or amended.

**REQUEST NO. 55**

Any other documents that Edible Arrangements believe support any factual or legal claim Edible Arrangements has asserted or plans to assert in this proceeding or that Edible Arrangements intends to rely on in connection with this proceeding.

**RESPONSE TO REQUEST NO. 55:**

Edible specifically objects to this Request as seeking documents that are redundant to materials already sought by Defendants in Requests 1 through 54. Edible further objects to this Request to the extent any documents supportive of its factual or legal claim are otherwise protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, including without limitation, for example, communications between Edible and its counsel, documents crafted by its attorneys containing the thoughts and mental impressions of its lawyers, etc.

Edible will produce any non-privileged documents that it intends to rely on to support its factual or legal claims in this proceeding unless the use would be solely for impeachment.

Dated: April 5, 2021

By: _/s/ John M. Bowler_____
Robert E. Browne, Jr.
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
robert.browne@troutman.com
Tel: 312.759.1920

John M. Bowler
Lindsay M. Henner (*pro hac vice*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
john.bowler@troutman.com
lindsay.henner@troutman.com
Tel: 404.885.3000

*Attorneys for Plaintiffs Edible IP, LLC and Edible Arrangements LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on April 5, 2021, I served the foregoing "Plaintiffs' Objections and Responses to Defendants' First Set of Requests for Production" via email to Defendants' counsel of record as follows:

Cameron Nelson
Eric J. Maiers
Michael R. Friedman
GREENBURG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-6590
nelsonc@gtlaw.com
maierse@gtlaw.com
friedmanm@gtlaw.com

_/s/ *John M. Bowler*_____
John M. Bowler

114297374v1