# Exhibit 2

| | |
|---|---|
| **From:** | Sherman, Maja (Assoc-CHI-IP-Tech) |
| **To:** | Nelson, Cameron (Shld-Chi-IP-Tech); Maiers, Eric J. (Shld-Chi-IP-Tech); carter@bmelaw.com; altman@bmelaw.com; page@bmelaw.com; Cronin, Katie (Assoc-CHI-IP-Tech); Tomlinson, Mikhael F. (Assoc-ATL-Ent) |
| **Cc:** | Browne, Robert E.; Henner, Lindsay Mitchell; Bowler, John M. |
| **Subject:** | RE: Edible Arrangements / GTI / Documents Discussed at Depositions |
| **Date:** | Tuesday, October 4, 2022 12:37:50 PM |
| **Attachments:** | image001.png |

Counsel,

We are following up on our below email. Please confirm when you will provide the requested information.

Thanks,
Maja

**Maja Sherman**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1034 | C 305 440 6319
shermanm@gtlaw.com | www.gtlaw.com | View GT Biography



---

**From:** Sherman, Maja (Assoc-CHI-IP-Tech)
**Sent:** Thursday, September 29, 2022 1:49 PM
**To:** Nelson, Cameron (Shld-Chi-IP-Tech) <NelsonC@gtlaw.com>; Maiers, Eric J. (Shld-Chi-IP-Tech) <Eric.Maiers@gtlaw.com>; 'carter@bmelaw.com' <carter@bmelaw.com>; 'altman@bmelaw.com' <altman@bmelaw.com>; 'page@bmelaw.com' <page@bmelaw.com>; Cronin, Katie (Assoc-CHI-IP-Tech) <cronink@gtlaw.com>; Tomlinson, Mikhael F. (Assoc-ATL-Ent) <tomlinsonm@gtlaw.com>
**Cc:** Browne, Robert E. <Robert.Browne@troutman.com>; Henner, Lindsay Mitchell <Lindsay.henner@troutman.com>; 'Bowler, John M.' <john.bowler@troutman.com>
**Subject:** RE: Edible Arrangements / GTI / Documents Discussed at Depositions

Counsel,

During yesterday's meet and confer, you agreed to look for the below listed items in our 7/15 email. You further agreed to confirm your timeline for providing the requested information in the next couple of days.

We confirm that the 2016 watch notices referenced in our 7/15 email bear Bates Nos. EDIBLE_6280 (Ex. 16 to Farid Silber Tr.) and EDIBLE_6277. Lastly, below is the narrowed list of related litigations.

- *Edible Arrangements LLC, et al. v. Provide Commerce, Inc.*, 14-cv-00250 (D. Conn. Feb, 28, 2014)
- *Edible Arrangements International, LLC, et al. v. 1-800-Flowers.com, Inc. et al.*, 14-cv-01744 (D. Conn. Nov. 20, 2014)

- *Edible Arrangements International, LLC, et al. v. Edible Commerce Consulting, LLC*, 17-cv-00083 (D. Conn. Jan. 20, 2017)
- *BBCC, LLC v. Edible Arrangements, LLC*, 17-cv-00892 (D.S.C. Apr. 5, 2017)
- *Edible IP International, LLP, et al. v. Smith*, 18-cv-00545 (E.D.N.C. Nov. 12, 2018)
- *Edible IP, LLC, et al. v. 1-800-Flowers.com, Inc. et al.*, 20-cv-02405 (N.D. Ga. June 4, 2020)
- *Edible IP, LLC, et al. v. World Media Group, LLC*, 20-cv-03259 (N.D. Ga. Aug. 5, 2020)

Regards,
Maja

**Maja Sherman**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1034 | C 305 440 6319
shermanm@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

**From:** Nelson, Cameron (Shld-Chi-IP-Tech) <NelsonC@gtlaw.com>
**Sent:** Friday, July 15, 2022 8:43 AM
**To:** Bowler, John M. <john.bowler@troutman.com>; Maiers, Eric J. (Shld-Chi-IP-Tech) <maierse@gtlaw.com>
**Cc:** Browne, Robert E. <Robert.Browne@troutman.com>; Henner, Lindsay Mitchell <Lindsay.henner@troutman.com>; Cronin, Katie (Assoc-CHI-IP-Tech) <cronink@gtlaw.com>; Sherman, Maja (Assoc-CHI-IP-Tech) <shermanm@gtlaw.com>; Tomlinson, Mikhael F. (Assoc-ATL-Ent) <tomlinsonm@gtlaw.com>
**Subject:** Edible Arrangements / GTI / Documents Discussed at Depositions

John,

We write to address a number of discovery items resulting from the recent depositions of Somia Farid-Silber and Tarid Farid.

- There appear to be documents missing from Edible Arrangements' document production and/or privilege log relating to Edible Arrangements' awareness of the INCREDIBLES brand. Particularly:
    - We identified, as part of our own investigation, a request for extension of time to oppose that Edible Arrangements filed against one of our client's trademark applications in early 2016. This document demonstrates that Edible Arrangements was aware of the INCREDIBLES brand in early 2016, and the lack of any other opposition filings demonstrates that Edible Arrangements made an explicit decision *not* to oppose GTI's trademark rights. Yet Edible Arrangements has not produced any documents surrounding the decision to file a request for additional time to oppose, or the ultimate decision not to oppose. There are no entries on Edible Arrangements' privilege log

- relating to this decision, either. We request that Edible Arrangements immediately supplement its document production and privilege lot surrounding this early awareness of and decisions relating to the INCREDIBLES brand in January of 2016.
    - Edible Arrangements produced two documents from later in 2016, both trademark watch notice reports, further demonstrating Edible Arrangements knew about the INCREDIBLES brand in 2016. Edible Arrangement has not produced *any* documents, or privilege log entries, regarding Edible Arrangements' early awareness. Please immediately provide the missing documents and privilege log entries.
- Edible Arrangements has not produced adequate sales information.
    - Earlier, Edible Arrangements confirmed in writing that it does not intend to produce any information relating to its profits – either for Edible Arrangements as a whole, or the Incredible Edibles business. We have accepted this, since it means Edible Arrangements cannot seek lost profits in this case, but we have still requested information regarding Edible Arrangements' and Incredible Edibles' sales.
    - This sales data is important because it is a proxy for measuring the extent to which consumers have been exposed to the "Edible" and "Incredible Edbiles" marks, and the specific products these marks have been associated with.
    - Ms. Farid-Silber confirmed that Edible Arrangements franchises maintain sophisticated sales records, which should allow Edible Arrangements to tell us the sales of specific products with relative ease (in earlier meet and confers, Ms. Henner took the position that it would be too difficult to obtain this information).
    - Obtaining this sales information is important to us because it is likely to demonstrate that Edible Arrangements stores have limited sales of the key products at issue in this case, particularly the baked goods and other items Edible Arrangements has termed "confections." We therefore reiterate our prior request for detailed electronic sales data. What we want to be able to discern from this data is:
        - The quantities of cookies, brownies, chocolate bars, cheesecakes, and other "confections" Edible Arrangements stores have sold, on a store-by-store basis. The store-by-store basis is important because Ms. Farid-Silber confirmed that Edible Arrangements' rebranding to "edible" had just barely started in 2020, and it will be important to assess which sales occurred at which stores.
        - The quantities of cookies, brownies, chocolate bars, cheesecakes, and other "confections" Edible Arrangements has sold via the Edible Arrangements website since it was rebranded to "edible."
        - We are telling you want we want to be able to discern from the data, rather than dictating exactly how you provide the data, to enable Edible Arrangements to obtain this data from their systems in whatever manner is most appropriate.
        - We also require data regarding any sales of Edible Arrangements' "Incredible Edible" and any other product designated "edible."
- Incredible Edibles has not produced adequate sales information.
    - While we appear to have sales data for the two brick-and-mortar stores, we do not appear to have data for the purported "online" sales. Please produce a document which clearly describes the total online sales of the Incredible Edibles website in sufficient detail to describe product-level sales of all items.
    - We also do not appear to have a document which clearly summarizes the total sales of

- Incredible Edibles products via the Edible Arrangements franchises (Savannah, Dallas and Houston, I believe).
- We have not received a clear and concise statement as to our request for prior deposition transcripts of key witnesses. For example, we know that Tariq Farid was deposed in the 800-Flowers case, but we have not yet received the transcript. To be clear, our request for transcripts is not limited to this example – we have asked for any deposition transcripts of EA witnesses, including expert witnesses, on the asserted trademarks. We are entitled to these in preparation for trial – and we are entitled to a clear, unambiguous statement of what exists, and what has and has not been produced.
- To date, we have only identified four cease and desist letters in Edible Arrangements' production sent to companies in the Cannabis industry. If this is not correct, please identify where in Edible Arrangements' production we can find these.
- Ms. Farid-Silber was not able to confirm the specific number of stores that had transitioned to "Edible" for their exterior signage by the end of 2018, 2019, and at the time this suit was filed. Please produce documents sufficient to identify the specific numbers at these points in time.
- Ms. Farid-Silber testified that anyone Edible Arrangements sent a cease and desist letter to in the cannabis industry either stopped using the term, or signed a settlement agreement. Please produce these settlement agreements.
- Ms. Farid-Silber testified that the Edible Arrangements website transitioned to "Edible"-only branding around 2018, and that there would be documents to confirm the precise date that the new website went live. Please produce documents sufficient to establish the first date the website was live with Edible-only branding.
- Ms. Farid-Silber confirmed that Edible Arrangements has spreadsheets that track advertising spending per platform. Please produce these documents.
- Ms. Farid-Silber confirmed that Edible Arrangements maintains "playbooks" for advertising. Please produce any that reference "incredible," confections, CBD, THC or Cannabis.
- Ms. Farid-Silber confirmed that the decision to move from "Edibles CBD" to "Incredible Edibles" was made by Tariq, and Tariq was not able to provide any information about this decision. Please produce all documents relating to this decision.
- Mr. Farid testified that Edible Arrangements does due diligence and trademark searches before selecting a brand name. Please produce all due diligence and trademark searches pertaining to the decision to adopt "Incredible Edbiles."
- Both Mr. Farid and Ms. Farid-Silber confirmed that Edible Arrangements does paid Google AdWord buys. Please produce documents showing any adword buys with the term "incredible."
- Please produce any due diligence and trademark searches pertaining to the selection of the term "Incredibar."

We would appreciate your timely response to the items above.

Thank you,
Cameron


**Cameron M. Nelson**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.6590 | F +1 312.899.0360 | C +1 708.227.7106
NelsonC@gtlaw.com | www.gtlaw.com | View GT Biography

