IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br> Plaintiffs,<br><br>v.<br><br>MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC.,<br><br> Defendants.<br><br>MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC,<br><br> Counterclaim-Plaintiffs,<br><br>v.<br><br>EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br> Counterclaim-Defendants. | Civil Action No. 1:20-cv-05840 |

**DEFENDANTS' RESPONSE TO MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OR IN THE ALTERNATIVE FOR LEAVE TO AMEND COMPLAINT**

 Edible Arrangements' motion for leave to "voluntary" dismissal without prejudice, or in the alternative to amend the complaint, is meritless. After dragging Defendants MC Brands, LLC, and Green Thumb Industries Inc. (collectively, "GTI") through years of litigation, at a significant financial and resource cost to GTI, without a shred of evidence to support its claims, Edible Arrangements now seeks a "do-over" so that it can avoid an inevitable defeat on summary

1

judgment and, hopefully, having to pay GTI's attorneys fees in this exceptional case. The Court should deny Edible Arrangements' motion without hearing.[1]

I. THE RELEVANT FACTS

Edible Arrangements filed this case in 2020. (Dkt. 1.) It argues its trademark rights in the word "edible" are so strong that consumers visiting a licensed cannabis dispensary can't help but think of Edible Arrangements' fruit basket stores when they see GTI's INCREDIBLES-brand edibles. Two years of discovery has revealed that this argument is as ridiculous as it appears on its face, and that Edible Arrangements did not have anything even approaching a good faith basis for filing this lawsuit.

Edible Arrangements sells fruit baskets. (Farid Silber Tr., Ex. A, 26:24-27:4, 214:2-6.) Beginning around 2018, Edible Arrangements began a brand refresh which involved selling cookies, brownies, and cheesecake (Edible Arrangements' so-called "confections") alongside its fruit basket product line, and changing the brand name to just "edible" instead of Edible Arrangements. (*Id.* at 46:7-12; 193:20-194:12.) Edible Arrangements rebranded its website as just "edible" sometime in 2018,[2] though it seems to always appear to be a stylized edible with a fruit basket, pictured below:



---

[1] In addition to the problems with Edible Arrangements' motion on the merits, Edible Arrangements made no effort to meet and confer prior to filing this motion, and the Court should deny the motion on that basis alone.
[2] "Sometime in 2018" is unfortunately the most precise we can be here, since Edible Arrangements has not produced a single document confirming when this actually occurred and its witnesses could not provide further clarity. (Farid Silber Tr., Ex. A, 41:22-42:1.)

2

This refresh of Edible Arrangements' brand moved forward at a glacial pace. By the time Edible Arrangements filed this lawsuit in 2020, only *five* of its nearly 1,000 franchises had actually changed over to the new signage. (*Id.* at 33:23-35:4.)

Edible Arrangements has not produced any evidence that consumers have accepted its attempt to rebrand as just "Edible," even in the fruit basket business. In fact, Edible Arrangements *opposed* just about every attempt by GTI to obtain relevant evidence in discovery. Most recently, Edible arrangements opposed producing advertising and sales data, and even after the Court granted those motions in part, has produced nothing that demonstrates that consumers actually care about Edible Arrangements' attempts to call itself just "Edible." (Dkts. 91-94, 98.) Edible Arrangements' CEO Tariq Farid claimed under oath that consumers referred to Edible Arrangements as "Edible" as early as 2011, and that they do so "all the time," but Edible Arrangements hasn't produced a single document supporting Mr. Farid's story. (T. Farid Tr., Ex. B, 14:14-23:1.)

Since Edible Arrangements cannot come up with evidence that consumers in its own industry associate it with the word "Edible," it should come as no surprise that Edible Arrangements also does not have any evidence that consumers of cannabis products associate the word "Edible" with Edible Arrangements. Edible Arrangements did not produce a consumer survey or an expert report in this case. It did not produce a single message from a consumer indicating any confusion between GTI's INCREDIBLES brand and Edible Arrangements' products – whether branded as "Edible" or "Edible Arrangements." Edible Arrangements' own Rule 30(b)(6) witness admitted that Edible Arrangements doesn't "have any factual evidence" of consumer confusion. (Farid Silber Tr., Ex. A, 77:18-78:3.) Edible Arrangements' CEO, Mr. Farid, later claimed that a consumer had told him that they had seen "his" (Edible Arrangements') product

3

at a dispensary, and that he then visited a dispensary in Massachusetts where he observed GTI's INCREDIBLES products. (T. Farid Tr., Ex. B, 51:22-72:6, 129:15-137:22, 233:16-236:1.) Mr. Farid even claimed to have purchased samples and to have taken photos of the product. (*Id.*) Yet Edible Arrangements has not produced a single document which corroborates this story – nothing to identify the consumer that was purportedly confused, and nothing to corroborate Mr. Farid's story about going to a dispensary and taking pictures, which he insisted, under oath, that he provided to in-house counsel. (*Id.*) Mr. Farid also claimed that "multiple franchisees" reported that consumers were showing up at Edible Arrangements franchises looking for cannabis products, but yet again, Edible Arrangements cannot identify a single document to corroborate this story, which conflicts with Edible Arrangements' Rule 30(b)(6) witness' testimony that Edible Arrangements has "no factual evidence" of confusion. (Farid Silber Tr., Ex. A, 77:18-78:3.)

Edible Arrangements' lack of evidence is not surprising. "Edible" is a generic term in the cannabis industry for any cannabis-infused product which is, well, "edible." (Farid Silber Tr., Ex. A, 27:7-14.) GTI has submitted an expert report from Hal Poret demonstrating the unsurprising conclusion that consumers overwhelmingly consider "edible" to be generic for cannabis products. (Poret Report, Ex. C.) Edible Arrangements made no further effort to rebut Mr. Poret's report (because it cannot do so credibly). Further, the consumer experience when purchasing INCREDIBLES-brand cannabis-infused edibles is vastly different from purchasing a fruit basket. A consumer visiting a dispensary must be 21, must show ID before entering the dispensary, must identify the product they want to purchase once inside the dispensary, cannot use common payment services such as credit cards for purchasing, and can only touch or handle the product after making a purchase. (Farid Silber Tr., Ex. A, 102:8-103:10, 105:14-18.) Nobody goes through all of these steps and then says, "I wonder if this dispensary is really a fruit basket store." Again, GTI has

4

submitted an expert report confirming the rather obvious conclusion that there is ***literally zero*** confusion between GTI's INCREDIBLES-branded cannabis-infused products and Edible Arrangements' fruit baskets, and again, Edible Arrangements made no effort to rebut that report. Edible Arrangements did not produce a responsive expert report.

## II. THE RELEVANT LEGAL STANDARDS

Dismissal without prejudice under Rule 41(a)(2) is within the district court's sound discretion. *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding a Rule 41(a)(2) motion, the Court must consider: (1) the defendant's efforts and resources already expended; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by the defendant. *Id.* A Rule 41(a)(2) dismissal is generally inappropriate when a case is on the eve of summary judgment motions which are likely to be decided in favor of the Defendant. *Williamson v. S.S. Gear Co.*, No. 15-CV-365-SMY-DGW, 2018 U.S. Dist. LEXIS 165421, at *3-4 (S.D. Ill. Sep. 26, 2018) ("Plaintiffs' primary argument for dismissal without prejudice does not ring true, and the Court suspects that their true motive is to avoid the impending motions for summary judgment.").

Motions for leave to amend under Rule 15 are similarly subject to the Court's discretion. The Court should consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment." *Liu v. T & H Machine*, 191 F.3d 790, 794 (7th Cir. 1999). The Court may also consider the burden amendment places on the judicial system. *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) ("Because substantive amendments shortly before trial serve to defeat the

public's interest in speedy resolution of legal disputes, [a] district court judge is entitled, in such circumstances, to refuse to allow a plaintiff's amendment.")

**III.　ARGUMENT**

Edible Arrangements brings its motion on the eve of summary judgment, in a transparent attempt to avoid a negative ruling, as well as an attempt to avoid the substantial risk that it will have to pay GTI's attorneys' fees for filing a frivolous lawsuit. Edible Arrangements' narrative about a "changing marketplace" is pure misdirection. This case is not about what may or may not occur in the future. It is about the allegations Edible Arrangements made when it filed its complaint in 2020 – allegations for which Edible Arrangements never had any genuine factual basis. Because Edible Arrangements does not have a good faith basis for its motion, the Court should deny the motion without hearing.

First, Edible Arrangements' allegations about a changing marketplace are a red herring. If anything, these arguments prove that Edible Arrangements knows its case is meritless on the facts, and now wants to pivot to litigation issues based on imagined future marketplace conditions. Imagined or speculative future marketplace conditions are not a proper basis for a trademark infringement lawsuit.

Second, Edible Arrangements is misrepresenting the facts. GTI is *not* selling its products in "gas stations across Florida." Florida has not even *legalized* recreational cannabis; only medical use is permitted in Florida. Further, any dispensaries that are opened under the recently-announced deal with Circle K will be just like any other dispensary – consumers will need to be 21 to enter, it will be physically separated from any general gas station space, consumers will need to pay cash, and consumers will not be able to touch the product until after purchasing. Under the Circle K deal, a GTI subsidiary will lease property for use as a dispensary which will be adjacent to the

convenience store with a separate demising wall and entrance. There will be no GTI products being sold at the Circle K convenience store. Despite Edible Arrangements' desperate attempt to cast GTI's CEO Ben Kovler in a negative light, there was nothing misleading or deceiving about his deposition testimony. The Circle K deal changes nothing about the facts of this case – or about GTI's imminent summary judgment motion.

Third, even if all cannabis products were magically legalized tomorrow and could be sold outside of the regulated dispensary channels, this *still* would not change the fact that Edible Arrangements does not sell any products through those channels, and consumers simply do not confuse cannabis products with Plaintiffs' fruit basket brands in any event. Plaintiff has *no evidence* to support its claims, and its shotgun approach to this motion simply evidences that its case relies on nothing more than attorney argument and speculation.

Fourth, GTI has expended substantial effort and expense defending this meritless litigation – over a million dollars in fees to date, in large part due to Edible Arrangements' refusal to produce any evidence to support its claims. Two years of discovery are now closed, including fact discovery and expert discovery, and summary judgment motions are due imminently. While no trial has been set in this case, the reality is this case is never going to trial. It is going to be resolved on summary judgment, and Edible Arrangements knows it. As such, Edible Arrangements is effectively submitting this motion on the eve of trial.

Fifth, GTI expressly rejects Edible Arrangements' claim that Edible Arrangements participated in settlement discussions in good faith. It is GTI's view that nothing about this case has been prosecuted in good faith. While the Court, of course, will be the final arbiter of that, GTI believes the attached excerpts from Mr. Farid's deposition adequately demonstrate Edible Arrangements' lack of good faith for purposes of this motion. GTI will address Edible

7

Arrangements' lack of good faith, including its preposterous settlement proposal, in greater detail in its motion for summary judgment.

Sixth, Edible Arrangements' belated claim that it will "streamline" its complaint is a bait and switch. Edible Arrangements claims that it will drop its claim for "historical" damages, but it doesn't *have* a claim for historical damages because (1) it has already abandoned any claim of lost profits (Edible Arrangements refused to produce profit information), and (2) to obtain damages Edible Arrangements must prove actual confusion, i.e., that consumers purchased GTI's INCREDIBLES-brand cannabis-infused products *because* they were thinking about Edible Arrangements at the time of purchase. As set forth above, Edible Arrangements has no evidence, and never had any evidence, of this ever happening. It has no expert report on confusion or rebutting the generic meaning of "edible" in the cannabis industry. It has nothing. In the same brief, Edible Arrangements claims it will focus its new inquiry on "future" marketplace conditions via a motion to compel Mr. Kovler to testify about the future. (Mot. at 13.) This is not a "narrowing" of the case – it is an expansion of it, and one the Court should not allow because it is entirely improper and speculative. We doubt it will escape the Court's attention that Edible Arrangements did not submit a proposed amended complaint for the Court's consideration. Nor has Edible Arrangements shared or discussed any such Amended Complaint with GTI.

Seventh, GTI has counterclaims pending for a declaratory judgment of noninfringement and genericness. These counterclaims cover the same substantive issues in Plaintiff's complaint, and Plaintiff's last-minute attempt to avoid being held to account for its frivolous claims will ultimately be futile.

Finally, Edible Arrangements' motion makes plain that it fully intends to litigate these very same issues with GTI at some point in the future, so if anything, granting Edible Arrangements'

8

motion to dismiss *without prejudice* would go against the interests of both party and judicial economy. GTI has put too much time, money and resources into defending against Edible Arrangements' frivolous claims (including on an almost-complete motion for summary judgment) to give it a free pass on this case while also letting it keep the door wide open for future litigation. Edible Arrangements' arguments for dismissal without prejudice do not ring true; its true motive is to avoid GTI's impending motion for summary judgment.

IV. CONCLUSION

For the foregoing reasons, GTI respectfully requests the Court deny Edible Arrangements' motion without further hearing.

Dated: December 9, 2022

GREENBERG TRAURIG LLP

/s/ *Cameron Nelson*
Cameron Nelson
Eric J. Maiers
Maja E. Sherman
Katherine M. Cronin
Mikhael Tomlinson
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-6590
nelsonc@gtlaw.com
maierse@gtlaw.com
shermanm@gtlaw.com
cronink@gtlaw.com
tomlinsonm@gtlaw.com

*Attorneys for MC Brands, LLC and Green Thumb Industries Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2022, the foregoing RESPONSE TO MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OR IN THE ALTERNATIVE FOR LEAVE TO AMEND COMPLAINT was filed with the court via ECF, which will automatically give notice to the parties' counsel of record.

/s/ *Cameron Nelson*
Cameron Nelson
Eric J. Maiers
Maja E. Sherman
Katherine M. Cronin
Mikhael Tomlinson
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-6590
nelsonc@gtlaw.com
maierse@gtlaw.com
shermanm@gtlaw.com
cronink@gtlaw.com
tomlinsonm@gtlaw.com

*Attorneys for MC Brands, LLC and Green Thumb Industries Inc.*

ACTIVE 683932893v3