## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

EDIBLE IP, LLC & EDIBLE
ARRANGEMENTS LLC,

      Plaintiffs,

      v.

MC BRANDS, LLC & GREEN
THUMB INDUSTRIES, INC.,

      Defendants.

CIVIL ACTION
NO. 1:20-CV-5840

## <u>REPLY IN SUPPORT OF</u>
## <u>MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>
## <u>OR IN THE ALTERNATIVE FOR LEAVE TO AMEND COMPLAINT</u>

GTI has always wanted this case to be different than it actually is. To hear GTI tell it, Edible does nothing but sell fruit baskets. That's not true, and GTI knows it. Edible sells any number of confections that could include recreational cannabis or CBD as an ingredient. And Edible has a line of CBD products called "Incredible Edibles" that GTI (and its expert) have repeatedly ignored.

In fact, they do not want to face those facts because GTI is actually concerned about the same likelihood of confusion between those products that Edible is. Edible merely believes that, after discovery and the significant changes in both the law and the industry, this moment is the wrong one to address these issues between these parties. First, any ruling on Edible's claims or likelihood of confusion is going to be

moot almost immediately given the changing law and changing landscape of the industry. And second, it may be that these claims never have to be adjudicated because the changing industry may allow these companies to avoid any such dispute. Avoiding a waste of the Court's time and avoiding disputes are precisely the point of motions to dismiss like this one.

Also, this cannot be an attempt merely to avoid summary judgment, because, as GTI point out, its counterclaims remain. If GTI insists on litigating them, then they will be litigated. The only question is whether the Court will permit the plaintiff to dismiss its own claims and streamline the remaining issues in the case. Given the standard under Rule 41, there is no reason for the Court not to grant Plaintiffs' motion, and GTI's mischaracterizing response does not change that conclusion.

## 1. GTI's Response Mischaracterizes the Facts

GTI's response is beset (most significantly) by two glaring errors regarding the relevant facts.

*First*, GTI attempts to minimize the importance of future likelihood of confusion. Defendants' Response to Motion for Voluntary Dismissal ("Resp.") at 6. This runs directly contrary to both the facts and the law. As to the facts, GTI's position is ***exactly the opposite*** of what its own expert said. Two days prior to the filing of this motion, Edible deposed GTI's expert—the last task of discovery. The expert stated expressly: "[L]ikelihood of confusion is ***usually forward looking***, not

just what's happening in the moment, but ***the likelihood of confusion going forward***."[1] That comports with applicable law that protects a trademark "owner's ability to enter product markets in which it does not now trade." *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 958 (7th Cir. 1992). Edible cited significant authority on this point, and GTI cites none.

For the same reason, if the case continues, then further discovery is required and Edible is entitled to depose GTI's CEO Ben Kovler about GTI's future plans.[2] Contrary to GTI's position, this does not represent a "new inquiry" nor an "expansion" of the case. Resp. at 8. In fact, this issue is *and has always been* at the case's core, even as discovery has clarified its contours. Indeed, future plans were part and parcel of the Court's order permitting discovery from Mr. Kovler. *See* Dkt. 72 at 3, 9–10. And GTI's response merely reinforces the point that it is a valid topic for discovery by arguing the alleged factual background related to GTI's recent move into Circle K stores. Resp. at 6–7.

---

[1] Nov. 29, 2022 Deposition of Hal Poret, at 27, excerpt attached as **Exhibit A** (emphasis added). The deposition also revealed that GTI's expert is mistaken about the actual dispute in this case (as discussed below), and that his analysis is hopelessly flawed in light of the actual (and changing) market conditions. But those shortcomings are not strictly relevant to this motion.

[2] Contrary to what GTI says, the point of Edible's motion was not "to cast [Kovler] in a negative light" or to imply that he was being misleading or deceitful. Resp. at 7. Edible understood that Mr. Kovler was refusing to answer relevant questions because of improper instructions from GTI's counsel.

*Second*, and perhaps more importantly, GTI again misses the fact that the dispute here includes the likelihood of confusion between "Incredible Edibles" and "Incredibles." GTI is hung up on fruit baskets; but as Edible has always contended and as the Motion makes clear, the dispute is not primarily about fruit baskets and marijuana products, but whether there is a likelihood of confusion between "Incredible Edibles"—food products that contain a cannabinoid ingredient—along with other confections made by a company called "Edible" and "Incredibles"—food products that also contain a cannabinoid ingredient and have startlingly similar branding (with nearly identical font) to Edible's:



*See* Dkt. 1 at ¶ 60.[3] Yet, incredibly, "Incredible Edibles" is nowhere mentioned in GTI's response.

## 2. GTI's Response Fails to Meaningfully Address the Applicable Factors

Beyond those fundamental errors, GTI's response, for all its handwringing, generally fails to address the actual factors applicable to Edible's motion.

As to the motion for voluntary dismissal, of the four factors, GTI really only addresses the first one. GTI raises the issue of its own resources expended for

---

[3] The branding is also similar to that found on the "Incredible Edibles" products. *See* https://www.incredibleedibles.com/shop/edibles/12.

discovery. Resp. at 7. But GTI fails to address the fact that the discovery "may be utilized in subsequent litigation of the same claim." *Hartford Fire Ins. Co. v. Medline Indus., Inc.*, No. 21 C 05887, 2022 WL 2046271, at *2 (N.D. Ill. June 7, 2022) (citing *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985)). They will have lost nothing: if any dispute is litigated in the future, then the parties can use that discovery. And if there is no future dispute, then the Court and the parties will have saved the time and expense of further litigation.

Beyond that one factor, however, GTI hardly addresses the others. GTI broadly (and incorrectly) argues that this motion is untimely because it was brought "on the eve of summary judgment." Resp. at 6. Looking past the fact that "on the eve of summary judgment" is just another way of saying "immediately after discovery concludes," GTI ignores the relevant factors concerning timing. Those factors address two questions: factor (2) whether the plaintiff has exhibited "excessive delay and lack of diligence" in pursuing the case and factor (4) whether the motion was brought prior to "the defendant's filing of a motion for summary judgment." *Wells Fargo Bank, N.A. v. Younan Props, Inc.*, No. 11 C 8701, 2013 WL 251203, at *1 (N.D. Ill. Jan. 23, 2013), *aff'd*, 737 F.3d 465 (7th Cir. 2013). Here, the answers to those questions are an unequivocal (2) "No, the plaintiff has not exhibited excessive delay," and (4) "Yes, this motion was before any summary judgment motion." That should end the discussion.

The reasons underlying those factors make sense—a diligent plaintiff should be entitled to use facts gathered from discovery to determine the best way to protect its legal interests in the case. Broadly speaking, that is exactly what discovery is for.

GTI's citation to *Williamson v. S.S. Gear Co.* [sic.]—which is really the only meaningful citation to authority regarding the merits of the motion, *see* Resp. at 5— is clearly distinguishable because that case was a class action where the question of class certification had already been decided. As that court said, "Significantly, *only after the denial of Plaintiffs' motion for class certification and Plaintiffs' unsuccessful interlocutory appeal to the Seventh Circuit* have Plaintiffs moved to dismiss their case without prejudice." *Williamson v. S.A. Gear Co., Inc.*, No. 15-CV-365-SMY-DGW, 2018 WL 11274769, at *1 (S.D. Ill. Sept. 26, 2018) (emphasis added). Because the court had already issued a meaningful legal ruling in that case, dismissing without prejudice would necessarily undermine the court's order. That, however, is not the case here, and that distinction belies GTI's contention that motions raised at this point in the litigation are "generally inappropriate." Resp. at 5. Indeed, that contention is especially misguided in light of the *actual law,* which expressly asks whether the motion was brought prior to "the defendant's filing of a motion for summary judgment." *Wells Fargo*, 2013 WL 251203, at *1.

In bringing this Motion, Edible acted promptly—within two days of the end of discovery—and in plenty of time to ensure that GTI need not expend unnecessary

resources preparing for summary judgment (much less trial) until the Court has had the opportunity to resolve this motion (as the Court recognized in the hearing when it extended the summary judgment briefing schedule). The motion is timely, proper, and well-supported. Nothing in GTI's response changes that.

### 3. Dismissal Without Prejudice Offers the Best Way Forward

The third factor requires an explanation of the need to dismiss. *Wells Fargo* 2013 WL 251203, at *1. For all the reasons explained in Edible's motion, and discussed above, the primary dispute in this case is future looking and likely to change dramatically over the near term. GTI doesn't dispute the rapid change and is simply wrong about the significance of that change.

Even if the Court proceeded as GTI wishes, and even if GTI prevailed to the maximum extent on Edible's claims (*i.e.*, the Court found that there was not a likelihood of confusion) or if this case was dismissed *with prejudice*, as GTI discussed at the presentment, that victory would be fleeting (and that time would be wasted) because any preclusive value would diminish and eventually disappear as circumstances change, channels of commerce converge, and the products become more closely aligned. *See, e.g., Minarik Elec. Co. v. Electro Sales Co.*, 223 F. Supp. 2d 334, 338 (D. Mass. 2002) (second trademark infringement suit brought five years after first suit was dismissed on summary judgment not barred by claim preclusion because "even if the claims in the two suits appear to be similar, if the circumstances

have changed since the first lawsuit such that claims in the second suit are based on facts that did not exist at the time of the first suit, then *res judicata* cannot apply."). And of course, even with the benefit of such a ruling, GTI would still be in the same basic position as it is now: with no trademark rights protecting its marks—a risk it knowingly undertook when it decided to sell federally-illegal products.

If the Court seeks to require Edible to continue its claims, GTI raises no argument to prevent an amended complaint beyond a self-serving and unsupported assertion that Edible and its counsel have not engaged in good faith. In fact, proceeding under an amended complaint would allow a focused determination on the forward-looking claims that are most fundamentally at issue. However, as discussed above, given the dramatic changes in the marketplace, and the continuing changes in the applicable law, that determination would also ultimately have limited value, and would thus represent an unnecessary expenditure of judicial resources.[4]

*Signatures appear on the following page.*

---

[4] While GTI complains that Edible submitted no proposed amended complaint, there is no authority suggesting one is required. And to be clear, Edible would be happy to submit a proposed amended complaint, should the Court wish.

Respectfully submitted this 19th day of December, 2022,

/s/ *Jason J. Carter*
Jason J. Carter
Georgia Bar No. 141669
carter@bmelaw.com
Solesse L. Altman
Georgia Bar No. 442827
altman@bmelaw.com
E. Allen Page
Georgia Bar No. 640163
page@bmelaw.com
BONDURANT, MIXSON
& ELMORE, LLP
1201 W Peachtree Street NW
Suite 3900
Atlanta, Georgia 30309
(404) 881-4100 – Telephone

Scott Hessell
IL ARDC #6275119
shessell@sperling-law.com
Timothy Sperling
IL ARDC #6293854
tsperling@sperling-law.com
SPERLING & SLATER, P.C.
55 West Monroe, Floor 32
Chicago, Illinois 60603
Tel: (312) 641-3200
Fax: (312) 641-6492

*Attorneys for Edible IP, LLC & Edible Arrangements, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed this day with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all parties of record.


/s/ Jason J. Carter
Jason J. Carter