# Exhibit Z

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC.,<br><br>Defendants. | Civil Action No. 4:20-cv-05840 |
| MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br>Counterclaim-Defendants. | |

**PLAINTIFFS' SUPPLEMENTAL ANSWERS TO**
**CERTAIN OF DEFENDANTS' INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Edible IP, LLC and Edible Arrangements, LLC ("Plaintiffs") specifically object and provide supplemental responses to Defendants MC Brands, LLC and Green Thumb Industries Inc.'s ("Defendants") Interrogatories to Plaintiffs (collectively, the Interrogatories" and individually an "Interrogatory") as follows. Plaintiffs provide this information without any concession, agreement, or admission, and without waiver, of any ultimate determination of relevance or admissibility of particular information or documents for any purpose.

**INTERROGATORY NO. 6:**

**Identify each instance where Edible Arrangements learned of a person making use of the terms "edibles," "edible," and/or a variation thereof, to advertise or promote cannabis- or CBD-infused food products or services relating to cannabis- or CBD-infused food products, including the nature of the use, when Edible Arrangements learned of the use, the person(s) within Edible Arrangements who learned of the use, how Edible Arrangements learned of the use, and what actions, if any, Edible Arrangements took when it learned of the use.**

ORIGINAL RESPONSE:

Plaintiffs specifically object to Interrogatory No. 6 as exceeding the interrogatory limit because it should be counted as more than one since it has at least six discrete subparts. Plaintiffs further object to this Interrogatory as lacking a time limit, overly broad, unduly burdensome, and impermissible under Fed. R. Civ. P. 26(b) because it is not proportional and tailored specifically to the claims or defenses in this case, since any non-trademark use by third parties of the words "edible" or "edibles" in the cannabis or CBD-infused product space is irrelevant to this litigation over Defendants' infringing use of "INCREDIBLES" **as a trademark and brand** which violates Plaintiffs' well-established senior trademark rights asserted. Plaintiffs further object to this Interrogatory because searching for and identifying information responsive to each part of this Interrogatory would be overly burdensome and costly, immaterial to resolving the issues, and the burden and expense of the proposed discovery is greatly outweighed by any benefit to Plaintiffs.

Plaintiffs will limit their answer to this Interrogatory to each instance over the last three years where Edible has learned of a person making trademark use such as Defendants of the terms "edibles," or "edible," and/or a variation thereof to advertise or promote cannabis- or CBD-infused food products or services. Subject to and without waiving its objections, Plaintiffs state that because the answer to this Interrogatory may be determined by a review of Plaintiffs' business records and the burden of deriving or ascertaining the answer will be substantially the same for either party, Plaintiffs rely on Fed. R. Civ. P. 33(d) and will search for and produce in discovery and specify in sufficient detail for Defendants to identify non-privileged documents sufficient to identify any instances where Edible Arrangements over the last three years learned of a person making trademark use "edibles," edible," or a similar variant thereof, to advertise or promote cannabis- or CBD-infused food products or services.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that they have produced various demand letters and documentation identifying certain proceedings that are responsive to Interrogatory No. 6. Those documents include:

EDIBLE_002190, EDIBLE_002238- EDIBLE_002251, EDIBLE_011357, EDIBLE_011513, EDIBLE_011554, EDIBLE_011575, EDIBLE_011585, EDIBLE_011607

Plaintiffs further identify the following proceedings:

- Edible Arrangements, LLC v. Wayne W. Schwind, No. 91226181 (T.T.A.B. 2017).
- Edible Arrangements, LLC v. CannaCraft, Inc., No. 91231239 (T.T.A.B. 2017).
- Edible Arrangements, LLC v. CannaCraft, Inc., No. 91226731 (T.T.A.B. 2018).
- Edible IP, LLC v. First Foods Group, Inc., No. 91250203 (T.T.A.B. 2020).
- Edible Arrangements, LLC and Edible IP, LLC v. MC Brands, Inc. and Green Thumb Industries, Inc., No. 4:20-cv-05840 (N.D. Ill. 2020).

**INTERROGATORY NO. 7:**

**Identify each Third Party use (including non-trademark use, trademark use, applications to register trademarks, and trademark registrations) that Edible Arrangements has objected to in any form based on any of the EDIBLE Marks.**

ORIGINAL RESPONSE:

Plaintiffs specifically object to the demand in Interrogatory No. 7 to identify "each Third Party Use" involving the referenced activities (*e.g.*, trademark and non-trademark use; applications; registrations; etc.) that Plaintiffs have ever objected to over the 22 years they've been in business involving any mark they've ever owned containing the term "Edible" or a variant thereof, as lacking a time period, overly broad, unduly burdensome and exceeding the limitations of Fed. R. Civ. P. 26(b) because it is not proportional and tailored specifically to the claims or defenses in this case. A request for the identity of each such objection in any form (written, oral, formal, informal, etc.) does not describe the information sought with sufficient particularity to permit a response. In addition, the Interrogatory as written would require identification of not only written communications, but face-to-face conversations and other verbal communications that occurred decades ago. It is both logistically impractical and unduly burdensome to demand a written recitation of all such objections to third party use over decades. Plaintiffs further object to this Interrogatory insofar as it asks about "non-trademark use" as irrelevant to the claims or defenses in this case, since any non-trademark use by third parties of the words "edible" or "edibles" is irrelevant to this litigation over Defendants' infringing use of "INCREDIBLES" **as a trademark and brand** which violates Plaintiffs' well-established senior trademark rights asserted. This Interrogatory is made without regard to whether the requested information is relevant to the claims or defenses in this case, or is proportional to the needs of this case, or material to resolving the issues, and the burden and expense of the proposed discovery is greatly outweighed by any benefit to Plaintiffs. Further, such information would be more easily and practically obtained through a more narrowly tailored request for a document production.

Plaintiffs further object to this Interrogatory on the grounds that it seeks information in the possession of, known to, or otherwise equally available to Defendants. Defendants can readily identify any former trademark opposition or cancellation proceedings that Plaintiffs have been involved in over its marks through the Trademark Trial and Appeal Board (TTABVUE) system

by search for proceedings by application number, registration number, mark, party, etc. Defendants can also search for prior district court proceeding involving Plaintiffs and their asserted trademarks through the Public Access to Court Electronic Records (PACER) electronic public access service for United States federal court documents.

In addition, Plaintiffs object to the defined term "EDIBLE Marks" (Definition # 9) incorporated in this Interrogatory as overbroad, unduly burdensome, irrelevant, disproportional and not specifically tailored to the claims or defenses in this case because it includes "all terms used by Plaintiffs incorporating EDIBLE, regardless of any additional words, stylization or design components …." irrespective of whether or not Plaintiffs have asserted the marks against Defendants in this lawsuit. Plaintiffs currently hold over 300 active registered marks that contain in whole or in part "EDIBLE" or a variant, not including discontinued marks. Only a few of those active marks have been asserted by Plaintiffs in the lawsuit. Edible will limit its answer to this Interrogatory to the relevant few marks which Plaintiffs have asserted in ¶¶ 33 and 49 of their Complaint.

Subject to and without waiving its objections, Plaintiffs state that because the answer to this Interrogatory may be determined by a review of Plaintiffs' business records and the burden of deriving or ascertaining the answer will be substantially the same for either party, Plaintiffs rely on Fed. R. Civ. P. 33(d) and will search for and produce in discovery and specify in sufficient detail for Defendants to identify cease and desist letters (which Defendants' cannot find through TTABVUE, PACER, etc.) sufficient to identify any instances limited to the last three years where Plaintiffs have objected to trademark use, applications, or registrations of third parties involving the handful of marks that Plaintiffs have asserted against Defendants in this lawsuit.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that they have produced various demand letters and documentation identifying certain proceedings that are responsive to Interrogatory No. 7. Those documents include:

EDIBLE_002190, EDIBLE_002238- EDIBLE_002251, EDIBLE_002257, EDIBLE_011357, EDIBLE_011361, EDIBLE_011367, EDIBLE_011375, EDIBLE_011379, EDIBLE_011383, EDIBLE_011386, EDIBLE_011389, EDIBLE_011397, EDIBLE_011391, EDIBLE_011400, EDIBLE_011408, EDIBLE_011422, EDIBLE_011433, EDIBLE_011437, EDIBLE_011441, EDIBLE_011443, EDIBLE_011451, EDIBLE_011454, EDIBLE_011457, EDIBLE_011466, EDIBLE_011471, EDIBLE_011475, EDIBLE_011477, EDIBLE_011480, EDIBLE_011501, EDIBLE_011509, EDIBLE_011515, EDIBLE_011521, EDIBLE_011525, EDIBLE_011533,

EDIBLE_011536, EDIBLE_011539, EDIBLE_011545, EDIBLE_011550, EDIBLE_011557, EDIBLE_011564, EDIBLE_011567, EDIBLE_011572, EDIBLE_011578, EDIBLE_011583, EDIBLE_011604, EDIBLE_011648, EDIBLE_011654, EDIBLE_011655, EDIBLE_011357, EDIBLE_011513, EDIBLE_011554, EDIBLE_011575, EDIBLE_011585, EDIBLE_011607

Plaintiffs further identify the following proceedings:

- Edible Arrangements LLC, et al. v. Provide Commerce, Inc., 14-cv-00250 (D. Conn. Feb, 28, 2014).
- Edible Arrangements, LLC, et al. v. Drummond et al., 14-cv-00315 (N.D. Ind. Oct. 9, 2014).
- Edible Arrangements International, LLC, et al. v. 1-800-Flowers.com, Inc. et al, 14-cv-01744 (D. Conn. Nov. 20, 2014).
- Edible Arrangements International, LLC, et al. v. Edible Commerce Consulting, LLC, 17-cv-00083 (D. Conn. Jan. 20, 2017).
- BBCC, LLC v. Edible Arrangements, LLC, 17-cv-00892 (D.S.C. Apr. 5, 2017).
- Edible International, LLC, et al. v. Google, LLC, 18-cv-00216 (D. Con. Feb 4, 2018).
- Edible International, LLC, et al. v. Incredible Foods, Inc., 18-cv-00569 (D. Conn., Apr. 4, 2018).
- Edible IP International, LLP, et al. v. Smith, 18-cv-00545 (E.D.N.C. Nov. 12, 2018).
- Edible Arrangements, LLC, et al. v. Nancy's Floral, Inc., 18-cv-02198 (D. Oregon. Dec. 10, 2018).
- Edible IP, LLC, et al. v. 1-800-Flowers.com, Inc. et al., 20-cv-02405 (N.D. Ga. June 4, 2020).
- Edible IP, LLC, et al. v. World Media Group, LLC, 20-cv-03259 (N.D. Ga. Aug. 5, 2020).
- Edible IP, LLC v. ILA Nutrition, LLC, No. 91256454 (T.T.A.B. 2021).
- Edible Arrangements, LLC v. First Foods Group, Inc., No. 91263425 (T.T.A.B. 2020).
- Edible IP, LLC v. Edible Introductions, LLC, No. 91255924 (T.T.A.B. 2020).
- Edible IP, LLC v. First Foods Group, Inc., No. 91250203 (T.T.A.B.).
- Edible IP, LLC v. Dominque Iman Edwards, No. 91249978 (T.T.A.B. 2019).

- Edible IP, LLC v. HHF, Inc., No. 91238677 (T.T.A.B. 2018)
- Edible Arrangements, LLC v. CannaCraft, Inc., No. 91231239 (T.T.A.B. 2017).
- Edible Arrangements, LLC v. WikiFoods, Inc., No. 91228138 (T.T.A.B. 2018).
- Edible Arrangements, LLC v. WikiFoods, Inc., No. 91228708 (T.T.A.B. 2018).
- Edible Arrangements, LLC v. BBC, LLC, No. 92063932 (T.T.A.B. 2018).
- Edible Arrangements, LLC v. CannaCraft, Inc., No. 91226731 (T.T.A.B. 2018).
- Edible Arrangements, LLC v. Edible Commerce Consulting, LLC, No. 91226220 (T.T.A.B. 2017).
- Edible Arrangements, LLC v. Wayne W. Schwind, No. 91226181 (T.T.A.B. 2017).
- Edible Arrangements, LLC v. Gene Response, Inc., No. 91225890 (T.T.A.B. 2016).
- Edible Arrangements, LLC and Edible IP, LLC v. MC Brands, Inc. and Green Thumb Industries, Inc., No. 4:20-cv-05840 (N.D. Ill. 2020).

Plaintiffs further identify the Highly Confidential Letters of Protest attached hereto as Exhibits A-C.

Plaintiffs further identify the following Highly Confidential documents produced informally by Dropbox without Bates numbering on June 3, 2022 and June 6, 2022:

PDF HIGHLY CONFIDENTIAL Nancy's Floral - Settlement Agreement - Partially Executed.pdf

PDF HIGHLY CONFIDENTIAL Settlement Agreement PROVIDE COMMERCE.pdf

PDF HIGHLY CONFIDENTIAL 15 0501_Agreement between EA, LLC and Absolutely Edible, LLC RE Trademark Usage.pdf

PDF HIGHLY CONFIDENTIAL 17_0424_fully_executed_settlement_agreement_ecc (1).pdf

PDF HIGHLY CONFIDENTIAL 17_1116_fully_executed_settlement_agreement_bbcc.pdf

PDF HIGHLY CONFIDENTIAL 18 1008 Fully Executed Settlement Agreement_Incredible Foods fka Wikifoods.pdf

PDF HIGHLY CONFIDENTIAL fully executed Settlement Agreement 12-22-2014.pdf

**INTERROGATORY NO. 9:**

**For each good or service sold in connection with an EDIBLE Mark, state the annual dollar and quantity volume of sales of the good or service, the EDIBLE Mark(s) associated with the good or service, and how each EDIBLE Mark is associated with the good or service.**

ORIGINAL RESPONSE:

Plaintiffs specifically object to Interrogatory No. 9 as exceeding the interrogatory limit because it should be counted as more than one since it has at least three discrete subparts. Plaintiffs also object to this Interrogatory as lacking a time period. Further, Plaintiffs object to the defined term "EDIBLE Mark(s)" (Definition # 9) incorporated in Interrogatory No. 9 as overbroad, unduly burdensome, irrelevant, disproportional and not specifically tailored to the claims or defenses in this case because it includes "all terms used by Plaintiffs incorporating EDIBLE, regardless of any additional words, stylization or design components …." irrespective of whether or not Plaintiffs have asserted the marks against Defendants in this lawsuit. Plaintiffs have been in business for 22 years since 1999, over that time period have actively and continuously sold goods and services under marks that contain some form of "EDIBLE," and currently hold over 300 active registered marks that contain "EDIBLE" or a variant, not including discontinued marks. Only a few of those active marks have been asserted by Plaintiffs in the lawsuit. Edible will limit its answer to this Interrogatory to the relevant few marks which Plaintiffs have asserted in ¶¶ 33 and 49 of their Complaint. Plaintiffs will also limit its answer to annual dollar and quantities of sales since 2018. Plaintiffs further object to this Interrogatory's request that they state "how each EDIBLE Mark is associated with the good or service" as vague and unintelligible such that Plaintiffs cannot determine the nature of the information sought. Therefore, Plaintiffs cannot provide an answer to that subpart. Plaintiffs further object to this Interrogatory which requires Plaintiffs to engage in burdensome or extensive research into, or analysis or summarization of, its own business records to give an answer when the burden of deriving or ascertain the answer will be substantially the same for either party.

Subject to and without waiving its objections, Plaintiffs state that because the answer to this Interrogatory may be determined by a review of Plaintiffs' business records and the burden of deriving or ascertaining the answer will be substantially the same for either party, Plaintiffs rely on Fed. R. Civ. P. 33(d) and will produce documents in their possession, custody, or control sufficient to show its domestic dollar revenue and quantity volume of sales under the handful of marks asserted in this lawsuit following entry of a stipulated protective order.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that they have produced various documentation identifying information responsive to Interrogatory No. 9. Those documents include:

EDIBLE_000914, EDIBLE_006261, EDIBLE_011890, EDIBLE_012020, EDIBLE_012021,

EDIBLE_012063, EDIBLE_012207, EDIBLE_012408, EDIBLE_012505, EDIBLE_012506,

EDIBLE_011928, EDIBLE_011929, EDIBLE_012018, EDIBLE_012024, EDIBLE_012527, EDIBLE_013937, EDIBLE_022919, EDIBLE_047956, EDIBLE_047981, EDIBLE_047982, IENC_000508, IENC_000510

**INTERROGATORY NO. 11:**

**Identify the Third Parties (e.g., advertising agencies, marketing firms, etc.), including person(s) at the Third Parties supervising the work, involved with Plaintiffs' advertising, marketing, or promotion of each of Edible Arrangements' EDIBLE Marks, and knowledgeable about the channels through which Edible Arrangements has marketed, advertised, or promoted each of the EDIBLE Marks.**

ORIGINAL RESPONSE:

Plaintiffs specifically object to Interrogatory No. 11 as lacking a time limit, overly broad, unduly burdensome, and impermissible under Fed. R. Civ. P. 26(b) because it is not proportional and tailored specifically to the claims or defenses in this case. Plaintiffs have been in business for 22 years since 1999, and over that time period have actively and continuously advertised, marketed, and promoted their goods and services including through outside advertising agencies and marketing firms. Yet, due to the lack of a time limit and the overbroad and objectionable term "EDIBLE Marks," as defined by Defendants (Definition No. 9), this Interrogatory directs Plaintiffs to identify each and every ad agency and marketing firm they've ever used from 1998 to present to advertise and market each of Plaintiffs hundreds and hundreds of marks that contained the term "EDIBLE" in whole or in part irrespective of whether that mark is asserted against Defendants in the lawsuit. Plaintiffs currently hold over 300 active registered marks that contain in whole or in part "EDIBLE" or a variant, not including discontinued marks. Only a few of those active marks have been asserted by Plaintiffs in the lawsuit. Plaintiffs will limit their answer to this Interrogatory to the relevant few marks which Plaintiffs have asserted in the lawsuit. Plaintiffs further object to the overbroad demand in this Interrogatory No. 11 to identify the "[p]erson(s)….supervising the work, involved with Plaintiffs' advertising, marketing, or "each" advertisement, package, marketing or promotion. Plaintiffs will limit their answer to Interrogatory No. 11 to the identities of the advertising or marketing firms that Plaintiffs have used over the last three years for advertising and promotion of Plaintiff' goods or services under the few marks that are asserted in ¶¶ 33 and 49 of their Complaint.

Plaintiffs rely on Fed. R. Civ. P. 33(d) and will produce and specify in sufficient detail for Defendants documents that identify the advertising or marketing firms that Plaintiffs have used over the last three years for significant advertising and promotion projects of Plaintiff' goods or services under the few marks that are asserted in ¶¶ 33 and 49 of their Complaint.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, in lieu of

reliance on Fed. R. Civ. P. 33(d), Plaintiffs identify the following firms:

- All Points Digital
- Tombras
- Location 3
- BlueTag, Inc.
- Ansira (Brigthwave)

**INTERROGATORY NO. 16**

**Identify Plaintiffs' efforts to market the INCREDIBLE EDIBLES brand to consumers, including the types of advertisements and total dollar amount spent per year and per location, including not limited to Glastonbury, CT; Hickory NC; and the Dallas-Fort Worth metropolitan area.**

ORIGINAL RESPONSE:

Plaintiffs object to this Interrogatory as exceeding the interrogatory limit set by the Federal Rules of Civil Procedure. By Plaintiffs' calculations, and in a light favorable to Defendants, Defendants' prior-served interrogatories total more than 25 discrete requests. Plaintiffs further object to Defendants' definition of "Plaintiffs" to the extent that it purports to include entities and individuals that are not named parties to the instant case, and to the extent that this interrogatory seeks information related to other third parties that is outside of Plaintiffs' possession, custody, or control.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that they have produced various documentation identifying information responsive to Interrogatory No. 16. Those documents include:

- EDIBLE_045939
- Highly Confidential document produced informally by Dropbox without Bates numbering on June 6, 2022, appearing as follows:

HIGHLY CONFIDENTIAL IE Marketing (2018-2022).xlsx

**INTERROGATORY NO. 17**

**Identify Plaintiffs' sales of products bearing the INCREDIBLE EDIBLES mark by year and location, including but not limited to Glastonbury, CT, Hickory NC, and the Dallas-Fort Worth metropolitan area.**

ORIGINAL RESPONSE:

Plaintiffs object to this Interrogatory as exceeding the interrogatory limit set by the Federal Rules of Civil Procedure. By Plaintiffs' calculations, and in a light favorable to Defendants, Defendants' prior-served interrogatories total more than 25 discrete requests. Plaintiffs further object to Defendants' definition of "Plaintiffs" to the extent that it purports to include entities and individuals that are not named parties to the instant case, and to the extent that this interrogatory seeks information related to other third parties that is outside of Plaintiffs' possession, custody, or control. Plaintiffs further object to the term "Plaintiffs' sales" as vague and ambiguous as to the specific information that Defendants are requesting.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that they have produced various documentation identifying information responsive to Interrogatory No. 17. Those documents include:

EDIBLE_006261, EDIBLE_011890, EDIBLE_012020, EDIBLE_012021, EDIBLE_012063, EDIBLE_012207, EDIBLE_012408, EDIBLE_012505, EDIBLE_012506, EDIBLE_011928, EDIBLE_011929, EDIBLE_012018, EDIBLE_012024, EDIBLE_012527, EDIBLE_047956, EDIBLE_013937, IENC_000508, IENC_000510

**INTERROGATORY NO. 18**

**Identify Plaintiff's first use of INCREDIBLE EDIBLES as a brand name for cannabis- or hemp- related products.**

ORIGINAL RESPONSE:

Plaintiffs object to this Interrogatory as exceeding the interrogatory limit set by the Federal Rules of Civil Procedure. By Plaintiffs' calculations, and in a light favorable to Defendants, Defendants' prior-served interrogatories total more than 25 discrete requests. Plaintiffs further object to Defendants' definition of "Plaintiffs" to the extent that it purports to include entities and individuals that are not named parties to the instant case, and to the extent that this interrogatory seeks information related to other third parties that is outside of Plaintiffs' possession, custody, or

control. Plaintiffs further object to this Interrogatory to the extent it seeks the disclosure of attorney-client privilege or work product materials and information, including communications with counsel, and the mental impressions, conclusions, opinions, or legal theories (opinion work product) of its counsel.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that their first public use of INCREDIBLE EDIBLES in association with hemp-derived CBD occurred at least as early as May 2019.

**INTERROGATORY NO. 19**

**Identify Plaintiffs' current plans to expand the INCREDIBLE EDIBLES brand to new locations throughout the United States, including the specific location(s) planned and the advertising expenses planned for those locations.**

ORIGINAL RESPONSE:

Plaintiffs object to this Interrogatory as exceeding the interrogatory limit set by the Federal Rules of Civil Procedure. By Plaintiffs' calculations, and in a light favorable to Defendants, Defendants' prior-served interrogatories total more than 25 discrete requests. Plaintiffs further object to Defendants' definition of "Plaintiffs" to the extent that it purports to include entities and individuals that are not named parties to the instant case, and to the extent that this interrogatory seeks information related to other third parties that is outside of Plaintiffs' possession, custody, or control.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that they do not have concrete plans to expand brick and mortar at this time; however, consumers can still purchase INCREDIBLE EDIBLES products in the Hickory, NC, edible® retail store.

**INTERROGATORY NO. 20**

**Identify Plaintiffs' efforts to obtain licenses or authorization to sell product containing THC.**

ORIGINAL RESPONSE:

Plaintiffs object to this Interrogatory as exceeding the interrogatory limit set by the Federal Rules of Civil Procedure. By Plaintiffs' calculations, and in a light favorable to Defendants, Defendants' prior-served interrogatories total more than 25 discrete requests. Plaintiffs further

object to Defendants' definition of "Plaintiffs" to the extent that it purports to include entities and individuals that are not named parties to the instant case, and to the extent that this interrogatory seeks information related to other third parties that is outside of Plaintiffs' possession, custody, or control. Plaintiffs further object to this Interrogatory to the extent it seeks the disclosure of attorney-client privilege or work product materials and information, including communications with counsel, and the mental impressions, conclusions, opinions, or legal theories (opinion work product) of its counsel.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that they have not sought a license or authorization to sell product containing THC; however, some products are full-spectrum and contain up to .3% THC as permitted under the Farm Bill.

**INTERROGATORY NO. 21**

**Identify any damages Plaintiff alleges were caused by GTI's sales of products bearing the INCREDIBLES mark, including itemization and calculation of specific damages Plaintiffs alleged were caused, and including the specific mechanism of causation alleged by Plaintiffs.**

ORIGINAL RESPONSE:

Plaintiffs object to this Interrogatory as exceeding the interrogatory limit set by the Federal Rules of Civil Procedure. By Plaintiffs' calculations, and in a light favorable to Defendants, Defendants' prior-served interrogatories total more than 25 discrete requests. Plaintiffs further object to Defendants' definition of "Plaintiffs" to the extent that it purports to include entities and individuals that are not named parties to the instant case, and to the extent that this interrogatory seeks information related to other third parties that is outside of Plaintiffs' possession, custody, or control. Plaintiffs further object to this Interrogatory to the extent it seeks the disclosure of attorney-client privilege or work product materials and information, including communications with counsel, and the mental impressions, conclusions, opinions, or legal theories (opinion work product) of its counsel. Plaintiffs further object to the term "mechanism of causation" as vague and ambiguous, undefined, and without a recognized or established meaning in trademark jurisprudence. Plaintiffs further object to the extent that this Interrogatory implies that Plaintiffs are required to identify specific lost sales or actual damage as a prerequisite to a damages recovery. Plaintiffs object to this Interrogatory on the grounds that discovery has not been completed and it seeks answers that include expert materials, including but not limited to damages analysis. Plaintiffs expressly reserve the right to supplement, clarify, revise or correct this answer, and to assert additional objections or privileges, in one or more subsequent supplemental response in accordance with the Scheduling Order and the time period for exchanging expert reports.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that they further object to this Interrogatory as calling for expert testimony prematurely in view of the Federal Rules and scheduling order in this case. Plaintiffs continue to investigate the nature and extent of the damages caused by Defendants' conduct. Much of Plaintiffs' investigation is dependent upon information provided by Defendants including information related to Defendants' sales. In addition to an award of injunctive relief, Edible is entitled to the following categories of monetary relief as a result of Defendants' conduct:

1. An award of three times Plaintiffs' actual damages in the form of a reasonable royalty in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), in an amount to be proved at trial;

2. An accounting of all profits realized by Defendants in the measure of its sales, to be enhanced for such additional sum as the Court shall find to be just, which shall constitute compensation, in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) in an amount to be proved at trial. Plaintiffs incorporate by reference testimony and produced documents of Defendants regarding their gross revenues from the sale of infringing INCREDIBLES products, which is the only amount that Plaintiffs are required to prove;

3. An award of punitive damages in an amount sufficient to punish Defendants and deter such willful misconduct in the future;

4. An award of reasonable attorney's fees and costs, on all counts of the Complaint, as this is an exceptional case and Defendants' purposeful wrongdoing and willful conduct warrant the recovery by Plaintiffs of such pursuant to 15 U.S.C. § 1117(a), 815 ILCS § 510, and Illinois common law;

5. An award of prejudgment and post-judgment interest; and

6. Such other and further relief as the Court deems proper.

**INTERROGATORY NO. 22**

**Identify any sale of GTI's INCREDIBLES products Plaintiff alleges were caused by consumer confusion with Plaintiffs' brands, including itemization and calculation of the specific sales so caused, and including the specific mechanism of causation alleged by Plaintiffs.**

ORIGINAL RESPONSE:

Plaintiffs object to this Interrogatory as exceeding the interrogatory limit set by the Federal Rules of Civil Procedure. By Plaintiffs' calculations, and in a light favorable to Defendants, Defendants' prior-served interrogatories total more than 25 discrete requests. Plaintiffs further object to Defendants' definition of "Plaintiffs" to the extent that it purports to include entities and individuals that are not named parties to the instant case, and to the extent that this interrogatory seeks information related to other third parties that is outside of Plaintiffs' possession, custody, or control. Plaintiffs further object to this Interrogatory to the extent it seeks the disclosure of attorney-client privilege or work product materials and information, including communications with counsel, and the mental impressions, conclusions, opinions, or legal theories (opinion work product) of its counsel. Plaintiffs further object to the term "mechanism of causation" as vague and ambiguous, undefined, and without a recognized or established meaning in trademark jurisprudence. Plaintiffs further object to the extent that this Interrogatory implies that Plaintiffs are required to identify specific lost sales or actual damage as a prerequisite to damages recovery. Plaintiffs object to this Interrogatory on the grounds that discovery has not been completed and it seeks answers that include expert materials, including but not limited to damages analysis. Plaintiffs expressly reserve the right to supplement, clarify, revise or correct this answer, and to assert additional objections or privileges, in one or more subsequent supplemental response in accordance with the Scheduling Order and the time period for exchanging expert reports.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that they do not seek lost profit damages and therefore have not attempted to determine specific sales lost to Defendants as a result of Defendants' trademark infringement.

**INTERROGATORY NO. 23**

**Identify any statements to the media made by Plaintiffs regarding Plaintiffs' sale of CBD products which were inaccurate or later turned out to be inaccurate.**

ORIGINAL RESPONSE:

Plaintiffs object to this Interrogatory as exceeding the interrogatory limit set by the Federal Rules of Civil Procedure. By Plaintiffs' calculations, and in a light favorable to Defendants, Defendants' prior-served interrogatories total more than 25 discrete requests. Plaintiffs further object to Defendants' definition of "Plaintiffs" to the extent that it purports to include entities and individuals that are not named parties to the instant case, and to the extent that this interrogatory seeks information related to other third parties that is outside of Plaintiffs' possession, custody, or control. Plaintiffs further object to the phrase "statements to the media…which were inaccurate or later turned out to be inaccurate" as vague and ambiguous, including to the extent that the Interrogatory does not specify what kinds of "inaccuracies" it seeks. Plaintiffs further object to this Interrogatory as overly burdensome and disproportionate to the needs of the case to the extent that

it purports to require Plaintiffs to seek out every "statement" to "media" and assess by some objective measure whether anything therein was "inaccurate" or became inaccurate at a later date. Regardless, unspecified inaccuracies in media statements have no relevance to the claims and defenses in this case or any tendency to prove or disprove trademark infringement and validity.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs state that they are unaware of any such statements.

**INTERROGATORY NO. 24**

**State the basis for the claim that consumers would associate the word "edible" specifically with Plaintiffs in connection with cannabis- and hemp-related goods, when the word "edible" is the generic term for cannabis- and hemp-infused goods.**

ORIGINAL RESPONSE:

Plaintiffs object to this Interrogatory as exceeding the interrogatory limit set by the Federal Rules of Civil Procedure. By Plaintiffs' calculations, and in a light favorable to Defendants, Defendants' prior-served interrogatories total more than 25 discrete requests. Plaintiffs further object to Defendants' definition of "Plaintiffs" to the extent that it purports to include entities and individuals that are not named parties to the instant case, and to the extent that this interrogatory seeks information related to other third parties that is outside of Plaintiffs' possession, custody, or control. Plaintiffs further object to this Interrogatory to the extent it seeks the disclosure of attorney-client privilege or work product materials and information, including communications with counsel, and the mental impressions, conclusions, opinions, or legal theories (opinion work product) of its counsel. Plaintiffs further object to this Interrogatory as assuming facts that are in material dispute in this case and requiring Plaintiffs to assume a legal conclusion offered by Defendants in providing Plaintiffs' response.

SUPPLEMENTAL RESPONSE:

By way of supplemental response, and subject to the foregoing objections, Plaintiffs further objects to this Interrogatory on the grounds it is overly broad and unduly burdensome to the extent it may direct Plaintiffs to state "all" facts in support of the contention. Plaintiffs state that they reject the premise that use of "edible" is generic in every instance for every cannabis and hemp-infused good. Plaintiffs further reject the implication that only the word "edible" is at issue in this case with respect to CBD products, insofar as Plaintiffs have trademark rights in the INCREDIBLE EDIBLES mark and variations thereof. The EDIBLE Marks have been in continuous use for over

20 years, associated with billions of dollars in sales, subject to millions of dollars of marketing, and enjoy extremely significant brand awareness among an extremely wide demographic of consumers. Plaintiffs hold numerous federal trademark registrations, some of which are incontestable, as further evidence of the strength of Plaintiffs' trademarks. The EDIBLE Marks have been, and are known to be, associated with confectionary goods such as chocolate, fruit treats, and other snack and gift items, regardless of whether those goods have a particular "ingredient", such as CBD. As a natural extension of the edible® product mix, an affiliate company launched under the brand name INCREDIBLE EDIBLES to provide the types of treats that Edible is known for in association with an added CBD ingredient. INCREDIBLE EDIBLES has reaped the benefit of its known association with Plaintiffs, prior EDIBLE Marks, and Plaintiffs' historical product lines. Plaintiffs' sales and recognition far outpace Defendants and other legal sellers of cannabis products, such that consumers' association of the EDIBLE Marks with Plaintiffs for the sale of confectionary goods is established. This is particularly true among new entrants to the cannabis market who have reason to know of Edible but previously have limited to no exposure to wholly cannabis-focused brands. Plaintiffs are the senior or first user over Defendants of the Edible and Incredible Edibles marks for a variety of legal food related goods and services dating back years before Defendants' junior use. Although Defendants purport to use the INCREDIBLES name to identify cannabis products, Defendants have not made actual use in commerce of the INCREDIBLES name to establish trademark ownership priority over Edible under the Lanham Act and have no federal trademark rights. Further, Defendants do not currently own and have never owned a federal trademark registration for INCREDIBLES.

Dated: June 8, 2022

TROUTMAN PEPPER HAMILTON SANDERS LLP

/s/ *John M. Bowler*

Robert E. Browne, Jr.,
227 W. Monroe Street, Suite 3900
Chicago, Illinois 60606
Tel: 312.759.1920
robert.browne@troutman.com

John M. Bowler
Lindsay M. Henner (pro hac vice)
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
Tel: 404.885.3000
john.bowler@troutman.com
lindsay.henner@troutman.com

*Attorneys For Edible IP, LLC and Edible Arrangements, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify on June 8, 2022, I served the foregoing "via email to Defendants' counsel of record.

/s/ *John M. Bowler*
John M. Bowler

HIGHLY CONFIDENTIAL

EXHIBIT A

Troutman Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2216

troutman.com



**Courtney Adams Thornton**
D 404.885.2733
F 404.885.3900
courtney.thornton@troutman.com

June 18, 2019

**SUBMITTED ELECTRONICALLY VIA TEAS**
United States Patent and Trademark Office
Commissioner of Trademarks
Attn: Deputy Commissioner for Trademark Examination Policy
600 Dulany Street
Alexandria, Virginia 22314-5793

**Re: Letter of Protest**
**Mark: MYSTÈRE EDIBLES**
**Applicant: First Foods Group, Inc.**
**Serial No.: 88309606**
**International Class: 30**

Dear Sir or Madame:

Our firm represents Edible IP, LLC (f/k/a Edible Arrangements, LLC) (collectively referred to as "Edible") in connection with its intellectual property matters. This Letter of Protest is being filed pursuant to TMEP § 1715.01(a)(2) against Application Serial No. 88309606 for the mark MYSTÈRE EDIBLES for "chocolate" in Class 30 (the "Protested Application"). Because the MYSTÈRE EDIBLES mark is confusingly similar to and will lessen the capacity of the marks owned by Edible (shown in the chart below and collectively referred to as the "EDIBLE Marks") to identify and distinguish goods or services, Application Serial No. 88309606 should be refused registration on the Principal Register of trademarks pursuant to Section 15 U.S.C. § 1052(d) and 15 U.S.C § 1125(c)(2)(B)[1].

Edible is the owner of numerous trademarks around the world incorporating the designation EDIBLE, including several EDIBLE Marks that are registered with the United States Patent and Trademark Office ("USPTO") on the Principal Register for use in connection with goods that are closely related to the goods covered by the MYSTÈRE EDIBLES mark. A copy of the TSDR records for the EDIBLE Marks is attached as **Exhibit A** to this letter.

---

[1] An application may be refused registration on the grounds of both a likelihood of confusion and dilution. *See e.g., McDonald's Corp. v. McSweet LLC*, WL5282256 (T.T.A.B. 2014).



| Mark/Name | App. No./ Reg. No. | App. Date/ Reg. Date | Relevant Goods/Services |
|---|---|---|---|
| EDIBLE | Reg. No. 4319940 | Registered: April 16, 2013 | (Int'l Class: 29) fruit cut into shapes and arranged in containers as floral designs; fruit salads; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with an edible topping, namely, coconut, processed nuts and combinations thereof … (Int'l Class: 30) fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate, cinnamon and combinations thereof… (Int'l Class: 32) smoothies; fruit smoothies; fruit juices; fruitbased beverages; chilled fruit-based beverages; frozen fruit-based beverages (Int'l Class: 35) on-line and retail store services in the field of fresh fruit, namely, …fruit based beverages, smoothies, frozen fruit-based beverages; business management, consulting and franchise services in the establishment and operation of retail stores for others, namely, providing business strategy, operation, marketing, personnel, customer relations and retail sales assistance relating to the sale of fruit, fruit pieces, fruit arrangements, fruit sauces, fruit salads, salads with lettuce and fruit, fruit-based beverages, fruit based juices, smoothies, and edible toppings at least partially coating the same |
| EDIBLE | Serial No. 87166534 | Filed: September 9, 2016 | (Int'l Class: 30) baked goods containing fruit, namely, cakes, cookies, bread, brownies and desserts |
| EDIBLE | Serial No. 87698471 | Filed: November 27, 2017 | (Int'l Class 16) stationery, namely, paper gift cards, packaging containers of paper for fruit (Int'l Class: 29) fruit based snack foods (Int'l Class: 30) bakery goods, frozen confections, chocolate candies; coffee flavored frozen drinks, chocolate flavored frozen drinks |




| EDIBLE and Design<br><br>edible | Serial No. 87726646 | Filed: December 19, 2017 | (Int'l Class: 29)<br>fruit and nut-based snack bars and fruit bars made with chocolate, fruit and nut bars<br>(Int'l Class: 30)<br>baked goods, namely, brownies, cakes, cookies; chocolate sauces, fudge, candy and confections, frozen yogurt mixed with fresh fruit based products<br>(Int'l Class: 32)<br>smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit and yogurt based frozen beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of food gift products and baked goods, fruit based drinks, frozen fruit based drinks, frozen chocolate drinks, frozen yogurt; offering franchise services in the nature of business management assistance in the establishment and operation of retail stores for others, namely, providing business strategy, operation, marketing, personnel management, customer relations and retail sales management assistance in the field of fresh fruit products, chocolate dipped fruit products, fresh and frozen fruit based drinks and frozen yogurt, frozen chocolate and yogurt based drinks, food gift products |
|---|---|---|---|
| EDIBLE and Design<br><br>edible | Reg. No. 5513739 | Registered: July 10, 2018 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof…<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |



| | | | |
|---|---|---|---|
| EDIBLE ARRANGEMENTS | Reg. No. 3844160 | Registered: September 7, 2010 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof…<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; frozen fruit-based beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |
| EDIBLE ARRANGEMENTS and Design | Reg. No. 3844161 | Registered: September 7, 2010 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; fruit salads; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof…<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; frozen fruit-based beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |
| EDIBLE ARRANGEMENTS and Design | Reg. No. 5286720 | Registered: September 12, 2017 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; fruit salads; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof… |




| | | | |
|---|---|---|---|
| edible arrangements | | | (Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and/or cinnamon, and also containing processed nuts and combinations thereof…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; frozen fruit-based beverages; frozen fruit and yogurt based beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |
| EDIBLE IS IBLE and Design<br>edible is ♥ible | Serial No. 87882329 | Filed: April 18, 2018 | (Int'l Class: 29)<br>fruit pieces being cut fruit; yogurt-based beverages also containing fruit<br>(Int'l Class: 30)<br>Frozen yogurt-based confections also containing fruit; frozen yogurt-based desserts also containing fruit; fruit cut into shapes and at least partially coated with a topping, namely, chocolate, and also containing processed nuts and arranged in containers as floral designs…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit-based frozen beverages also containing yogurt; frozen fruit-based desserts also containing yogurt<br>(Int'l Class: 35)<br>On-line and retail store services featuring fresh fruit products, namely, fruit cut into shapes and arranged in containers as floral designs, fruit salads, processed fruits… chocolate, fruit based beverages, smoothies, frozen fruit based beverages, chocolate sauces, chocolate candy, cookies, baked goods, confections |
| EDIBLE TO GO | Reg. No. 4068508 | Registered: December 6, 2011 | (Int'l Class: 29)<br>fruit salads; fruit salad with yogurt; fresh fruit comprised primarily of fruit cut into shapes; cut fresh fruit with edible toppings comprised primarily of granola and dried fruit; fresh fruit cut into flower shapes and arranged in containers as |




| | | | |
|---|---|---|---|
| | | | floral designs; arrangements made of fresh processed fruit<br>(Int'l Class: 30)<br>Fresh fruit comprised primarily of fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate; cut fresh fruit coated with an edible topping, which is comprised primarily of chocolate with coconut, cinnamon and nut based toppings…arrangements made of fresh or processed fruit at least partially coated with an edible topping, namely, chocolate, chocolate with coconut, cinnamon and nut based toppings<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; vegetable smoothies; fruit beverages; fruit juices |
| EDIBLE TO GO (Stylized) | Reg. No. 4300422 | Registered: March 12, 2013 | (Int'l Class: 29)<br>fruit salads; fruit salad with yogurt; fresh fruit in the nature of arrangements comprised primarily of fruit cut into shapes; cut fresh fruit with edible toppings comprised primarily of dried fruit; fresh fruit cut into flower shapes and arranged in containers as floral designs; arrangements made of fresh processed fruit<br>(Int'l Class: 30)<br>Fresh fruit comprised primarily of fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate; cut fresh fruit coated with an edible topping, which is comprised primarily of chocolate with coconut, cinnamon and nut based toppings and sprinkles…arrangements made of fresh or processed fruit at least partially coated with an edible topping, namely, chocolate, or comprised primarily of chocolate with coconut, cinnamon, nut based toppings and sprinkles<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit beverages; fruit juices |
| EDIBLE TREATS | Serial No. 87833917 | Filed: March 14, 2018 | (Int'l Class: 29)<br>yogurt-based beverages also containing fruit<br>(Int'l Class: 30)<br>Fruit cut into shapes and at least partially coated with a topping, namely, chocolate |




| | | | |
|---|---|---|---|
| | | | and also containing processed nuts and combinations thereof…baked goods, namely, cakes, cookies, brownies, cake pops, cheesecakes, cake truffles, pies, muffins, dessert bars, scones, donuts, and fruit breads; chocolate sauces, chocolate candy, cookies, confections in the nature of chocolate confections, marshmallows, fudge, jelly candies, brittle, toffee and caramel; frozen yogurt-based products, namely, parfaits also containing fruit; frozen yogurt<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit-based frozen beverages also containing yogurt; fresh fruit based products, namely, smoothies also containing frozen yogurt<br>(Int'l Class: 35)<br>On-line and retail store services featuring fresh fruit products, namely, fruit cut into shapes and arranged in containers as floral designs, fruit salads, processed fruits…chocolate sauces, chocolate candy, cookies, baked goods, confections |
| EDIBLE TREATS and Design<br><br>edible<br>—treats— | Serial No. 87834230 | Filed: March 14, 2018 | (Int'l Class: 29)<br>yogurt-based beverages also containing fruit<br>(Int'l Class: 30)<br>Fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…baked goods, namely, cakes, cookies, brownies, cake pops, cheesecakes, cake truffles, pies, muffins, dessert bars, scones, donuts, and fruit breads; chocolate sauces, chocolate candy, cookies, confections in the nature of chocolate confections, marshmallows, fudge, jelly candies, brittle, toffee and caramel; frozen yogurt-based products, namely, parfaits also containing fruit; frozen yogurt<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit-based frozen beverages also containing yogurt; fresh fruit based products, namely, smoothies also containing frozen yogurt |



| | | | |
|---|---|---|---|
| | | | (Int'l Class: 35)<br>On-line and retail store services featuring fresh fruit products, namely, fruit cut into shapes and arranged in containers as floral designs, fruit salads, processed fruits…chocolate sauces, chocolate candy, cookies, baked goods, confections |

All of Edible's U.S. trademark registrations are valid and subsisting and *prima facie* evidence of Edible's exclusive right to use the marks for the goods and services specified in the registrations. Furthermore, several of the registrations for the EDIBLE Marks have obtained incontestable status under US Trademark Law pursuant to the provisions of 15 USC §1065. *See Caterpillar Inc. v. Big Cat Energy Corp.*, No. 77618417, 2014 WL 4641791, at *6 (Sept. 3, 2014) (Finding standing where Caterpillar had numerous valid and subsisting registrations for its CAT marks and had established use of those marks in connection with a wide range of products and services). Additionally, Edible's priority in the EDIBLE Marks long predates the Applicant's filing date for the Protested Application of February 20, 2019. *See Toro Co. v. ToroHead Inc.,* 61 USPQ2d 1164, 1167 (TTAB 2001); *King Candy Co. v. Eunice King's Kitchen,* 496 F.2d 1400, 182 USPQ 108 (CCPA 1974) ("Priority is not an issue with respect to Opposer's pleaded registrations").

Section 2(d) of the Lanham Act, 15 U.S.C. §1052(d), provides in relevant part for refusal of registration of a mark that consists of or comprises a mark which so resembles a registered mark as to be likely, when used on or in connection with goods of the applicant, to cause confusion. Edible respectfully submits that there are significant and irrefutable grounds for refusing registration of the Protested Application based on a likelihood of confusion with Edible's EDIBLE Marks. Specifically, the EDIBLE Marks and the MYSTÈRE EDIBLES mark are nearly identical in sight, sound, and meaning. Both the EDIBLE Marks and the MYSTÈRE EDIBLES mark feature the identical, dominant, and distinctive element EDIBLE. *See Giant Food, Inc. v. Nation's FoodService, Inc.*, 710 F.2d 1565, 218 USPQ 390, 395 (Fed. Cir. 1983); *Keebler Co. v. Murray Bakery Prods.*, 866 F.2d 1386, 9 USPQ2d 1736, 1739-40 (Fed. Cir. 1989) (holding that it is proper to give less weight to weaker portion of marks). Thus, consumers are likely to believe that MYSTÈRE EDIBLES is merely a variation of the EDIBLE Marks. *See Big Cat*, 2014 WL 4641791, at *16 (potential consumers will consider the BIG CAT mark as merely a variation of Opposer's famous CAT marks).

Additionally, the goods identified by the MYSTÈRE EDIBLES mark are closely related to the goods covered by Edible's EDIBLE Marks. The Applicant proposes to register the MYSTÈRE EDIBLES mark in connection with "chocolate" in Class 30. The goods and services covered by Edible's applications and registrations for the EDIBLE Marks specifically include a variety of goods coated with chocolate topping and chocolate sauces as well as chocolate candy, cookies, baked goods, and confections. Goods need not be identical or even competitive to support a finding of likelihood of confusion. *See On-line Careline Inc. v. Ant. Online Inc.,* 229 F.3d 1080, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000). The respective goods need only be "related in some manner



and/or the circumstances surrounding their marketing [be] such that they could give rise to the mistaken belief that [the goods] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC,* 101 USPQ2d at 1722 (quoting *7-Eleven Inc. v. Wechsler,* 83 USPQ2d 1715, 1724 (T.T.A.B. 2007)).

In this case, not only are the goods and services under the EDIBLE Marks and the MYSTÈRE EDIBLES mark related, but they are identical or nearly identical in some instances and will be offered in the same trade channels. Given the fame of the EDIBLE Marks as set forth hereinafter, and the similarity of the goods and services offered under both the EDIBLE and MYSTÈRE EDIBLES marks, the consuming public is likely to be confused into believing the goods identified by the MYSTÈRE EDIBLES mark are sold by Edible or that such goods originate with or are in some way connected to Edible in violation of 15 U.S.C. §§ 1052(d) and 1125(a). *See Recot Inc. v. M.G. Becton,* 214 F.3d 1322, 54 USPQ2d 1894 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.,* 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *General Mills Inc. v. Fage Dairy Processing Indus. SA,* 100 USPQ2d 1584, 1597 (T.T.A.B. 2011).

The EDIBLE Marks are famous and entitled to significant protection. Edible is a U.S.-based franchising business that specializes in fresh fruit arrangements and offers a wide variety of food and gift options. Now in its 20th year of business, Edible provides its fresh fruit and confectionary arrangements through its 1,300+ independently-owned franchise locations. Since its founding in 1999 in East Haven, Conn., Edible has been recognized as an industry leader, ranking first in its category in *Entrepreneur* magazine's annual "Franchise 500," *Entrepreneur's* Top 40 of "Fastest Growing Franchises" and "America's Top Global Franchises" as well as being included among the "*Inc.* 5000" list of the fastest growing privately-held companies. Edible is known for providing outstanding customer service and delicious treats arranged in beautiful and creative designs under the EDIBLE Marks. Edible customers reside throughout the country, and its valuable goodwill extends throughout the world. Evidence of the fame of the Edible Mark is attached as **Exhibit B**.

When present, the fame of a mark is "a dominant factor in the likelihood of confusion analysis . . . independent of the consideration of the relatedness of the goods." *Recot*, 214 F.3d at 1328, 54 USPQ2d at 1898; *L'Oreal S.A. v. Marcon*, 102 USPQ2d 1434, 1438 (T.T.A.B. 2012) (noting that "a finding that a mark enjoys significant fame expands the scope of protection which might be accorded a lesser-known mark."). Given the fame of the EDIBLE Marks, and that the EDIBLE Marks and the MYSTÈRE EDIBLES mark are nearly identical and identify identical goods and services, we respectfully submit that the MYSTÈRE EDIBLES mark creates a likelihood of confusion with the EDIBLE Marks and should be refused registration.

Further, the MYSTÈRE EDIBLES mark dilutes and blurs the distinctiveness of the EDIBLE Marks. The Federal Trademark Dilution Act defines dilution as "the lessening of the capacity of a famous mark to identify and distinguish good or services …." 15 U.S.C. § 1125. "[T]o prevail on a dilution claim ..., a plaintiff must show that: (1) it owns a famous mark that is distinctive; (2) the defendant is using a mark in commerce that allegedly dilutes the plaintiff's famous mark; (3) the defendant's use of its mark began after the plaintiff's mark became famous; and (4) the defendant's use of its mark is likely to cause dilution by blurring ...." *Coach Servs. Inc.*



101 USPQ2d at 1723-24. For dilution purposes, "a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." Section 43(c)(2)(A) of the Act, 15 U.S.C. § 1125(c)(2)(A).

In determining whether a mark or trade name is likely to cause dilution by blurring, the Board may consider all relevant factors, including the following:

i. The degree of similarity between the mark or trade name and the famous mark.

ii. The degree of inherent or acquired distinctiveness of the famous mark.

iii. The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark.

iv. The degree of recognition of the famous mark.

v. Whether the user of the mark or trade name intended to create an association with the famous mark.

vi. Any actual association between the mark or trade name and the famous mark.

15 U.S.C. §1125(c)(2)(B)(i)-(vi)

The MYSTÈRE EDIBLES mark will dilute the EDIBLE Marks because: (i) MYSTÈRE EDIBLES is nearly identical in appearance and sound to EDIBLE, (ii) Edible owns numerous trademark registrations for the EDIBLE Marks, several of which have attained incontestability, (iii) Edible is the exclusive user of the EDIBLE Marks, (iv) the EDIBLE Marks are famous and acquired this fame long prior to the application filed for the MYSTÈRE EDIBLES mark, and (v) with infinite choices available, the choice of a mark with the dominant feature EDIBLE for the MYSTÈRE EDIBLES mark for identical or nearly identical goods and services to those of Edible confirms that the owner of the Protested Application intended to trade on the fame of the EDIBLE Marks.

The likelihood of confusion and dilution caused by the registration of the MYSTÈRE EDIBLES mark will result in irreparable harm to the EDIBLE Marks. As such, we respectfully request that this Letter of Protest be granted and registration of the MYSTÈRE EDIBLES mark refused.

Sincerely,

TROUTMAN SANDERS LLP

Courtney A. Thornton

HIGHLY CONFIDENTIAL

EXHIBIT B

Troutman Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2216

troutman.com

**Michael D. Hobbs, Jr.**
D 404.885.3330
F 404.885.3900
michael.hobbs@troutman.com

June 12, 2019

**SUBMITTED ELECTRONICALLY VIA TEAS**
United States Patent and Trademark Office
Commissioner of Trademarks
Attn: Deputy Commissioner for Trademark Examination Policy
600 Dulany Street
Alexandria, Virginia 22314-5793

**Re: Letter of Protest**
**Mark: EDIBLE DELIGHT**
**Applicant: Golden Happiness Bakery Ltd.**
**Serial No.: 88256788**
**International Class: 30**

Dear Sirs:

Our firm represents Edible IP, LLC ("Edible") in connection with its intellectual property matters. This Letter of Protest is being filed, as provided by Section 1715 of the Trademark Manual of Examining Procedure, to protest Application Serial No. 88256788 for the mark EDIBLE DELIGHT for "spring rolls, croquettes, rice balls, spring rolls containing pasta and cheese, deep-fried rice balls, arancini, appetizers, hors d'oeuvres, canapes, grain-based and bread-based appetizers, hors d'oeuvres, and canapes, appetizers, hors d'oeuvres, and canapes containing meat, poultry, fish or seafood, appetizers, hors d'oeuvres, and canapes containing eggs, bean sauces, beans, vegetables or cheeses, baked or deep fried finger foods containing meats, poultry, fish, seafood, eggs, bean sauces, beans, vegetables or cheeses, appetizers, hors d'oeuvres, and canapes containing meat, poultry, fish, seafood, eggs, bean sauces, beans, vegetables or cheeses either alone or in combination, prepared and packaged meals and side dishes consisting mainly of meat, poultry, fish or seafood, prepared and packaged meals and side dishes consisting mainly of eggs, beans, bean sauces, vegetables, or cheeses" in Class 30 (the "Protested Application").

Edible is the owner of all right, title, and interest in multiple federal trademark registrations registered with the United States Patent and Trademark Office ("USPTO") on the Principal Register for use in connection with goods that are closely related to the goods covered by the Protested Application, as shown below (collectively, the "EDIBLE Marks"). A copy of the TSDR records for the EDIBLE Marks is attached as **Exhibit A** to this letter.

HIGHLY CONFIDENTIAL




| Mark/Name | App. No./ Reg. No. | App. Date/ Reg. Date | Relevant Goods/Services |
|---|---|---|---|
| EDIBLE | Reg. No. 4319940 | Registered: April 16, 2013 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; fruit salads; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with an edible topping, namely, coconut, processed nuts and combinations thereof …<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate, cinnamon and combinations thereof…<br>(Int'l Class: 32)<br>smoothies; fruit smoothies; fruit juices; fruitbased beverages; chilled fruit-based beverages; frozen fruit-based beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit, namely, …fruit based beverages, smoothies, frozen fruit-based beverages; business management, consulting and franchise services in the establishment and operation of retail stores for others, namely, providing business strategy, operation, marketing, personnel, customer relations and retail sales assistance relating to the sale of fruit, fruit pieces, fruit arrangements, fruit sauces, fruit salads, salads with lettuce and fruit, fruit-based beverages, fruit based juices, smoothies, and edible toppings at least partially coating the same |
| EDIBLE | Serial No. 87166534 | Filed: September 9, 2016 | (Int'l Class: 30)<br>baked goods containing fruit, namely, cakes, cookies, bread, brownies and desserts |
| EDIBLE | Serial No. 87698471 | Filed: November 27, 2017 | (Int’l Class 16)<br>stationery, namely, paper gift cards, packaging containers of paper for fruit<br>(Int'l Class: 29)<br>fruit based snack foods<br>(Int'l Class: 30)<br>bakery goods, frozen confections, chocolate candies; coffee flavored frozen drinks, chocolate flavored frozen drinks |




| | | | |
|---|---|---|---|
| EDIBLE and Design<br><br>edible | Serial No. 87726646 | Filed: December 19, 2017 | (Int'l Class: 29)<br>fruit and nut-based snack bars and fruit bars made with chocolate, fruit and nut bars<br>(Int'l Class: 30)<br>baked goods, namely, brownies, cakes, cookies; chocolate sauces, fudge, candy and confections, frozen yogurt mixed with fresh fruit based products<br>(Int'l Class: 32)<br>smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit and yogurt based frozen beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of food gift products and baked goods, fruit based drinks, frozen fruit based drinks, frozen chocolate drinks, frozen yogurt; offering franchise services in the nature of business management assistance in the establishment and operation of retail stores for others, namely, providing business strategy, operation, marketing, personnel management, customer relations and retail sales management assistance in the field of fresh fruit products, chocolate dipped fruit products, fresh and frozen fruit based drinks and frozen yogurt, frozen chocolate and yogurt based drinks, food gift products |
| EDIBLE and Design<br><br>edible | Reg. No. 5513739 | Registered: July 10, 2018 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof…<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |



| | | | |
|---|---|---|---|
| EDIBLE ARRANGEMENTS | Reg. No. 3844160 | Registered: September 7, 2010 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof…<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; frozen fruit-based beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |
| EDIBLE ARRANGEMENTS and Design | Reg. No. 3844161 | Registered: September 7, 2010 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; fruit salads; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof…<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; frozen fruit-based beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |
| EDIBLE ARRANGEMENTS and Design | Reg. No. 5286720 | Registered: September 12, 2017 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; fruit salads; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof… |




| | | | |
|---|---|---|---|
| | | | (Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and/or cinnamon, and also containing processed nuts and combinations thereof…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; frozen fruit-based beverages; frozen fruit and yogurt based beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |
| EDIBLE IS IBLE and Design | Serial No. 87882329 | Filed: April 18, 2018 | (Int'l Class: 29)<br>fruit pieces being cut fruit; yogurt-based beverages also containing fruit<br>(Int'l Class: 30)<br>Frozen yogurt-based confections also containing fruit; frozen yogurt-based desserts also containing fruit; fruit cut into shapes and at least partially coated with a topping, namely, chocolate, and also containing processed nuts and arranged in containers as floral designs…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit-based frozen beverages also containing yogurt; frozen fruit-based desserts also containing yogurt<br>(Int'l Class: 35)<br>On-line and retail store services featuring fresh fruit products, namely, fruit cut into shapes and arranged in containers as floral designs, fruit salads, processed fruits… chocolate, fruit based beverages, smoothies, frozen fruit based beverages, chocolate sauces, chocolate candy, cookies, baked goods, confections |
| EDIBLE TO GO | Reg. No. 4068508 | Registered: December 6, 2011 | (Int'l Class: 29)<br>fruit salads; fruit salad with yogurt; fresh fruit comprised primarily of fruit cut into shapes; cut fresh fruit with edible toppings comprised primarily of granola and dried fruit; fresh fruit cut into flower shapes and arranged in containers as |




| | | | |
|---|---|---|---|
| | | | floral designs; arrangements made of fresh processed fruit (Int'l Class: 30) Fresh fruit comprised primarily of fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate; cut fresh fruit coated with an edible topping, which is comprised primarily of chocolate with coconut, cinnamon and nut based toppings…arrangements made of fresh or processed fruit at least partially coated with an edible topping, namely, chocolate, chocolate with coconut, cinnamon and nut based toppings (Int'l Class: 32) Smoothies; fruit smoothies; vegetable smoothies; fruit beverages; fruit juices |
| EDIBLE TO GO (Stylized) | Reg. No. 4300422 | Registered: March 12, 2013 | (Int'l Class: 29) fruit salads; fruit salad with yogurt; fresh fruit in the nature of arrangements comprised primarily of fruit cut into shapes; cut fresh fruit with edible toppings comprised primarily of dried fruit; fresh fruit cut into flower shapes and arranged in containers as floral designs; arrangements made of fresh processed fruit (Int'l Class: 30) Fresh fruit comprised primarily of fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate; cut fresh fruit coated with an edible topping, which is comprised primarily of chocolate with coconut, cinnamon and nut based toppings and sprinkles…arrangements made of fresh or processed fruit at least partially coated with an edible topping, namely, chocolate, or comprised primarily of chocolate with coconut, cinnamon, nut based toppings and sprinkles (Int'l Class: 32) Smoothies; fruit smoothies; fruit beverages; fruit juices |
| EDIBLE TREATS | Serial No. 87833917 | Filed: March 14, 2018 | (Int'l Class: 29) yogurt-based beverages also containing fruit (Int'l Class: 30) Fruit cut into shapes and at least partially coated with a topping, namely, chocolate |

HIGHLY CONFIDENTIAL





| | | | |
|---|---|---|---|
| | | | and also containing processed nuts and combinations thereof…baked goods, namely, cakes, cookies, brownies, cake pops, cheesecakes, cake truffles, pies, muffins, dessert bars, scones, donuts, and fruit breads; chocolate sauces, chocolate candy, cookies, confections in the nature of chocolate confections, marshmallows, fudge, jelly candies, brittle, toffee and caramel; frozen yogurt-based products, namely, parfaits also containing fruit; frozen yogurt<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit-based frozen beverages also containing yogurt; fresh fruit based products, namely, smoothies also containing frozen yogurt<br>(Int'l Class: 35)<br>On-line and retail store services featuring fresh fruit products, namely, fruit cut into shapes and arranged in containers as floral designs, fruit salads, processed fruits…chocolate sauces, chocolate candy, cookies, baked goods, confections |
| EDIBLE TREATS and Design<br>edible —treats— | Serial No. 87834230 | Filed: March 14, 2018 | (Int'l Class: 29)<br>yogurt-based beverages also containing fruit<br>(Int'l Class: 30)<br>Fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…baked goods, namely, cakes, cookies, brownies, cake pops, cheesecakes, cake truffles, pies, muffins, dessert bars, scones, donuts, and fruit breads; chocolate sauces, chocolate candy, cookies, confections in the nature of chocolate confections, marshmallows, fudge, jelly candies, brittle, toffee and caramel; frozen yogurt-based products, namely, parfaits also containing fruit; frozen yogurt<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit-based frozen beverages also containing yogurt; fresh fruit based products, namely, smoothies also containing frozen yogurt |



| | | | |
|---|---|---|---|
| | | | (Int'l Class: 35)<br>On-line and retail store services featuring fresh fruit products, namely, fruit cut into shapes and arranged in containers as floral designs, fruit salads, processed fruits…chocolate sauces, chocolate candy, cookies, baked goods, confections |

Additionally, several of the EDIBLE Marks have obtained incontestable status under U.S. Trademark Law pursuant to the provisions of 15 USC §1065. As such, Edible has standing to protest the registration of the Protested Application. *See Caterpillar Inc. v. Big Cat Energy Corp.*, No. 77618417, 2014 WL 4641791, at *6 (Sept. 3, 2014) (Finding standing where Caterpillar had numerous valid and subsisting registrations for its CAT marks and had established use of those marks in connection with a wide range of products and services). Edible's standing is bolstered by the fact that Edible's priority in the EDIBLE Marks predates the Applicant's filing date of May 26, 2018. *See Toro Co. v. ToroHead Inc.,* 61 USPQ2d 1164, 1167 (TTAB 2001); *King Candy Co. v. Eunice King's Kitchen,* 496 F.2d 1400, 182 USPQ 108 (CCPA 1974) ("Priority is not an issue with respect to Opposer's pleaded registrations").

Section 2(d) of the Lanham Act, 15 U.S.C. §1052(d), provides in relevant part for refusal of registration of a mark that consists of or comprises a mark which so resembles a registered mark as to be likely, when used on or in connection with goods of the applicant, to cause confusion. Edible respectfully submits that there is reasonable ground for refusing registration of the Protested Application based on a likelihood of confusion with Edible's EDIBLE Marks. Specifically, the EDIBLE Marks and the EDIBLE DELIGHT mark are nearly identical in sight, sound, and meaning. Both the EDIBLE Marks and the EDIBLE DELIGHT mark feature the identical, dominant, and distinctive element EDIBLE. *See Giant Food, Inc. v. Nation's FoodService, Inc.*, 710 F.2d 1565, 218 USPQ 390, 395 (Fed. Cir. 1983); *Keebler Co. v. Murray Bakery Prods.*, 866 F.2d 1386, 9 USPQ2d 1736, 1739-40 (Fed. Cir. 1989) (holding that it is proper to give less weight to weaker portion of marks). Thus, consumers are likely to believe that EDIBLE DELIGHT is merely a variation of the EDIBLE Marks. *See Big Cat*, 2014 WL 4641791, at *16 (potential consumers will consider the BIG CAT mark as merely a variation of Opposer's famous CAT marks).

Additionally, the goods identified by the EDIBLE DELIGHT mark are closely related to the goods identified by Edible's EDIBLE Marks. The Applicant proposes to register the EDIBLE DELIGHT mark in connection with a large variety of food products, including those used for appetizers, hors d'oeuvres, and side dishes in Class 30. The goods and services covered by Edible's applications and registrations for the EDIBLE Marks specifically include a variety of food products, including, but not limited to, fruit arrangements, fruit salads, juices, yogurts, chocolate candy, cookies, baked goods, and confections, which often serve as appetizers, hors d'oeuvres, and side dishes. Goods need not be identical or even competitive to support a finding of likelihood of confusion. *See On-line Careline Inc. v. Ant. Online Inc.,* 229 F.3d 1080, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000). The respective goods need only be "related in some manner and/or the




circumstances surrounding their marketing [be] such that they could give rise to the mistaken belief that [the goods] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC,* 101 USPQ2d at 1722 (quoting *7-Eleven Inc. v. Wechsler,* 83 USPQ2d 1715, 1724 (T.T.A.B. 2007)).

In this case, not only are the goods and services under the EDIBLE Marks and the EDIBLE DELIGHT mark related, but they are identical or nearly identical in some instances and will be offered in the same trade channels. Given the fame of the EDIBLE Marks as set forth hereinafter, and the similarity of the goods and services offered under both the EDIBLE and EDIBLE DELIGHT marks, the consuming public is likely to be confused into believing the goods identified by the EDIBLE DELIGHT mark are sold by Edible or that such goods originate with or are in some way connected to Edible in violation of 15 U.S.C. §§ 1052(d) and 1125(a). *See Recot Inc. v. M.G. Becton,* 214 F.3d 1322, 54 USPQ2d 1894 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.,* 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *General Mills Inc. v. Fage Dairy Processing Indus. SA,* 100 USPQ2d 1584, 1597 (T.T.A.B. 2011).

The EDIBLE Marks are famous and entitled to significant protection. Edible is a U.S.-based franchising business that specializes in fresh fruit arrangements and offers a wide variety of food and gift options. Now in its 20th year of business, Edible provides its fresh fruit and confectionary arrangements through its 1,300+ independently owned franchise locations. Since its founding in 1999 in East Haven, Conn., Edible has been recognized as an industry leader, ranking first in its category in *Entrepreneur* magazine's annual "Franchise 500," *Entrepreneur's* Top 40 of "Fastest Growing Franchises" and "America's Top Global Franchises" as well as being included among the "*Inc.* 5000" list of the fastest growing privately-held companies. Edible is known for providing outstanding customer service and delicious treats arranged in beautiful and creative designs under the EDIBLE Marks. Edible customers reside throughout the country, and its valuable goodwill extends throughout the world.

When present, the fame of a mark is "a dominant factor in the likelihood of confusion analysis . . . independent of the consideration of the relatedness of the goods." *Recot*, 214 F.3d at 1328, 54 USPQ2d at 1898; *L'Oreal S.A. v. Marcon*, 102 USPQ2d 1434, 1438 (T.T.A.B. 2012) (noting that "a finding that a mark enjoys significant fame expands the scope of protection which might be accorded a lesser-known mark."). Given the fame of the EDIBLE Marks, and the fact that the EDIBLE Marks and the EDIBLE DELIGHT mark are nearly identical and identify identical goods and services, we respectfully submit that the EDIBLE DELIGHT mark creates a likelihood of confusion with the EDIBLE Marks and should be refused registration.

Further, the EDIBLE DELIGHT mark dilutes and blurs the distinctiveness of the EDIBLE Marks. The Federal Trademark Dilution Act defines dilution as "the lessening of the capacity of a famous mark to identify and distinguish good or services …." 15 U.S.C. § 1127. "[T]o prevail on a dilution claim ..., a plaintiff must show that: (1) it owns a famous mark that is distinctive; (2) the defendant is using a mark in commerce that allegedly dilutes the plaintiff's famous mark; (3) the defendant's use of its mark began after the plaintiff's mark became famous; and (4) the defendant's use of its mark is likely to cause dilution by blurring ...." *Coach Servs. Inc.* 101 USPQ2d at 1723-24. For dilution purposes, "a mark is famous if it is widely recognized by the general consuming




public of the United States as a designation of source of the goods or services of the mark's owner." Section 43(c)(2)(A) of the Act, 15 U.S.C. § 1125(c)(2)(A).

In determining whether a mark or trade name is likely to cause dilution by blurring, the Board may consider all relevant factors, including the following:

i. The degree of similarity between the mark or trade name and the famous mark.

ii. The degree of inherent or acquired distinctiveness of the famous mark.

iii. The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark.

iv. The degree of recognition of the famous mark.

v. Whether the user of the mark or trade name intended to create an association with the famous mark.

vi. Any actual association between the mark or trade name and the famous mark.

15 U.S.C. §1125(c)(2)(B)(i)-(vi)

The EDIBLE DELIGHT mark will dilute the EDIBLE Marks because: (i) EDIBLE DELIGHT is nearly identical in appearance and sound to EDIBLE, (ii) Edible owns numerous trademark registrations for the EDIBLE Marks, several of which have attained incontestability, (iii) Edible is the exclusive user of the EDIBLE Marks, (iv) the EDIBLE Marks are famous and acquired this fame long prior to the application filed for the EDIBLE DELIGHT mark, and (v) with infinite choices available, the choice of a mark with the dominant feature EDIBLE for the EDIBLE DELIGHT mark for identical or nearly identical goods and services to those of Edible confirms that the owner of the Protested Application intended to trade on the fame of the EDIBLE Marks.

The likelihood of confusion and dilution caused by the registration of the EDIBLE DELIGHT mark will result in irreparable harm to the EDIBLE Marks. As such, we respectfully request that this Letter of Protest be granted and registration of the EDIBLE DELIGHT mark refused.

Sincerely,

TROUTMAN SANDERS LLP

Courtney A. Thornton

Troutman Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2216

troutman.com

EXHIBIT C

**Courtney Adams Thornton**
D 404.885.2733
F 404.885.3900
courtney.thornton@troutman.com

June 18, 2019

**SUBMITTED ELECTRONICALLY VIA TEAS**
United States Patent and Trademark Office
Commissioner of Trademarks
Attn: Deputy Commissioner for Trademark Examination Policy
600 Dulany Street
Alexandria, Virginia 22314-5793

**Re: Letter of Protest**
**Mark: EDIBLE WEED and Design**




**Applicant: John Conte**
**Serial No.: 87937676**
**International Class: 30**

Dear Sir or Madame:

Our firm represents Edible IP, LLC (f/k/a Edible Arrangements, LLC) (collectively referred to as "Edible") in connection with its intellectual property matters. This Letter of Protest is being filed pursuant to TMEP § 1715.01(a)(2) against Application Serial No. 87937676 for the mark EDIBLE WEED and Design for "candy, cookies, and baked goods" in Class 30 (the "Protested Application"). Because the EDIBLE WEED and Design mark is (a) confusingly similar to the marks owned by Edible (shown in the chart below and collectively referred to as the "EDIBLE Marks"), (b) will lessen the capacity of the EDIBLE Marks to identify and distinguish goods or services, and (c) will tarnish the wholesome reputation associated with the EDIBLE Marks, Application Serial No. 87937676 should be refused registration on the Principal Register of trademarks pursuant to Section 15 U.S.C. § 1052(d) and 15 U.S.C § 1125(c)(2)(B)[1].

Edible is the owner of numerous trademarks around the world incorporating the designation EDIBLE, including several EDIBLE Marks that are registered with the United States Patent and Trademark Office ("USPTO") on the Principal Register for use in connection with

[1] An application may be refused registration on the grounds of both a likelihood of confusion and dilution. *See e.g., McDonald's Corp. v. McSweet LLC*, WL5282256 (T.T.A.B. 2014).



goods that are closely related to the goods covered by the EDIBLE WEED and Design mark. A copy of the TSDR records for the EDIBLE Marks is attached as **Exhibit A** to this letter.

| Mark/Name | App. No./ Reg. No. | App. Date/ Reg. Date | Relevant Goods/Services |
|---|---|---|---|
| EDIBLE | Reg. No. 4319940 | Registered: April 16, 2013 | (Int'l Class: 29) fruit cut into shapes and arranged in containers as floral designs; fruit salads; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with an edible topping, namely, coconut, processed nuts and combinations thereof … (Int'l Class: 30) fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate, cinnamon and combinations thereof… (Int'l Class: 32) smoothies; fruit smoothies; fruit juices; fruitbased beverages; chilled fruit-based beverages; frozen fruit-based beverages (Int'l Class: 35) on-line and retail store services in the field of fresh fruit, namely, …fruit based beverages, smoothies, frozen fruit-based beverages; business management, consulting and franchise services in the establishment and operation of retail stores for others, namely, providing business strategy, operation, marketing, personnel, customer relations and retail sales assistance relating to the sale of fruit, fruit pieces, fruit arrangements, fruit sauces, fruit salads, salads with lettuce and fruit, fruit-based beverages, fruit based juices, smoothies, and edible toppings at least partially coating the same |
| EDIBLE | Serial No. 87166534 | Filed: September 9, 2016 | (Int'l Class: 30) baked goods containing fruit, namely, cakes, cookies, bread, brownies and desserts |
| EDIBLE | Serial No. 87698471 | Filed: November 27, 2017 | (Int'l Class 16) stationery, namely, paper gift cards, packaging containers of paper for fruit (Int'l Class: 29) fruit based snack foods (Int'l Class: 30) bakery goods, frozen confections, |




| | | | |
|---|---|---|---|
| | | | chocolate candies; coffee flavored frozen drinks, chocolate flavored frozen drinks |
| EDIBLE and Design<br><br>edible | Serial No. 87726646 | Filed: December 19, 2017 | (Int'l Class: 29)<br>fruit and nut-based snack bars and fruit bars made with chocolate, fruit and nut bars<br>(Int'l Class: 30)<br>baked goods, namely, brownies, cakes, cookies; chocolate sauces, fudge, candy and confections, frozen yogurt mixed with fresh fruit based products<br>(Int'l Class: 32)<br>smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit and yogurt based frozen beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of food gift products and baked goods, fruit based drinks, frozen fruit based drinks, frozen chocolate drinks, frozen yogurt; offering franchise services in the nature of business management assistance in the establishment and operation of retail stores for others, namely, providing business strategy, operation, marketing, personnel management, customer relations and retail sales management assistance in the field of fresh fruit products, chocolate dipped fruit products, fresh and frozen fruit based drinks and frozen yogurt, frozen chocolate and yogurt based drinks, food gift products |
| EDIBLE and Design<br><br>edible | Reg. No. 5513739 | Registered: July 10, 2018 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof…<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, |




| | | | namely, …fruit based beverages, smoothies, frozen fruit based beverages |
|---|---|---|---|
| EDIBLE ARRANGEMENTS | Reg. No. 3844160 | Registered: September 7, 2010 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof…<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; frozen fruit-based beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |
| EDIBLE ARRANGEMENTS and Design<br><br>Edible<br>ARRANGEMENTS | Reg. No. 3844161 | Registered: September 7, 2010 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; fruit salads; processed fruits; arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof…<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; frozen fruit-based beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |
| EDIBLE ARRANGEMENTS and Design | Reg. No. 5286720 | Registered: September 12, 2017 | (Int'l Class: 29)<br>fruit cut into shapes and arranged in containers as floral designs; fruit salads; processed fruits; arrangements made of |




| | | | |
|---|---|---|---|
| edible arrangements | | | fresh processed fruit; fruit cut into shapes and at least partially coated with a topping, namely, coconut, processed nuts and combinations thereof…<br>(Int'l Class: 30)<br>fruit cut into shapes and at least partially coated with a topping, namely, chocolate and/or cinnamon, and also containing processed nuts and combinations thereof…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; frozen fruit-based beverages; frozen fruit and yogurt based beverages<br>(Int'l Class: 35)<br>on-line and retail store services in the field of fresh fruit products, namely, …fruit based beverages, smoothies, frozen fruit based beverages |
| EDIBLE IS IBLE and Design<br><br>edible is ♥ible | Serial No. 87882329 | Filed: April 18, 2018 | (Int'l Class: 29)<br>fruit pieces being cut fruit; yogurt-based beverages also containing fruit<br>(Int'l Class: 30)<br>Frozen yogurt-based confections also containing fruit; frozen yogurt-based desserts also containing fruit; fruit cut into shapes and at least partially coated with a topping, namely, chocolate, and also containing processed nuts and arranged in containers as floral designs…<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit-based frozen beverages also containing yogurt; frozen fruit-based desserts also containing yogurt<br>(Int'l Class: 35)<br>On-line and retail store services featuring fresh fruit products, namely, fruit cut into shapes and arranged in containers as floral designs, fruit salads, processed fruits… chocolate, fruit based beverages, smoothies, frozen fruit based beverages, chocolate sauces, chocolate candy, cookies, baked goods, confections |
| EDIBLE TO GO | Reg. No. 4068508 | Registered: December 6, 2011 | (Int'l Class: 29)<br>fruit salads; fruit salad with yogurt; fresh fruit comprised primarily of fruit cut into shapes; cut fresh fruit with edible |




| | | | toppings comprised primarily of granola and dried fruit; fresh fruit cut into flower shapes and arranged in containers as floral designs; arrangements made of fresh processed fruit<br>(Int'l Class: 30)<br>Fresh fruit comprised primarily of fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate; cut fresh fruit coated with an edible topping, which is comprised primarily of chocolate with coconut, cinnamon and nut based toppings…arrangements made of fresh or processed fruit at least partially coated with an edible topping, namely, chocolate, chocolate with coconut, cinnamon and nut based toppings<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; vegetable smoothies; fruit beverages; fruit juices |
|---|---|---|---|
| EDIBLE TO GO (Stylized)<br>Edible To Go | Reg. No. 4300422 | Registered: March 12, 2013 | (Int'l Class: 29)<br>fruit salads; fruit salad with yogurt; fresh fruit in the nature of arrangements comprised primarily of fruit cut into shapes; cut fresh fruit with edible toppings comprised primarily of dried fruit; fresh fruit cut into flower shapes and arranged in containers as floral designs; arrangements made of fresh processed fruit<br>(Int'l Class: 30)<br>Fresh fruit comprised primarily of fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate; cut fresh fruit coated with an edible topping, which is comprised primarily of chocolate with coconut, cinnamon and nut based toppings and sprinkles…arrangements made of fresh or processed fruit at least partially coated with an edible topping, namely, chocolate, or comprised primarily of chocolate with coconut, cinnamon, nut based toppings and sprinkles<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit beverages; fruit juices |



| EDIBLE TREATS | Serial No. 87833917 | Filed: March 14, 2018 | (Int'l Class: 29)<br>yogurt-based beverages also containing fruit<br>(Int'l Class: 30)<br>Fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…baked goods, namely, cakes, cookies, brownies, cake pops, cheesecakes, cake truffles, pies, muffins, dessert bars, scones, donuts, and fruit breads; chocolate sauces, chocolate candy, cookies, confections in the nature of chocolate confections, marshmallows, fudge, jelly candies, brittle, toffee and caramel; frozen yogurt-based products, namely, parfaits also containing fruit; frozen yogurt<br>(Int'l Class: 32)<br>Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit-based frozen beverages also containing yogurt; fresh fruit based products, namely, smoothies also containing frozen yogurt<br>(Int'l Class: 35)<br>On-line and retail store services featuring fresh fruit products, namely, fruit cut into shapes and arranged in containers as floral designs, fruit salads, processed fruits…chocolate sauces, chocolate candy, cookies, baked goods, confections |
|---|---|---|---|
| EDIBLE TREATS and Design<br>edible<br>—treats— | Serial No. 87834230 | Filed: March 14, 2018 | (Int'l Class: 29)<br>yogurt-based beverages also containing fruit<br>(Int'l Class: 30)<br>Fruit cut into shapes and at least partially coated with a topping, namely, chocolate and also containing processed nuts and combinations thereof…baked goods, namely, cakes, cookies, brownies, cake pops, cheesecakes, cake truffles, pies, muffins, dessert bars, scones, donuts, and fruit breads; chocolate sauces, chocolate candy, cookies, confections in the nature of chocolate confections, marshmallows, fudge, jelly candies, brittle, toffee and caramel; frozen yogurt-based products, namely, parfaits also containing fruit; frozen yogurt<br>(Int'l Class: 32) |




| | | | |
|---|---|---|---|
| | | | Smoothies; fruit smoothies; fruit juices; fruit-based beverages; chilled fruit-based beverages; fruit-based frozen beverages also containing yogurt; fresh fruit based products, namely, smoothies also containing frozen yogurt<br>(Int'l Class: 35)<br>On-line and retail store services featuring fresh fruit products, namely, fruit cut into shapes and arranged in containers as floral designs, fruit salads, processed fruits…chocolate sauces, chocolate candy, cookies, baked goods, confections |

All of Edible's U.S. trademark registrations are valid and subsisting and *prima facie* evidence of Edible's exclusive right to use the marks for the goods and services specified in the registrations. Furthermore, several of the registrations for the EDIBLE Marks have obtained incontestable status under US Trademark Law pursuant to the provisions of 15 USC §1065. *See Caterpillar Inc. v. Big Cat Energy Corp.*, No. 77618417, 2014 WL 4641791, at *6 (Sept. 3, 2014) (Finding standing where Caterpillar had numerous valid and subsisting registrations for its CAT marks and had established use of those marks in connection with a wide range of products and services). Additionally, Edible's priority in the EDIBLE Marks long predates the Applicant's filing date for the Protested Application of May 26, 2018. *See Toro Co. v. ToroHead Inc.,* 61 USPQ2d 1164, 1167 (TTAB 2001); *King Candy Co. v. Eunice King's Kitchen,* 496 F.2d 1400, 182 USPQ 108 (CCPA 1974) ("Priority is not an issue with respect to Opposer's pleaded registrations").

Section 2(d) of the Lanham Act, 15 U.S.C. §1052(d), provides in relevant part for refusal of registration of a mark that consists of or comprises a mark which so resembles a registered mark as to be likely, when used on or in connection with goods of the applicant, to cause confusion. Edible respectfully submits that there are significant and irrefutable grounds for refusing registration of the Protested Application based on a likelihood of confusion with Edible's EDIBLE Marks. Specifically, the EDIBLE Marks and the EDIBLE WEED word mark are nearly identical in sight, sound, and meaning. Both the EDIBLE Marks and the EDIBLE WEED mark feature the identical, dominant, and distinctive element EDIBLE. *See Giant Food, Inc. v. Nation's FoodService, Inc.*, 710 F.2d 1565, 218 USPQ 390, 395 (Fed. Cir. 1983); *Keebler Co. v. Murray Bakery Prods.*, 866 F.2d 1386, 9 USPQ2d 1736, 1739-40 (Fed. Cir. 1989) (holding that it is proper to give less weight to weaker portion of marks). Thus, consumers are likely to believe that EDIBLE WEED is merely a variation of the EDIBLE Marks. *See Big Cat*, 2014 WL 4641791, at *16 (potential consumers will consider the BIG CAT mark as merely a variation of Opposer's famous CAT marks).

Additionally, the goods covered by the EDIBLE WEED and Design mark are closely related to the goods covered by Edible's EDIBLE Marks. The Applicant proposes to register the




EDIBLE WEED and Design mark in connection with "candy, cookies, and baked goods" in Class 30. The goods and services covered by Edible's applications and registrations for the EDIBLE Marks specifically include a variety of baked goods, candies, and confections. Goods need not be identical or even competitive to support a finding of likelihood of confusion. *See On-line Careline Inc. v. Ant. Online Inc.,* 229 F.3d 1080, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000). The respective goods need only be "related in some manner and/or the circumstances surrounding their marketing [be] such that they could give rise to the mistaken belief that [the goods] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC,* 101 USPQ2d at 1722 (quoting *7-Eleven Inc. v. Wechsler,* 83 USPQ2d 1715, 1724 (T.T.A.B. 2007)).

In this case, not only are the goods and services under the EDIBLE Marks and the EDIBLE WEED and Design mark related, but they are identical or nearly identical in some instances and will be offered in the same trade channels. Given the fame of the EDIBLE Marks as set forth hereinafter, and the similarity of the goods and services offered under both the EDIBLE and EDIBLE WEED and Design marks, the consuming public is likely to be confused into believing the goods identified by the EDIBLE WEED and Design mark are sold by Edible or that such goods originate with or are in some way connected to Edible in violation of 15 U.S.C. §§ 1052(d) and 1125(a). *See Recot Inc. v. M.G. Becton,* 214 F.3d 1322, 54 USPQ2d 1894 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.,* 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *General Mills Inc. v. Fage Dairy Processing Indus. SA,* 100 USPQ2d 1584, 1597 (T.T.A.B. 2011).

The EDIBLE Marks are famous and entitled to significant protection. Edible is a U.S.-based franchising business that specializes in fresh fruit arrangements and offers a wide variety of food and gift options. Now in its 20th year of business, Edible provides its fresh fruit and confectionary arrangements through its 1,300+ independently-owned franchise locations. Since its founding in 1999 in East Haven, Conn., Edible has been recognized as an industry leader, ranking first in its category in *Entrepreneur* magazine's annual "Franchise 500," *Entrepreneur's* Top 40 of "Fastest Growing Franchises" and "America's Top Global Franchises" as well as being included among the "*Inc.* 5000" list of the fastest growing privately-held companies. Edible is known for providing outstanding customer service and delicious treats arranged in beautiful and creative designs under the EDIBLE Marks. Edible customers reside throughout the country, and its valuable goodwill extends throughout the world. Evidence of the fame of the Edible Mark is attached as **Exhibit B**.

When present, the fame of a mark is "a dominant factor in the likelihood of confusion analysis . . . independent of the consideration of the relatedness of the goods." *Recot*, 214 F.3d at 1328, 54 USPQ2d at 1898; *L'Oreal S.A. v. Marcon*, 102 USPQ2d 1434, 1438 (T.T.A.B. 2012) (noting that "a finding that a mark enjoys significant fame expands the scope of protection which might be accorded a lesser-known mark."). Given the fame of the EDIBLE Marks, and that the EDIBLE Marks and the EDIBLE WEED mark are nearly identical and identify identical goods and services, we respectfully submit that the EDIBLE WEED mark creates a likelihood of confusion with the EDIBLE Marks and should be refused registration.

Further, the EDIBLE WEED mark dilutes and blurs the distinctiveness of, and tarnishes the unblemished and wholesome reputation consumers associate with, the EDIBLE Marks. The



Federal Trademark Dilution Act defines dilution as "the lessening of the capacity of a famous mark to identify and distinguish good or services …." and defines tarnishment as an "association arising from the similarity between a mark ... and a famous mark that harms the reputation of the famous mark." 15 U.S.C. § 1125. "[T]o prevail on a dilution claim ..., a plaintiff must show that: (1) it owns a famous mark that is distinctive; (2) the defendant is using a mark in commerce that allegedly dilutes the plaintiff's famous mark; (3) the defendant's use of its mark began after the plaintiff's mark became famous; and (4) the defendant's use of its mark is likely to cause dilution by blurring ...." *Coach Servs. Inc.* 101 USPQ2d at 1723-24. For dilution purposes, "a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." Section 43(c)(2)(A) of the Act, 15 U.S.C. § 1125(c)(2)(A).

In determining whether a mark or trade name is likely to cause dilution by blurring, the Board may consider all relevant factors, including the following:

i. The degree of similarity between the mark or trade name and the famous mark.

ii. The degree of inherent or acquired distinctiveness of the famous mark.

iii. The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark.

iv. The degree of recognition of the famous mark.

v. Whether the user of the mark or trade name intended to create an association with the famous mark.

vi. Any actual association between the mark or trade name and the famous mark.

15 U.S.C. §1125(c)(2)(B)(i)-(vi)

The EDIBLE WEED mark will dilute the EDIBLE Marks because: (i) EDIBLE WEED is nearly identical in appearance and sound to EDIBLE, (ii) Edible owns numerous trademark registrations for the EDIBLE Marks, several of which have attained incontestability, (iii) Edible is the exclusive user of the EDIBLE Marks, (iv) the EDIBLE Marks are famous and acquired this fame long prior to the application filed for the EDIBLE WEED mark, and (v) with infinite choices available, the choice of a mark with the dominant feature EDIBLE for the EDIBLE WEED mark for identical or nearly identical goods and services to those of Edible confirms that the owner of the Protested Application intended to trade on the fame of the EDIBLE Marks.

Moreover, the EDIBLE WEED and Design mark will tarnish the wholesome reputation that Edible has built in its business. The EDIBLE WEED and Design mark clearly resembles that of a marijuana leaf, giving the impression that the goods identified by the mark will likely be infused with cannabis. Edible does not even use preservatives in its fruit arrangements, much less controlled substances that the federal government maintains are illegal. Any association that the consuming public attributes between the EDIBLE and EDIBLE WEED marks will surely harm the reputation of the EDIBLE Marks, and such an association is highly likely given the similarities between the marks and the goods offered thereunder.



The likelihood of confusion and dilution caused by the registration of the EDIBLE WEED mark will result in irreparable harm to the EDIBLE Marks. As such, we respectfully request that this Letter of Protest be granted and registration of the EDIBLE WEED mark refused.

Sincerely,

TROUTMAN SANDERS LLP

Courtney A. Thornton