EXHIBIT F

| | |
|---|---|
| **To:** | MC Brands, LLC (chiipmail@gtlaw.com) |
| **Subject:** | U.S. Trademark Application Serial No. 88636987 - INCREDIBLES - 180818.TBD |
| **Sent:** | April 10, 2020 04:54:26 PM |
| **Sent As:** | ecom124@uspto.gov |
| **Attachments:** | Attachment - 1<br>Attachment - 2<br>Attachment - 3<br>Attachment - 4<br>Attachment - 5<br>Attachment - 6<br>Attachment - 7<br>Attachment - 8<br>Attachment - 9<br>Attachment - 10 |

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 88636987

**Mark:**
INCREDIBLES

**Correspondence Address:**
ERIC J. MAIERS
GREENBERG TRAURIG, LLP
77 W. WACKER DRIVE
SUITE 3100
CHICAGO, IL 60601

**Applicant:** MC Brands, LLC

**Reference/Docket No.** 180818.TBD

**Correspondence Email Address:**

chiipmail@gtlaw.com

## NONFINAL OFFICE ACTION

The USPTO must receive applicant's response to this letter within six months of the issue date below or the application will be **abandoned**. Respond using the Trademark Electronic Application System (TEAS). A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:**  **April 10, 2020**

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issues below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

*SUMMARY OF ISSUES:*
- Search of Office's Database of Marks – Application Not Entitled to Register Due to Possible Likelihood of Confusion with Marks in Prior Pending Applications
- Prior Pending Advisory
- Trademark Action Section 1 and 45 Refusal - FDCA Refusal
- Identification of Services Requirement

*SEARCH OF USPTO DATABASE OF MARKS*

The trademark examining attorney searched the USPTO database of registered and pending marks and found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02. However, marks in prior-filed pending applications may present a bar to registration of applicant's mark.

## PRIOR-FILED APPLICATIONS

The filing dates of pending U.S. Application Serial Nos. 88479932 (INCREDIBLE EDIBLES), 88691243 (INCREDIBLE EDIBLES), 88691231 (INCREDIBLE EDIBLES), 88479927 (INCREDIBLE EDIBLE), and 88479919 (INCREDIBLE) precede applicant's filing date. See attached referenced applications. If one or more of the marks in the referenced applications register, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion with the registered mark(s). *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced applications.

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the marks in the referenced applications. Applicant's election not to submit arguments at this time in no way limits applicant's right to address this issue later if a refusal under Section 2(d) issues.

However, the applicant must respond to address the following refusal.

## TRADEMARK ACT SECTIONS 1 AND 45 REFUSAL – FDCA REFUSAL
THIS PARTIAL REFUSAL APPLIES TO CLASS 5 ONLY

The stated refusal refers to International Class 5 only and does not bar registration in the other class.

Registration is refused because the applied-for mark is not in lawful use in commerce. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; *see* TMEP §907. The goods to which the mark is applied must comply with all applicable federal laws. *See In re Brown*, 119 USPQ2d 1350, 1351 (TTAB 2016) (citing *In re Midwest Tennis & Track Co.*, 29 USPQ2d 1386, 1386 n.2 (TTAB 1993) (noting that "[i]t is settled that the Trademark Act's requirement of 'use in commerce,' means a 'lawful use in commerce'")); *In re Pepcom Indus., Inc.*, 192 USPQ 400, 401 (TTAB 1976); TMEP §907.

This refusal issues when "(1) a violation of federal law is indicated by the application record or other evidence, such as when a court or a federal agency responsible for overseeing activity in which the applicant is involved, and which activity is relevant to its application, has issued a finding of noncompliance under the relevant statute or regulation, or (2) when the applicant's application-relevant activities involve a *per se* violation of a federal law." *In re Brown*, 119 USPQ2d at 1351 (citing *Kellogg Co. v. New Generation Foods Inc.*, 6 USPQ2d 2045, 2047 (TTAB 1988); *Santinine Societa v. P.A.B. Produit*s, 209 USPQ 958, 964 (TTAB 1981)); TMEP §907.

The items or activities listed in the application for which use of the mark is alleged involve a *per se* violation of federal law. *See In re Brown*, 119 USPQ2d at 1352. The Federal Food, Drug, and Cosmetic Act (FDCA) prohibits the introduction or delivery for introduction into interstate commerce of a food to which has been added a drug approved under Section 355 of the Act or a biological product licensed under 42 U.S.C. §262. 21 U.S.C. §331(ll); *see also* 21 U.S.C. §321(ff) (indicating that a dietary supplement is deemed to be a food within the meaning of the FDCA and does not include an article that is approved as a new drug under 21 U.S.C. §355, certified as an antibiotic under 21 U.S.C. §357, or licensed as a biologic under 42 U.S.C. §262).

Cannabidiol (CBD), a chemical constituent of the cannabis plant, was the subject of substantial clinical investigations before it was marketed in foods or as dietary supplements. On June 25, 2018, the U.S. Food and Drug Administration (FDA) approved the first prescription pharmaceutical formulation of plant-derived CBD, Epidiolex®, for the treatment of two rare forms of epilepsy, Lennox-Gastaut syndrome and Dravet syndrome.

The Drug Enforcement Administration (DEA) placed Epidiolex® on schedule V of the CSA on September 27, 2018. Nevertheless, marijuana and CBD derived from marijuana remain unlawful. No other cannabis-derived drug products have been approved by the FDA. Under the FDCA, any product intended to have a therapeutic or medical use, and any product (other than a food) that is intended to affect the structure or function of the body of humans or animals, is a drug. 21 U.S.C. § 321(g)(1) An unapproved new drug cannot be distributed or sold in interstate commerce unless it is the subject of an FDA-approved new drug application (NDA) or abbreviated new drug application (ANDA). 21 U.S.C. §§ 331(d) and 355(a), (b), & (j); *see also FDA Regulation of Cannabis and Cannabis-Derived Products: Questions and Answers* https://www.fda.gov/news-events/public-health-focus/fda-regulation-cannabis-and-cannabis-derived-products-questions-and-answers copy attached.

In the present case, the application identifies applicant's goods as follows: Medicinal herbal preparations containing industrial hemp seed oil and cannabidiol, derived directly from "hemp" as defined in the 2018 Farm Bill, which contains less than 0.3% THC.

It is unlawful to introduce food to which CBD, an "article that is approved as a new drug," has been added into interstate commerce or to market CBD as, or in, dietary supplements, regardless of whether the substances are hemp-derived. 21 U.S.C. §§321(ff)(3)(B)(ii), 331(d), 355(a); see also 21 U.S.C. §352(f)(1) regarding mislabeled drugs. *See also Statement from FDA Commissioner Scott Gottlieb, M.D., on signing of the Agriculture Improvement Act and the agency's regulation of products containing cannabis and cannabis-derived compounds.* https://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm628988.htm *copy attached.* Therefore, the applicant's limitation statement indicating that the CBD included in the applicant's goods is 2018 Farm Bill Compliant, or derived from hemp containing less than .3% tetrahyrocannabinol (THC) does not obviate this refusal.

In order for an application to have a valid basis that could properly result in a registration, the use of the mark has to be lawful. *See In re Pepcom Indus., Inc.*, 192 USPQ 400, 401 (TTAB 1976) Accordingly, because applicant's goods and/or services consist of or include items or activities that are a *per se* violation of federal law, the applied-for mark as used in connection with such goods and/or services is not in lawful use in commerce.

Applicant may respond to the stated refusal by submitting evidence and arguments against the refusal. In addition, applicant may respond by doing one of the following:

(1) Deleting the classes to which the refusal pertains;

(2) Filing a Request to Divide Application form (form #3) to divide out the goods and/or services that have not been refused registration, so that the mark may proceed toward publication for opposition in the class to which the refusal does not pertain. *See* 37 C.F.R. §2.87. *See generally* TMEP §§1110 *et seq.* (regarding the requirements for filing a request to divide). If applicant files a request to divide, then to avoid abandonment, applicant must also file a timely response to all outstanding issues in this Office action, including the refusal. 37 C.F.R. §2.87(e).; or

(3) Amending the basis for such classes, if appropriate. TMEP §806.03(h). (The basis cannot be changed for applications filed under Trademark Act Section 66(a). TMEP §1904.01(a).)

## IDENTIFICATION OF SERVICES

Applicant must clarify some of the wording in the identification of services for International Class 41 because it is indefinite or overbroad. *See* 37 C.F.R. §2.32(a)(6); TMEP §1402.01,1402.03.

Specifically, the wording "Educational and entertainment services, namely, providing a website featuring current events and vlogs featuring non-downloadable videos, non-downloadable articles, non-downloadable-videos, and blogs featuring information relating to cannabis focused on news, law, and health" includes wording that makes the information featured on the website unclear.

Applicant may adopt the following identification, if accurate:

Class 41: Educational and entertainment services, namely, providing a website featuring current events and vlogs **in the nature of** non-downloadable videos, non-downloadable articles, non-downloadable-videos, and blogs featuring information relating to cannabis focused on news, law, and health

Applicant may amend the identification to clarify or limit the services, but not to broaden or expand the services beyond those in the original application or as acceptably amended. *See* 37 C.F.R. §2.71(a); TMEP §1402.06. Generally, any deleted services may not later be reinserted. *See* TMEP §1402.07(e).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.

*Acceptable Identification of Goods and Services Manual*.  *See* TMEP §1402.04.

*Response Guidelines*

Please call or email the assigned trademark examining attorney with questions about this Office action.  Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action.  *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record.  *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.


**How to respond.   Click to file a response to this nonfinal Office action.**


/Alexandra El-Bayeh/
Trademark Examining Attorney
Law Office 124
(571) 270-5911
alexandra.el-bayeh@uspto.gov


## RESPONSE GUIDANCE

- **Missing the response deadline to this letter will cause the application to abandon.**  A response or notice of appeal must be received by the USPTO before midnight **Eastern Time** of the last day of the response period.  TEAS and ESTTA maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.**  If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant.  If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

Print: Apr 10, 2020          88479927

**DESIGN MARK**

**Serial Number**
88479927

**Status**
NOTICE OF ALLOWANCE - ISSUED

**Word Mark**
INCREDIBLE EDIBLE

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Edible IP, LLC LIMITED LIABILITY COMPANY CONNECTICUT 980 Hammond Drive, Suite 1000 Atlanta GEORGIA 30328

**Goods/Services**
Class Status -- ACTIVE. IC 005. US 006 018 044 046 051 052. G & S: Dietary and nutritional supplements; nutritional supplement energy bars.

**Filing Date**
2019/06/19

**Examining Attorney**
HAYES, GINA

**Attorney of Record**
Courtney Adams Thornton

# INCREDIBLE EDIBLE

Print: Apr 10, 2020                                88691231

### DESIGN MARK

**Serial Number**
88691231

**Status**
NEW APPLICATION - ASSIGNED TO EXAMINER

**Word Mark**
INCREDIBLE EDIBLES

**Standard Character Mark**
No

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
Edible IP, LLC LIMITED LIABILITY COMPANY CONNECTICUT 980 Hammond Drive, Suite 1000 Atlanta GEORGIA 30328

**Goods/Services**
Class Status -- ACTIVE. IC 005. US 006 018 044 046 051 052. G & S: Dietary and nutritional supplements; nutritional supplement energy bars; all of the aforementioned with or without naturally occurring CBD.

**Description of Mark**
The mark consists of a hexagon with rounded angles in gold with a black outline of a circle in the top left portion and two black outlines of ovals with the bottom portions overlapping in the center portion of the hexagon. Underneath the overlapping ovals and in the lower half of the hexagon are the words INCREDIBLE edibles in black font.

**Colors Claimed**
The color(s) gold and black is/are claimed as a feature of the mark.

**Filing Date**
2019/11/13

**Examining Attorney**
WILLIS, PAM

**Attorney of Record**

Courtney Adams Thornton

Print: Apr 10, 2020                                     88479932

**DESIGN MARK**

**Serial Number**
88479932

**Status**
NOTICE OF ALLOWANCE - ISSUED

**Word Mark**
INCREDIBLE EDIBLES

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Edible IP, LLC LIMITED LIABILITY COMPANY CONNECTICUT 980 Hammond Drive, Suite 1000 Atlanta GEORGIA 30328

**Goods/Services**
Class Status -- ACTIVE. IC 005. US 006 018 044 046 051 052. G & S: Dietary and nutritional supplements; nutritional supplement energy bars.

**Filing Date**
2019/06/19

**Examining Attorney**
HAYES, GINA

**Attorney of Record**
Courtney Adams Thornton

-1-



Print: Apr 10, 2020                              88479932

## DESIGN MARK

**Serial Number**
88479932

**Status**
NOTICE OF ALLOWANCE - ISSUED

**Word Mark**
INCREDIBLE EDIBLES

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Edible IP, LLC LIMITED LIABILITY COMPANY CONNECTICUT 980 Hammond Drive, Suite 1000 Atlanta GEORGIA 30328

**Goods/Services**
Class Status -- ACTIVE. IC 005. US 006 018 044 046 051 052. G & S: Dietary and nutritional supplements; nutritional supplement energy bars.

**Filing Date**
2019/06/19

**Examining Attorney**
HAYES, GINA

**Attorney of Record**
Courtney Adams Thornton

# INCREDIBLE EDIBLES

Print: Apr 10, 2020                              88479919

## DESIGN MARK

**Serial Number**
88479919

**Status**
SUSPENSION LETTER - MAILED

**Word Mark**
INCREDIBLE

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Edible IP, LLC LIMITED LIABILITY COMPANY CONNECTICUT 980 Hammond Drive, Suite 1000 Atlanta GEORGIA 30328

**Goods/Services**
Class Status -- ACTIVE. IC 005. US 006 018 044 046 051 052. G & S: Dietary and nutritional supplements; nutritional supplement energy bars.

**Filing Date**
2019/06/19

**Examining Attorney**
HAYES, GINA

**Attorney of Record**
Courtney Adams Thornton

-1-

# INCREDIBLE

| | |
|---|---|
| **To:** | MC Brands, LLC (chiipmail@gtlaw.com) |
| **Subject:** | U.S. Trademark Application Serial No. 88636987 - INCREDIBLES - 180818.TBD |
| **Sent:** | April 10, 2020 04:54:27 PM |
| **Sent As:** | ecom124@uspto.gov |
| **Attachments:** | |

**United States Patent and Trademark Office (USPTO)**

**USPTO OFFICIAL NOTICE**

Office Action (Official Letter) has issued
on **April 10, 2020** for
**U.S. Trademark Application Serial No. 88636987**

Your trademark application has been reviewed by a trademark examining attorney. As part of that review, the assigned attorney has issued an official letter that you must respond to by the specified deadline or your application will be abandoned. Please follow the steps below.

**(1) Read the official letter.**

**(2) Direct questions** about the contents of the Office action to the assigned attorney below.

/Alexandra El-Bayeh/
Trademark Examining Attorney
Law Office 124
(571) 270-5911
alexandra.el-bayeh@uspto.gov

Direct questions about navigating USPTO electronic forms, the USPTO website, the application process, the status of your application, and/or whether there are outstanding deadlines or documents related to your file to the Trademark Assistance Center (TAC).

**(3) Respond within 6 months** (or earlier, if required in the Office action) from **April 10, 2020**, using the Trademark Electronic Application System (TEAS). The response must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. See the Office action for more information about how to respond

## GENERAL GUIDANCE

- **Check the status of your application periodically** in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

- **Update your correspondence email address**, if needed, to ensure you receive important USPTO notices about your application.

- **Beware of misleading notices sent by private companies about your application.** Private companies not associated with the USPTO use public information available in trademark registrations to mail and email trademark-related offers and notices – most of which require fees. All **official USPTO correspondence** will only be **emailed from the domain "@uspto.gov."**