## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC, | ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | No. 20 C 5840 |
| v. | ) ) | Judge Sara L. Ellis |
| MC BRANDS, LLC; and GREEN THUMB INDUSTRIES INC., | ) ) ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## ORDER

The Court taxes $21,674.05 in costs in favor of Defendants MC Brands, LLC and Green Thumb Industries Inc. and against Plaintiffs Edible IP, LLC and Edible Arrangements LLC. See Statement.

## STATEMENT

Edible IP, LLC and Edible Arrangements LLC (collectively, "Edible") filed this trademark infringement and unfair competition case against MC Brands, LLC and Green Thumb Industries Inc. (collectively, "GTI"), arguing that GTI infringed Edible's registered and common law "Edible" and "Incredible Edible" trademarks. GTI responded by filing counterclaims, and the parties engaged in extensive discovery before Edible moved to voluntarily dismiss the case without prejudice in December 2022. Ultimately, the parties entered into a stipulation of dismissal by which Edible agreed to the dismissal of its claims with prejudice and GTI to the dismissal of its counterclaims without prejudice. GTI moved for an award of attorney's fees under 15 U.S.C. § 1117(a), which the Court denied, finding the case did not qualify as exceptional. Doc. 140. As the prevailing party, GTI also filed a bill of costs, seeking to recover $42,231.82 pursuant to Federal Rule of Civil Procedure 54(d)(1). Edible filed an objection to GTI's request.

Federal Rule of Civil Procedure 54(d) states that unless a federal statute, the Federal Rules, or the Court provides otherwise, costs should be allowed to the prevailing party in a litigation. Pursuant to 28 U.S.C. § 1920, the Court may tax as costs potentially recoverable fees certain fees, including those for service of summons and subpoenas, "transcripts necessarily obtained for use in the case," witness fees, and exemplification costs. Although the prevailing party is presumptively entitled to costs, *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005), it has the burden of establishing the reasonableness and necessity of its potentially recoverable costs, *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If the prevailing party satisfies that burden, the losing party bears the burden of showing that the

costs are inappropriate. *Beamon*, 411 F.3d at 864. The Court enjoys "wide discretion in determining and awarding reasonable costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

Edible argues that GTI has not sufficiently substantiated its request, failing to show the reasonableness and necessity of many of the expenses, or even how it calculated the costs. It also contends that GTI's requested transcript costs exceed those allowable based on the Judicial Conference rates in effect at the time of the depositions. The Court provided GTI with the opportunity to file a reply, but GTI chose not to do so. With the request for costs ripe for review, then, the Court considers each requested category of costs in turn.

## I. Service of Summons and Subpoenas

First, GTI seeks $5,774.04 for service of summons and subpoena.[1] This consists of the costs to serve eighteen subpoenas, as well as four charges for additional affidavits. Although the prevailing party may recover costs for service of a subpoena, the amount is limited to that charged by the U.S. Marshal's Service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The U.S. Marshal's Service charges $65 per hour plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Because GTI has not explained the breakdown of each of the service charges, the Court reduces each requested service cost to $65, for a recoverable total of $1,170. The Court declines to award costs for the additional affidavits, as GTI has failed to provide any explanation as to the meaning or necessity of these charges. *See Gilbert v. City of Chicago*, No. 08 CV 4698, 2010 WL 3087453, at *2 (N.D. Ill. Aug. 4, 2010) (declining to award costs for a line item for which the defendants "failed to meet their burden on [establishing] what the [line item] is").

## II. Transcript Costs

GTI next seeks $36,253.13 in transcript costs.[2] Section 1920(2) allows GTI to recover fees for transcripts necessarily obtained for use in the case, but it limits the recoverable cost to the regular copy rate established by the Judicial Conference of the United States in effect at the time the transcript or deposition was filed unless another rate was previously provided for by order of the court. N.D. Ill. LR 54.1(b). At the time GTI obtained the transcripts, the regular copy rate was $3.65 per page for an original transcript and $0.90 per page for a copy. *See* N.D. Ill. General Order 23-0015, https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/admin/pdf-orders/TRANSCRIPT%20RATES.pdf. Recoverable court reporter appearance fees may not exceed the published rates of $110 per half day (four hours or less) or $220 for a full day. *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates.

---

[1] The Court cannot replicate GTI's calculation to reach this requested amount. Using the invoices provided by GTI in Exhibit 1 to its bill of costs, Doc. 130-1, and subtracting out the witness fees listed in those invoices, which GTI has separately accounted for in the line for witness fees, the Court arrives at $5,756.10.

[2] Again, the Court's calculation based on the invoices GTI submitted, $35,325.19, does not match the amount requested by GTI.

Because GTI's requested costs for deposition transcript copies and attendance fees in many cases exceed the maximum allowed, the Court reduces GTI's requests accordingly. GTI also seeks to recover for rough drafts and realtime feeds for certain depositions. But the Court declines to tax these costs because GTI has not provided any explanation for the need for the rough drafts or realtime feeds. *See Springer v. Ethicon, Inc.*, No. 17 C 3930, 2018 WL 1453553, at *15 (N.D. Ill. Mar. 23, 2018) (denying costs associated with realtime and rough draft transcripts where the plaintiff "made no attempt to explain why these costs are reasonable and necessary"); *Cascades Comput. Innovation, LLC v. Samsung Elecs. Co.*, No. 11 C 4574, 2016 WL 612792, at *4 (N.D. Ill. Feb. 16, 2016) (refusing to tax realtime transcription fees, noting that "real-time transcription services are a *convenience*, not a necessity, and the mere fact that the subject matter at issue was complicated is not sufficient to justify these significant expenditures"); c*f. Cage v. Harper*, No. 17-CV-7621, 2023 WL 3074354, at *5 (N.D. Ill. Apr. 25, 2023) (while noting that realtime "costs are not automatically recoverable," allowing such recovery where the realtime was used only for the most important witness' deposition). Similarly, without an explanation for the need for expediting Ben Kovler's deposition transcript, the Court will only award GTI the regular copy rate for this transcript. *See Decker v. Receivables Performance Mgmt., LLC*, No. 17 CV 4152, 2020 WL 13610564, at *2 (N.D. Ill. Jan. 30, 2020) (declining "to tax expedited rates for deposition transcripts" where the prevailing party did "not explain[ ] why [that] service[ ] [was] necessary"). With respect to court reporter attendance fees, because Somia Farid Silber's deposition lasted longer than eight hours, the Court awards costs for a full day ($220) plus a half day ($110) for that deposition only, with the remainder adjusted to reflect the amounts allowed by the Judicial Conference. *See Yates v. City of Chicago*, No. 18 C 2613, 2021 WL 6063862, at *2 (N.D. Ill. Dec. 22, 2021) (finding overtime costs recoverable for court reporter attendance before 8:00 am or after 5:00 p.m. because "it is likely that if the depositions were continued for an extra day other related and acceptable fees, such as the court reporter's appearance fee would be incurred"), *aff'd*, 58 F.4th 907 (7th Cir. 2023); *Boswell v. Envoy Air, Inc.*, No. 16 C 10480, 2019 WL 2772448, at *3 (N.D. Ill. July 2, 2019) (reducing court reporter appearance fee to $220 where deposition lasted eight hours); *Alcazar-Anselmo v. City of Chicago*, No. 07 C 5246, 2011 WL 3236024, at *9 (N.D. Ill. July 27, 2011) (declining to award court reporter overtime where attendance lasted six hours). The Court thus awards GTI $8,933.85 for deposition transcript copies and $1,210 in attendance fees.

GTI also seeks to recover $290 for hourly copies of two status hearing transcripts. GTI does not provide any explanation for the immediate need for these transcripts. *Cf. Hillmann v. City of Chicago*, No. 04 C 6671, 2017 WL 3521098, at *7 (N.D. Ill. Aug. 16, 2017) (finding costs associated with expedited pretrial conference transcript "reasonably necessary" where the trial was set to begin close in time to the pretrial conference); *Bacerott v. Smetters*, No. 12 CV 3433, 2017 WL 2800095, at *1 (N.D. Ill. Mar. 6, 2017) (allowing costs for expedited service of trial transcripts "because of the need to have the transcripts in short order to be useful for trial preparation"). Indeed, GTI ordered one of the transcripts a week after the hearing, and the other addressed the contours of Kovler's deposition, which took place over four months after that hearing. Although the Court cannot find that GTI has supported the need for hourly delivery of these transcripts, given the parties' contentious litigation history and the likely need for them to reference the Court's exact rulings in meet-and-confers, the Court exercises its discretion to

award GTI the expedited (seven-day turnaround) rate at the time, $4.85 per page. This results in an award of $194 for the two status hearing transcripts.

Next, although courts may tax costs associated with deposition exhibits, *see, e.g.*, *GC2 Inc. v. Int'l Game Tech.*, No. 16 C 8794, 2019 WL 3410223, at *5 (N.D. Ill. July 29, 2019), the Court reduces the rate to fall in line with a reasonable rate for photocopying, *see Walker-Dabner v. Dart*, No. 15-CV-0942, 2019 WL 13256095, at *2 (N.D. Ill. July 22, 2019) (allowing a charge for scanning exhibits, but reducing the rate to "the charge allowed for copies"). Courts in this district have considered photocopying rates between $0.10 and $0.20 per page reasonable. *See Hillmann*, 2017 WL 3521098, at *12 (collecting cases). Accordingly, the Court will tax the cost for scanned exhibits at a rate of $0.15 per page, resulting in $578.70 total for GTI's scanned exhibits. *See Pezl v. Amore Mio, Inc.*, No. 08 C 3993, 2015 WL 2375381, at *7 (N.D. Ill. May 13, 2015) (characterizing as reasonable a range from $0.15 to $0.165 per page for copies of documentary evidence); *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003) (finding a charge of $0.15 per page reasonable for copies of, among other things, "exhibits for depositions and trial").

The Court also allows GTI to recover the costs it incurred videotaping eight of the depositions. *See Springer*, 2018 WL 1453553, at *15 ("The Seventh Circuit has expressly held that the costs of both video-recording and stenographic transcription may be taxed to the losing party." (citation omitted) (internal quotation marks omitted)). Many of these witnesses live outside the subpoena power of the Court, and discovery took place during the COVID-19 pandemic. *See Avanzalia Solar, S.L. v. Goldwind USA, Inc.*, No. 20 C 5035, 2023 WL 5804232, at *5 (N.D. Ill. Sept. 7, 2023) (allowing recovery for video recordings of depositions where the witnesses resided outside of the subpoena power of the court and discovery took place during the COVID-19 pandemic). The Court, however, does not find it appropriate to award GTI the costs associated with "concierge tech support" for videotaping the depositions because GTI has not explained the need for such support. Therefore, removing these charges, the Court will allow GTI to recover $9,427.50 in costs associated with the video depositions.

Finally, in exercising its discretion, the Court finds the remaining expenses claimed by GTI in connection with transcripts unrecoverable: (1) delivery and handling fees, *see Brown v. Cnty. of Cook*, No. 06 C 617, 2011 WL 4007333, at *3 (N.D. Ill. Sept. 8, 2011) (delivery costs "are generally considered ordinary business expenses"); *Harkins*, 286 F. Supp. 2d at 980–81 (denying recovery for costs associated with the delivery of transcripts, which are "ordinary business expenses"); (2) litigation packages, *see Bacerott*, 2017 WL 2800095, at *1 (declining to tax the cost for a litigation package); (3) witness read and sign services; (4) exhibit packages and shares, *see Gilbert*, 2010 WL 3087453, at *2 (declining to award costs for a "CD Depo Litigation Package"); and (5) charges for virtual primary participants. Among other things, GTI has not provided explanations for these charges, and so the Court cannot find them reasonable and necessary. *See id.*

In total, the Court taxes $20,344.05 in transcript costs.

4

## III.    Witness Fees

GTI seeks $189.72 for four witnesses' attendance at depositions.  Witnesses at depositions are entitled to attendance fees for their testimony, capped at $40.00 per day, plus additional expenses for travel.  28 U.S.C. § 1821(b); *Lane v. Person*, 40 F.4th 813, 815 (7th Cir. 2022) ("[W]hen a prevailing party seeks witness fees under Rule 54 'a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary.'  Section 1821(b) limits Nelson's fee to $40 per day, and no other authority allows more." (citation omitted)).  Because GTI has not submitted any documentation to support the four witnesses' travel expenses, listing it all as an attendance fee, *see* Doc. 130 at 2, the Court caps GTI's recovery of witness fees to $160.

## IV.    Exemplification Costs

Finally, GTI seeks $14.93 in exemplification costs.  The invoice GTI submitted to substantiate this cost indicates that it incurred this expense to mail a letter from GTI counsel's Atlanta office to its Chicago office.  Doc. 130-4 at 2.  While the Seventh Circuit has indicated that § 1920 includes postage and delivery charges, *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008), without any substantiation as to the contents of the letter or the need to mail it from one of counsel's offices to another, the Court cannot determine whether the expense was reasonable and necessary or instead should be considered part of counsel's overhead expenses.  Thus, the Court declines to award GTI this requested cost.

## V.    Summary

Having taken into account the reductions discussed above, the Court taxes $21,674.05 in costs in favor of GTI and against Edible.


Date: December 13, 2023                                    /s/  Sara L. Ellis_____